**RILEY SAFER HOLMES & CANCILA LLP**
SONDRA A. HEMERYCK (*pro hac vice*)
shemeryck@rshc-law.com
ELI LITOFF (*pro hac vice*)
elitoff@rshc-law.com
STEVEN E. VOGEL (*pro hac vice*)
svogel@rshc-law.com
70 W. Madison Street, Suite 2900
Chicago, IL 60602
Telephone:    (312) 471-8700
Facsimile:    (312) 471-8701
JEFFREY R. WILLIAMS (CSB No. 084156)
jwilliams@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone:    (415) 275-8550
Facsimile:    (415) 275-8551

*Attorneys for Defendant*
UNITED AIRLINES, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC BRENMAN, AVIVA COPAKEN, SEAN MINYARD, ROBERT MONROE, and CINDY PAWLOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>Defendants. | **Case No. 3:25-cv-06995-JD**<br><br>**UNOPPOSED MOTION TO RESET CASE MANAGEMENT CONFERENCE AND ALLOW OVERLENGTH BRIEF; DECLARATION OF SONDRA A. HEMERYCK; AND [PROPOSED] ORDER**<br><br>Complaint Filed: August 19, 2025<br>Honorable Judge James Donato<br><br>Case Management Conference: November 20, 2025 at 10:00 a.m. |

Defendant United Airlines, Inc. ("Defendant"), by its attorneys Riley Safer Holmes & Cancila LLP, pursuant to Federal Rule of Civil Procedure 6(b) and L.R. 6-3, moves this Court for entry of an order: (1) resetting the Case Management Conference ("CMC") currently set for November 20, 2025 to a date after December 12, 2025, when briefing of Defendant's anticipated motion to dismiss Plaintiff's First Amended Complaint will have been completed; and (2) allowing

3:25-cv-06995-JD

Defendant to file a brief of no more than twenty pages in support of its anticipated motion to dismiss. In support of this Motion, Defendant states as follows:

1. Plaintiffs Marc Brenman and Aviva Copaken initiated this action by filing their initial Class Action Complaint on August 19, 2025 (Dkt. No. 1).

2. On August 26, 2025, the Court entered an order scheduling a Case Management Conference ("CMC") for November 20, 2025. (Dkt. No. 12).

3. On August 29, 2025, the parties stipulated pursuant to L.R. 6-1 to extend the time for Defendant to respond to Plaintiffs' initial Complaint to October 2, 2025 (Dkt. No. 15).

4. On October 2, 2025, Defendant filed its Motion to Dismiss Plaintiffs' Complaint (Dkt. No. 23).

5. On October 15, 2025, Plaintiffs filed their First Amended Class Action Complaint ("FAC") (Dkt. No. 24).

6. The FAC adds three new named Plaintiffs, adds multiple new factual allegations, reframes two of the asserted causes of action, and adds a new cause of action not previously pled.

7. On October 17, 2025, Defendant's counsel advised Plaintiffs' counsel via email that Defendant intends to move to dismiss the FAC. Defendant's counsel also suggested that, given Defendant's intention to file a motion to dismiss, the parties should request that the Court reset the November 20, 2025 CMC, as briefing of the motion to dismiss would not be completed by that date. In addition, due to the difficulties presented by the schedules of Defendant's lead counsel in this action, Defendant's counsel sought Plaintiffs' agreement to an extension of Defendant's deadline to respond to the FAC.

8. On October 23, 2025, after further conferring via email and telephone, the parties filed a joint stipulation and request for order pursuant to L.R. 6-2 to (1) extend the time for Defendant to respond to the FAC and (2) set a schedule for the briefing of Defendant's forthcoming motion to dismiss, as follows:

- Defendant's deadline to respond to the FAC to be extended to November 10, 2025;

- Plaintiffs to respond to Defendant's motion to dismiss the FAC on or before December

-2-        3:25-cv-06995-JD

5, 2025; and

- Defendant to file a reply in support of its motion to dismiss on or before December 12, 2025.

(Dkt. No. 25).

