**RILEY SAFER HOLMES & CANCILA LLP**
SONDRA A. HEMERYCK (*pro hac vice*)
shemeryck@rshc-law.com
ELI LITOFF (*pro hac vice*)
elitoff@rshc-law.com
STEVEN E. VOGEL (*pro hac vice*)
svogel@rshc-law.com
1 S. Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone:    (312) 471-8700
Facsimile:     (312) 471-8701
JEFFREY R. WILLIAMS (CSB No. 084156)
jwilliams@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone:    (415) 275-8550
Facsimile:     (415) 275-8551

*Attorneys for Defendant*
UNITED AIRLINES, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARC BRENMAN, AVIVA COPAKEN, SEAN MINYARD, ROBERT MONROE, and CINDY PAWLOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | **Case No. 3:25-cv-06995-JD**<br><br>**DEFENDANT UNITED AIRLINES, INC.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  January 22, 2026<br>Time:  10:00 a.m.<br>Courtroom:  11<br><br>Complaint Filed: August 19, 2025 |

PLEASE TAKE NOTICE that on January 22, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 11 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant, United Airlines, Inc. ("United"), will and hereby does move to stay discovery in this putative class action pending a ruling on United's Motion to Dismiss Plaintiffs' First Amended Complaint, *see* ECF No. 32, pursuant to Federal Rule of Civil

Procedure 26(c) and this Court's inherent authority.

This Motion is based on this Notice of Motion; the Memorandum of Points and Authorities; the Declaration of Sondra A. Hemeryck; the papers on file in this action; any Reply that United may file in support of this Motion; and any other evidence and argument presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     PRELIMINARY STATEMENT AND ISSUES TO BE DECIDED

Plaintiffs' First Amended Complaint (ECF No. 24, "FAC") asserts four claims against United, styled as: Count I: Breach of Contract ("Ticket Breach"); Count II: Breach of Contract ("Record of Agreement Breach"); Count III: Breach of Implied Contract (Alternative Claim); and Count IV: Promissory Estoppel (Alternative Claim). FAC ¶¶ 79–102. United has moved to dismiss all four counts, with prejudice, because Plaintiffs have not pleaded, and cannot plead, a claim on which relief can be granted. ECF No. 32 ("Motion to Dismiss"). Specifically, as explained in the Motion to Dismiss, Plaintiffs' claims are preempted by the Airline Deregulation Act of 1978, 49 U.S.C. § 40101, *et seq.* (the "ADA"), because they relate to United's prices and services, and do not seek merely to enforce a contractual obligation that United undertook. Mot. to Dismiss at 5–13. The only valid and enforceable contract between Plaintiffs and United is United's Contract of Carriage, which does not contain any promise that seats in the window position of any aircraft will have exterior window views. *Id.* at 3–4. In addition, Plaintiffs' claims would fail on their merits even if they were not preempted. *Id.* at 14–15.

Plaintiffs' FAC seeks certification of a nationwide class, apparently going back to 2017. FAC ¶¶ 21, 70. Class action discovery "can be an expensive and burdensome process." *Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620, 624 (N.D. Cal. 2013); *see also, e.g.*, *Bumpus v. U.S. Fin. Life Ins. Co.*, No. 2:20-cv-00926 MCE AC, 2023 WL 5002935, at *4 (E.D. Cal. Aug. 3, 2023) ("Discovery in the class action context can be particularly complex."). The discovery requests

recently served by Plaintiffs bear that out. *See* Declaration of Sondra A. Hemeryck ("Hemeryck Decl."), at Ex. A, discussed *infra* at 6. United's Motion to Dismiss, if granted, will entirely dispose of this case. Proceeding with discovery—particularly the very broad discovery that Plaintiffs have sought—prior to a ruling on that Motion will thus impose on United a substantial burden that may be entirely unnecessary. In addition, to the extent there are disputes concerning Plaintiffs' requests that the parties are unable to resolve on their own, proceeding with discovery prior to a ruling on United's Motion will result in unnecessary motion practice that wastes the resources of both the parties and the Court.