9.    Because briefing of Defendant's forthcoming motion to dismiss the FAC will not be completed until after November 20, 2025, Defendant submits that, to conserve the resources of the Court and the parties, and to ensure the CMC is as efficient and productive as possible, the CMC should be reset to a date after completion of the briefing of the motion to dismiss, when both the parties and the Court will be in a better position to discuss the issues for the conference.

10.    If Plaintiffs had responded to Defendant's motion to dismiss the original Complaint rather than filing the FAC, the existing motion to dismiss would have been briefed by October 23, 2025 and heard by the Court on November 6, 2025—well before the November 20, 2025 CMC. Resetting the CMC to a date after briefing of Defendant's forthcoming motion to dismiss the FAC has been completed will be consistent with the structure of the current schedule.

11.    Therefore, there is good cause to reset the CMC to a date after December 12, 2025, when the parties will have fully briefed Defendant's motion to dismiss the FAC.

12.    The CMC has not previously been continued.

13.    Plaintiffs do not oppose this request to reset the CMC.

14.    In addition, Defendant requests an order allowing it to file a brief of twenty pages, rather than the fifteen provided by the Court's Standing Order for Civil Cases, so that it can properly present to the Court the arguments for dismissal of the FAC.

15.    Although Defendant was able to limit to fifteen pages the brief it filed in support of its motion to dismiss the original Complaint, the FAC adds three new plaintiffs and multiple new factual allegations. Defendant requests an enlargement of the Court's 15-page limit to enable Defendant to fully address these new allegations and the claims asserted by the additional plaintiffs.

16.    Therefore, there is good cause for entry of an order allowing Defendant to file a brief of no more than twenty pages in support of its forthcoming motion to dismiss.

-3-        3:25-cv-06995-JD

17.     Plaintiffs do not oppose this request to enlarge the page limit for Defendant's opening brief.

WHEREFORE, Defendant respectfully requests that this Court grant its Unopposed Motion and enter an order (1) resetting the CMC to a date after December 12, 2025; and (2) allow Defendant to file a brief of no more than twenty pages in support of its forthcoming motion to dismiss the FAC.

A proposed order is submitted herewith.

Dated: October 27, 2025                    RILEY SAFER HOLMES & CANCILA LLP

By: */s/ Sondra A. Hemeryck*

Sondra A. Hemeryck (*pro hac vice*)
Eli Litoff (*pro hac vice*)
Steven E. Vogel (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602
Telephone: (312) 471-8700
Facsimile:  (312) 471-8701
shemeryck@rshc-law.com
elitoff@rshc-law.com
svogel@rshc-law.com

Jeffrey R. Williams (CSB No. 084156)
RILEY SAFER HOLMES & CANCILA LLP
jwilliams@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone:(415) 275-8550
Facsimile: (415) 275-8551

*Attorneys for Defendant*,
UNITED AIRLINES, INC.

-4-          3:25-cv-06995-JD

UNOPPOSED MOTION TO RESET CASE MANAGEMENT CONFERENCE AND ALLOW OVERLENGTH
BRIEF; DECLARATION OF SONDRA A. HEMERYCK; AND [PROPOSED] ORDER

## DECLARATION OF SONDRA A. HEMERYCK

I, Sondra A. Hemeryck, declare as follows:

1. I am an attorney admitted *pro hac vice* to practice before this Court. I am a partner at the law firm of Riley Safer Holmes & Cancila LLP, attorneys of record for Defendant United Airlines, Inc. I submit this declaration pursuant to Civil Local Rule 6-3(a) in support of United's Unopposed Motion to Reset Case Management Conference and Allow Overlength brief.

2. The Unopposed Motion requests an order changing time that would affect the date of a deadline already fixed by Court order. The reasons for the requested enlargement of time are as follows.

3. Plaintiffs Marc Brenman and Aviva Copaken initiated this action by filing their initial Class Action Complaint on August 19, 2025 (Dkt. No. 1).

4. On August 26, 2025, the Court entered an order scheduling a Case Management Conference ("CMC") for November 20, 2025. (Dkt. No. 12).