Accordingly, for good cause shown under Rule 26(c), and for the reasons explained below, United respectfully requests the Court stay discovery until the Court has ruled on United's Motion to Dismiss.

## II.     LEGAL STANDARD

District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 26(c) provides that a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, specifying terms, including time and place, for discovery. Fed. R. Civ. Proc. 26(c)(1)(A)-(B). Under Rule 26(c), the Court "has discretion to stay discovery pending the resolution of dispositive motions and motions to dismiss." *Affinity Credit Union v. Apple Inc.*, No. 22-CV-04174-JSW, 2023 WL 12065782, at *1 (N.D. Cal. Apr. 14, 2023); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *Kabir v. Flagstar Bank, FSB*, No. SACV16360JLSJCGX, 2016 WL 10999326, at *4 (C.D. Cal. May 11, 2016) ("[B]efore any formal discovery begins, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face.").

"Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *Leonard v. CVS Pharmacy, Inc.*, No. 5:24-CV-06280-EJD, 2025 WL 1266929, at *1 (N.D. Cal. May 1, 2025). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). The "likelihood of success" of a motion to dismiss is irrelevant. *Leonard*, 2025 WL 1266929, at *2; *see also Muhmoud v. City of San Jose*, No. 5:20-CV-08808-EJD, 2022 WL 16855573, at *2 (N.D. Cal. Nov. 10, 2022) (same). If a ruling in the defendant's favor on the motion to dismiss would dispose of the entire case, the first prong of the test is met. *See, e.g.*, *Affinity Credit Union*, 2023 WL 12065782, at *2 (finding the first prong satisfied where the defendant had sought dismissal of all plaintiffs' causes of action for failure to state a claim, while expressing "no opinion on the merits of the motion").

## III. ARGUMENT

The two-part test for entry of a stay of discovery is met here. The pending Motion to Dismiss, if granted, would be dispositive of the entire case, and the Motion can be decided without any discovery. In addition, there is good cause for staying discovery on the basis of undue burden and expense. *See* Fed. R. Civ. P. 26(c)(1).

### A. United Satisfies Both Prongs of the *Pacific Lumber* Test to Stay Discovery During a Pending Motion to Dismiss.

*Pacific Lumber*'s first prong is met because United's Motion to Dismiss seeks to dismiss all four counts of the FAC, and is therefore "potentially dispositive of the entire case." *See Leonard*, 2025 WL 1266929, at *1. Courts in this district have held that a motion seeking dismissal of all claims satisfies the first prong. *See id.* at *2 ("If the Court grants Defendants' motion in its entirety,

it will dispose of all claims. This is sufficient to meet the first factor."); *Affinity Credit Union*, 2023 WL 12065782, at *2 ("seek[ing] the dismissal of all three" claims "satisfied the first prong"); *Muhmoud*, 2022 WL 16855573, at *2 (seeking dismissal of all ten claims satisfied the first prong). United also notes that Plaintiffs responded to its Motion to Dismiss their original pleading by filing the FAC, but were unable to cure the deficiencies despite having the advantage of United's arguments for dismissal, which further demonstrates that United's Motion, if granted, will dispose of the entire case.

The second prong is met because United's Motion to Dismiss can be decided entirely on the Plaintiff's pleading, the Motion to Dismiss and the parties' legal briefs, without discovery. *See Leonard*, 2025 WL 1266929, at *2 (finding no discovery needed to decide the pending motion to dismiss); *Affinity Credit Union*, 2023 WL 12065782, at *2 (same); *Muhmoud*, 2022 WL 16855573, at *2 (same).[1] United argues, based on the four corners of the FAC and the terms of the United Contract of Carriage that are incorporated by reference therein, that all the claims asserted by Plaintiffs are preempted by the ADA. Mot. to Dismiss at 5–13. United further argues, based on the terms of the Contract of Carriage, that Plaintiffs have not pleaded and cannot plead their claims for breach of contract, breach of implied contract, or promissory estoppel. *Id.* at 14–15. No discovery is required to resolve these arguments. Therefore, United has satisfied the two-prong test, and the Court should grant United's Motion to Stay.