5. On August 29, 2025, the parties stipulated pursuant to L.R. 6-1 to extend the time for Defendant to respond to Plaintiffs' initial Complaint to October 2, 2025 (Dkt. No. 15).

6. On October 2, 2025, Defendant filed its Motion to Dismiss Plaintiffs' Complaint (Dkt. No. 23).

7. On October 15, 2025, Plaintiffs filed their First Amended Class Action Complaint ("FAC") (Dkt. No. 24).

8. The FAC adds three new named Plaintiffs, adds multiple new factual allegations, reframes two of the asserted causes of action, and adds a new cause of action not previously pled.

9. On October 17, 2025, Defendant's counsel advised Plaintiffs' counsel via email that Defendant intends to move to dismiss the FAC. Defendant's counsel also suggested that, given Defendant's intention to file a motion to dismiss, the parties should request that the Court reset the November 20, 2025 CMC, as briefing of the motion to dismiss would not be completed by that date. In addition, due to the difficulties presented by the schedules of Defendant's lead counsel in this action, Defendant's counsel sought Plaintiffs' agreement to an extension of Defendant's

-5-         3:25-cv-06995-JD

deadline to respond to the FAC.

10.   On October 23, 2025, after further conferring via email and telephone, the parties filed a joint stipulation and request for order pursuant to L.R. 6-2 to (1) extend the time for Defendant to respond to the FAC and (2) set a schedule for the briefing of Defendant's forthcoming motion to dismiss, as follows:

- Defendant's deadline to respond to the FAC to be extended to November 10, 2025;
- Plaintiffs to respond to Defendant's motion to dismiss the FAC on or before December 5, 2025; and
- Defendant to file a reply in support of its motion to dismiss on or before December 12, 2025.

(Dkt. No. 25).

11.   Because briefing of Defendant's forthcoming motion to dismiss the FAC will not be completed until after November 20, 2025, Defendant submits that, to conserve the resources of the Court and the parties,  and to ensure the CMC is as efficient and productive as possible, the CMC should be reset to a date after completion of the briefing of the motion to dismiss, when both the parties and the Court will be in a better position to discuss the issues for the conference.

12.   If Plaintiffs had responded to Defendant's motion to dismiss the original Complaint rather than filing the FAC, the existing motion to dismiss would have been briefed by October 23, 2025 and heard by the Court on November 6, 2025—well before the November 20, 2025 CMC. Resetting the CMC to a date after briefing of Defendant's forthcoming motion to dismiss the FAC has been completed will be consistent with the structure of the current schedule.

13.   Therefore, there is good cause to reset the CMC to a date after December 12, 2025, when the parties will have fully briefed Defendant's motion to dismiss the FAC.

14.   The CMC has no previously been continued.

15.   Plaintiffs do not oppose this request to reset the CMC.

16.   In addition, Defendant requests an order allowing it to file a brief of twenty pages in support of its forthcoming motion to dismiss the FAC, rather than the fifteen provided by the

Court's Standing Order for Civil Cases, so that it can properly present to the Court the arguments for dismissal of the FAC.

17.     Although Defendant was able to limit to fifteen pages the brief it filed in support of its motion to dismiss the original Complaint, the FAC adds three new plaintiffs and multiple new factual allegations. Defendant requests an enlargement of the Court's 15-page limit to enable Defendant to fully address these new allegations and the claims asserted by the additional plaintiffs.

18.     Therefore, there is good cause for entry of an order allowing Defendant to file a brief of no more than twenty pages in support of its forthcoming motion to dismiss.

19.     Plaintiffs do not oppose this request to enlarge the page limit for Defendant's opening brief.

I declare under penalty of perjury under the laws that the foregoing is true and correct.

Executed October 27, 2025, at Chicago, Illinois.


By: */s/ Sondra A. Hemeryck*

Sondra A. Hemeryck

UNOPPOSED MOTION TO RESET CASE MANAGEMENT CONFERENCE AND ALLOW OVERLENGTH
BRIEF; DECLARATION OF SONDRA A. HEMERYCK; AND [PROPOSED] ORDER