**B.    Good Cause Exists for Staying Discovery.**

Beyond satisfying the two-prong test, there is good cause to stay discovery pending ruling on United's Motion to Dismiss because of the potentially unnecessary burden and expense that will

---

[1] Further, it is irrelevant whether discovery will be helpful later on in the case. *See Muhmoud*, 2022 WL 16855573, at *2 ("The utility of the discovery later in litigation, however, does not mean that the discovery would be necessary to resolve the pending Dispositive Motions, which is what the Court evaluates here."); *Leonard*, 2025 WL 1266929, at *2 ("[T]he utility of the discovery later in litigation is not relevant to the Court's present analysis.").

be imposed on the parties and the Court if discovery proceeds. *See* Fed. R. Civ. P. 26(c)(1). As the discovery requests that Plaintiffs served on November 12, 2025 demonstrate, discovery in this case will be broad and complex.[2] To take just one example, Plaintiffs' Request No. 3 asks United to produce, for the nine-year period from January 1, 2017 through the present, its

> transaction-level ESI and data, by passenger and day … for all flights to, from, or within the United States to passengers who sat in Windowless Window Seats. Such data shall include: (a) customer identification information, including but not limited to name, address, email address, customer number, or frequent flyer account number; (b) dates of transaction and travel; (c) itinerary number; (d) Ticket numbers; (e) base travel fare; (f) the kind and amount of each and every Seat Fee; (g) the total monetary sum of the transaction, as well as the form of payment (including, for example, the redemption of rewards, utilization of status, or benefits); (h) refunds paid or credits issued by You; (i) any discounts associated with the transaction; (j) Coupon number; (k) for conjunction tickets, a method to identify the ticket as a conjunction ticket and link with ticket numbers; (l) passenger seat number(s); (m) the relevant aircraft model and unique registration number; and (n) identification of the Passenger Booking Interface through which the passenger purchased the Ticket.

*See* Hemeryck Decl., Ex. A, Req. No. 3. Although Plaintiffs have proposed that production of responsive documents will not begin until February 12, 2026 (*see* Case Management Statement, ECF No. 33 at p. 7), absent a stay of discovery United will be required well before that date to expend substantial time and resources confirming the existence of documents and other ESI responsive to Plaintiffs' requests, collecting and reviewing such documents and ESI, meeting and conferring with Plaintiffs to try to narrow their overly broad and unduly burdensome requests, and potentially seeking the Court's assistance to resolve disputes.

Moreover, the burden of proceeding with discovery that will be entirely unnecessary if United's Motion is granted will be highly asymmetrical. In calendar year 2024 alone, United averaged approximately 4,340 flights *per day*.[3] While not all the flights United operates have seats in the window position that do not have an exterior window view, Plaintiffs' grossly overbroad requests seek multiple categories of detailed data for millions of flights and potentially tens of

---

[2] Plaintiffs' November 12, 2025 discovery requests are objectionable on many bases, and United expressly reserves all such objections.
[3] *See* https://www.united.com/en/us/newsroom/announcements/cision-125362 (last accessed Nov. 17, 2025).

millions of passengers. United should not be required to undertake the substantial burden of responding to those requests until and unless the Court determines that Plaintiffs have stated a non-preempted, viable claim.

## IV. CONCLUSION

For all the above reasons, United respectfully requests that this Court enter an order staying discovery in this action until after the Court has ruled on United's Motion to Dismiss.

Dated: November 18, 2025

RILEY SAFER HOLMES & CANCILA LLP

By: */s/ Sondra A. Hemeryck*

Sondra A. Hemeryck (*pro hac vice*)
Eli Litoff (*pro hac vice*)
Steven E. Vogel (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
shemeryck@rshc-law.com
elitoff@rshc-law.com
svogel@rshc-law.com

Jeffrey R. Williams (CSB No. 084156)
RILEY SAFER HOLMES & CANCILA LLP
jwilliams@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8550
Facsimile: (415) 275-8551

*Attorneys for Defendant*,
UNITED AIRLINES, INC.