**RILEY SAFER HOLMES & CANCILA LLP**
SONDRA A. HEMERYCK (*pro hac vice*)
shemeryck@rshc-law.com
ELI LITOFF (*pro hac vice*)
elitoff@rshc-law.com
STEVEN E. VOGEL (*pro hac vice*)
svogel@rshc-law.com
1 S. Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone:     (312) 471-8700
Facsimile:     (312) 471-8701
JEFFREY R. WILLIAMS (CSB No. 084156)
jwilliams@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone:     (415) 275-8550
Facsimile:     (415) 275-8551

*Attorneys for Defendant*
UNITED AIRLINES, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC BRENMAN, AVIVA COPAKEN, SEAN MINYARD, ROBERT MONROE, and CINDY PAWLOWSKI, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendant. | Case No. 3:25-cv-06995-JD<br><br>**DECLARATION OF SONDRA A. HEMERYCK IN SUPPORT OF UNITED AIRLINES, INC.'S MOTION TO STAY DISCOVERY**<br><br>DATE: January 22, 2026<br>TIME:  10:00 a.m.<br>COURTROOM: 11<br><br>Honorable James Donato<br>United States District Judge |

I, Sondra A. Hemeryck, declare as follows:

1.    I am an attorney admitted as *pro hac vice* counsel for Defendant United Airlines, Inc. ("United") in this matter. I make this declaration based on my personal knowledge and, if called to testify, could and would testify competently to the facts set forth herein.

2.     Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' First Request for Production of Documents, which was served on United via email to its counsel of record on November 12, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 17, 2025.

_____
Sondra A. Hemeryck

# EXHIBIT A

Carter E. Greenbaum (SBN 344692)
GREENBAUM OLBRANTZ LLP
160 Newport Center Drive, Suite 110
Newport Beach, CA 92660
Tel: (332) 222-9119
Email: carter@greenbaumolbrantz.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARC BRENMAN, AVIVA COPAKEN, SEAN MINYARD, ROBERT MONROE, and CINDY PAWLOWSKI, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED AIRLINES, INC, <br><br> Defendant. | Case No. 3:25-cv-06995-JD <br><br> PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |

**PROPOUNDING PARTY: Plaintiffs**

**RESPONDING PARTY :    Defendant, UNITED AIRLINES, INC.**

**SET NUMBER:             ONE**

NOW COMES, Plaintiffs, Marc Brenman, Aviva Copaken, Sean Minyard, Robert Monroe, and Cindy Pawlowski, by and through undersigned Counsel of record, and hereby serves upon You the following Requests for Production, pursuant to the provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure.

You are required by the Rules to timely provide written responses and objections to these Requests and to produce all designated documents in your possession, custody or control and permit the Plaintiff, or someone acting on their behalf, to inspect and copy the documents responsive to these Requests.

1

The following Definitions and Instructions shall apply to each Request for Production of Documents, and you are required to consider these Definitions and Instructions as you respond to these Requests:

## INSTRUCTIONS

You are instructed to produce the originals of the following documents at GREENBAUM OLBRANTZ LLP, 160 Newport Center Drive, Suite 110, Newport Beach, CA 92660 within thirty days after service of this request in accord with Fed. R. Civ. P. 34 or at such other place and in such other format as the parties may reasonably agree.

**A.** Please identify the source of each of the documents you produce and label them to correspond to the categories in this request.

**B.** If there are documents not currently in your possession, but which you can obtain from officers, directors, employees, agents, shareholders, board members, parent corporations, subsidiaries, affiliates, joint ventures or partnerships, licenses, third-party vendors or service providers, professional advisors, or others, such additional documents are included in this request.

**C.** If your response to any requests herein is that the documents are not in your possession or custody, describe in detail the unsuccessful efforts you made to locate the records.

**D.** If your response to any requests herein is that the documents are not in your control, identify who has control and the location of the records, and provide any documents you have that contain all or part of the information contained in the requested document or category.

**E.** If any requested document was, but no longer is in your possession or subject to your control, or has been misplaced, destroyed or discarded, or otherwise disposed of, please so state, and for each such document provide:

(1)    Its date;

(2)    The identity of the person(s) who prepared the document;

(3)    The length of the document;

(4)    The identity of all persons who participated in preparing the document, to whom the document was sent or who have otherwise seen the document;

(5)    the subject matter of the document;

2

(6)    If misplaced, the last time and place it was seen and a description of efforts made to locate the document;

(7)    If disposed of, the date of and reason for disposal, the manner of disposition (e.g., destroyed, transferred to a third party), the reason for disposal, the identity of the person(s) who authorized disposal and the identity of the person who disposed of the document.

F.    If you are declining to produce any document in whole or in part because of a claim of privilege, please:  (a) identify the subject matter, the type (e.g., letter, memorandum), the date, and the author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

G.    Electronically Stored Information and Native Format.  Native format means the files as created and maintained by the applications associated with them. Emails should be produced as .eml or .msg files, Word documents as .doc or .docx files, etc. For all Documents, produce a txt file with the text extracted from the native files or created by Optical Character Recognition (OCR) of hard copies. Embedded Documents should also be produced separately. The methodology for calculating hash values on emails, if the hash values are not being calculated on the emails as separate .eml or .msg files, should also be specified. A Concordance load file for native files should include the following fields:

- Beginning Bates;
- Ending Bates
- Begin Attachment;
- End Attachment;
- Parent Bates;
- Attachment Bates;
- From;
- To;
- CC;
- BCC;
- Subject;

3

- Sent Date;
- Sent Time;
- File Name;
- Document Title;
- Author;
- File Ext.;
- File Size;
- Create Date;
- Create Time;
- Date last Modified;
- Time Last Modified;
- File path for e-documents which are not email attachments;
- Custodian for all Documents;
- MD5 (or SHA1) hash value for all Documents;
- For emails and attachments, the custodian's file folder;
- For emails, any flags or other notations recorded by the native environment;
- For emails, attachment count and attachment names;
- Path to extracted text;
- Path to native file in production;
- For emails, MSGID;
- Application associated with the Document;
- Document type: e-Document, e-attachment, email or physical.

Additionally, for all native documents, we require a .txt file with the text extracted from the native files or created by OCR of hard copies. Embedded documents should also be produced separately. The methodology for calculating hash values on emails, if the hash values are not being calculated on the emails as separate .eml or .msg files, should also be specified. I. The Document Requests are to be considered continuing, and supplemental documents must be submitted by Defendant upon discovering or becoming aware of additional responsive documents.

H.       Unless otherwise stated in a Request, each Request seeks responsive information concerning the full Relevant Period.

4

REQUEST FOR PRODUCTION OF DOCUMENTS – SET NO. ONE

**DEFINITIONS**

1.      "And"/ "or" shall be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

2.      "All" and "each" means "each and every" and "all" to ensure completeness of a response.

3.      "Claim" or "Allegation" refers to any statement, contention, or legal theory asserted in any pleading, motion, or discovery response in this action.

4.      "Class Member" means any individual, natural person, or entity that falls within the scope of the class definitions set forth in the Complaint.

5.      "Complaint" refers to the operative complaint filed in this action, including all amendments and exhibits thereto.

6.      "Communication" means any transmission, exchange, or dissemination of information, whether oral, written, electronic, or otherwise, including but not limited to conversations, meetings, discussions, telephone calls, letters, emails, chats, text messages, video conferences, and any form of social-media or direct messaging.

7.      "COC Class Waiver" shall refer to the defined term in the Complaint, as well as any other clause, term, paragraph, sentence, statement of United's Contract of Carriage, or any other agreement, policy, or document that United claims is incorporated by reference therein, that purports to (a) prohibit or restrict passengers from pursuing claims on a class, collective, or representative basis in any adjudicative forum (*e.g.*, judicial, arbitral, or administrative forums); (b) require individual litigation only, or otherwise waive, limit, or disclaim a passenger's right to participate in a class action, mass arbitration, or representative proceeding; (c) address or reference class, collective, representative, mass, or consolidated actions or arbitrations, including any prohibition on joinder or aggregation of claims; and/or (d) include any related delegation, severability, or enforcement provisions referring to or dependent upon the existence of such waiver.

8.      "Contract of Carriage" means the set of terms and conditions, rules, policies, and incorporated materials—whether published, referenced, or made available online or at the point of sale—governing the rights and obligations of United and its passengers in connection with the purchase and use of airline tickets or air transportation services, including without limitation all

5

versions of such Contract of Carriage, any amendments, revisions, or updates to such Contract of Carriage, all incorporated or referenced materials such as conditions of carriage, tariffs, policies, or other regulations.

9.      "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, digitized, photostated, photographic, computerized, recorded, or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof.  "Document" is inclusive of Communications and ESI.  It includes the original and any nonidentical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, and includes every document that is or has been in the possession, control, or custody of Defendant or of which Defendant has knowledge, whether originals or copies.  It includes but is not limited to contracts, notes, memoranda, correspondence, diaries, desk or other calendars, statistics, letters, telegrams, minutes, business records, personal records, account statements, reports, studies, checks, receipts, bills, returns, charts, summaries, pamphlets, books, notations of any sort of conversations, written agreements, bulletins, printed matter, computer printouts, electronic mail, data compilations from which information can be obtained, teletypes, telefax, worksheets, logs, forms, bank statements, books of account, ledgers, or invoices, all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind, including but not limited to tapes, cassettes, discs, recordings, computer memories, and other information that is recorded electronically, digitally, or by similar means.

10.     "Electronically Stored Information" or "ESI" has the meaning given in Fed. R. Civ. P. 34(a)(1)(A) and includes any information created, stored, or utilized on computers, servers, mobile devices, cloud platforms, removable media, or social-media accounts, regardless of format (including metadata, deleted data, and archives).

11.     "Exterior Row Seat(s)" means an airplane seat that is directly adjacent to the aircraft fuselage on one side.

12.     "Passenger Booking Interface(s)" means any medium, including physical, electronic, or oral by which a passenger may purchase airline travel from You or with You, select their seats for travel with You, and/or review or otherwise be presented with the trip itinerary, terms, and conditions relevant to their travel.  By way of example, Passenger Booking Interfaces

REQUEST FOR PRODUCTION OF DOCUMENTS – SET NO. ONE

include, but are not limited to the United mobile App, the United website, customer service channels, and third-party booking interfaces.

13.    "relate to," "relating to," "concerning," or "regarding" shall mean constituting, describing, discussing, referring to, reflecting, evidencing, analyzing, showing, mentioning, involving, or otherwise having any connection with the subject matter described.

14.    "Relevant Period" means the period commencing January 1, 2016 to the present.

15.    "Seat Fee(s)" mean any consideration paid or utilized by a passenger, whether in the form of cash, reward points, credit card benefits, status, or the like, to select a particular seat or kind of seat on an airplane.  Seat Fees shall include, for example, any fee charged or status required by United that includes the ability to select a particular seat or kind of seat, such as fees charged to upgrade from Basic Economy to Economy.

16.    "Seat Map(s)" means any visual, digital, graphical, or tabular representation—whether static or dynamic/interactive—displayed or maintained by You or on Your behalf that depicts or describes the configuration, layout, features, and/or availability of passenger seats on an aircraft, flight, aircraft type, or route, including without limitation any webpage, mobile-app interface, or internal system view showing seat availability or characteristics; backend or internal versions of such maps; all metadata, programming logic, or data fields associated with seat maps; and any historical, test, or prototype seat maps used in connection with the design, sale or marketing or airline tickets.

17.    "Ticket" shall mean any Document, Communication, or ESI reflecting the record of agreement between passengers and United, including tickets, electronic tickets, "United Electronic Tickets" or "eTickets" (as those terms are defined in the Contract of Carriage), receipts, confirmations, and/or boarding passes for air travel.

18.    "You," "Your," "Defendant" or "United" refers to the named party responding to these Requests, United Airlines, Inc. together with all of its predecessors, successors, parents, subsidiaries, divisions, affiliates, officers, directors, employees, agents, representatives, attorneys, advisors, licensees, partners, joint venturers, consultants, and all persons acting or purporting to act on its behalf.

7

**19.**    "Windowless Window Seat(s)" mean an Exterior Row Seat where there is not a window that is fully within the adjacent portion of the aircraft fuselage, running from the front of the seat's backrest to the back of the forward seat's backrest.

### REQUEST FOR PRODUCTION OF DOCUMENTS – SET NO. 1

**1.**    Documents sufficient to identify all Windowless Window Seats on all of Your aircraft that flew to, from, or within the United States, including seat number, relevant aircraft model, and unique registration number (tail number).

**2.**    For each seat identified in Request No. 1, a picture that includes a view of the fuselage beside such seat.

**3.**    Your transaction-level ESI and data, by passenger and day (in machine-readable format such as *.csv, *.txt, or other native flat file format) during the period January 1, 2017 through the present for all flights to, from, or within the United States to passengers who sat in Windowless Window Seats. Such data shall include: (a) customer identification information, including but not limited to name, address, email address, customer number, or frequent flyer account number; (b) dates of transaction and travel; (c) itinerary number; (d) Ticket numbers; (e) base travel fare; (f) the kind and amount of each and every Seat Fee; (g) the total monetary sum of the transaction, as well as the form of payment (including, for example, the redemption of rewards, utilization of status, or benefits); (h) refunds paid or credits issued by You; (i) any discounts associated with the transaction; (j) Coupon number; (k) for conjunction tickets, a method to identify the ticket as a conjunction ticket and link with ticket numbers; (l) passenger seat number(s); (m) the relevant aircraft model and unique registration number; and (n) identification of the Passenger Booking Interface through which the passenger purchased the Ticket.

**4.**    For any Documents produced in response to Request No. 3, Documents sufficient to: (a) identify the database(s) or sources of such information; (b) correctly interpret data field names and values (e.g., data dictionaries and decoding documents; and (c) enable, to the extent that codes or values have changed over time as the result of any database platform changes, mapping of data from previous periods to their equivalent current counterparts..

**5.** Documents sufficient to provide a detailed breakdown of the claimed benefits and costs of all components of Seat Fees You offered to passengers for flights to, from, or within the United States.

**6.** Documents sufficient to show all versions of Seat Maps appearing on Customer Booking Interfaces, including any associated metadata or dynamic features of such Seat Maps.

**7.** Documents sufficient to show how Windowless Window Seats were displayed on any Customer Booking Interfaces.

**8.** Documents sufficient to show all refunds, credits, or compensation (including airline miles) You provided or refused to provide to passengers who submitted complaints to You about Windowless Window Seats.

**9.** Documents sufficient to show the standard form of all versions of Tickets generated or issued for any Class Member that paid Seat Fees to obtain a Windowless Window Seat, including, but not limited to any internal versions of such documents maintained within Your electronic reservation system.

**10.** Documents sufficient to show all of Your marketing, sales, promotional, and training materials that reference a window or windows.

**11.** Documents sufficient to show all terms and conditions, including any Contract of Carriage Documents, that You believe may govern any Class Member's purchase of a Windowless Window Seat.

**12.** Documents sufficient to show all studies, analyses, market research, surveys, or evaluations You conducted or possess concerning passenger behavior or preferences on seat assignments, including the desirability of windows, and the desirability of other seat amenities or attributes that You market to passengers.

**13.** All Documents and Communications concerning complaints passengers made to You about Windowless Window Seats.

**14.** All Documents and Communications concerning any changes You made or considered making to your Customer Booking Interfaces, Seat Maps, seat labeling, seat selection process, or seat selection fee structure related to Windowless Window Seats or impacting Your presentation or sale of them to passengers, including in response to the filing of this action on August 19, 2025.

REQUEST FOR PRODUCTION OF DOCUMENTS – SET NO. ONE

**15.** All Documents and Communications concerning Your policies, procedures, practices, and training materials for customer service representatives, booking agents, or other employees or agents regarding how to describe, sell, address issues and complaints, and/or issue refunds or compensation in relation to aircraft windows and/or Windowless Window Seats.

**16.** All Documents and Communications concerning Your policies, procedures, decisions, choices, considerations, and/or practices for designating, labeling, classifying, or marketing Your Exterior-Row Seats.

**17.** All Documents and Communications regarding Windowless Window Seats.

**18.** All Documents and Communications relating to financial analyses of Seat Fees (including for any Exterior-Row Seats or Windowless Window Seats), the pricing of any Seat Fees, any cost-benefit analyses of Seat Fees (including by type of Seat Fee, or type of passenger, and form of consideration for such fees), and the decision to impose or introduce or not impose or not introduce Seat Fees.

**19.** All Documents and Communications reflecting industry standards, practices, or customs regarding the labeling and/or marketing of Exterior-Row Seats.

**20.** All Documents and Communications relating to each individual Plaintiff's travel with You in which he or she sat in a Windowless Window Seat, including, but not limited to all Ticket records, all associated Seat Maps, all associated Communications, and all associated data within Your reservation system.

**21.** All Documents and Communications produced in any prior litigation, arbitration, investigation, or administrative proceeding relating to Windowless Window Seats.

**22.** All Documents and Communications between You and any federal regulatory agency regarding Seat Maps, Seat Fees, seat labeling, or customer complaints about Windowless Window Seats.

**23.** All Documents and Communications referencing the following provisions (or substantially similar earlier iterations thereof) in Your Contract of Carriage: (1) the definition of ticket as defined in the Contract of Carriage; (2) Rule 6(C); (2) Rule 4(D); (3) Rule 24; and (4) the COC Class Waiver.

**24.** All Documents purporting to show how You alert passengers to the COC Class Waiver.

REQUEST FOR PRODUCTION OF DOCUMENTS – SET NO. ONE

25. Documents sufficient to show Your revenue and profits derived from all Seat Fees United charges by type of such fee, including documents sufficient to show Your revenue and profits from the sale of Exterior Row Seats and Windowless Window Seats.

Dated: November 12, 2025                    Respectfully Submitted,

/s/ *Carter E. Greenbaum*

Carter E. Greenbaum (SBN 344692)
**GREENBAUM OLBRANTZ LLP**
160 Newport Center Drive, Suite 110
Newport Beach, CA 92660
Tel: (332) 222-9119
carter@greenbaumolbrantz.com

Casey Olbrantz (*pro hac vice forthcoming)*
**GREENBAUM OLBRANTZ LLP**
244 Fifth Avenue, Suite C221
New York, NY 10001
Tel: (332) 222-9119
casey@greenbaumolbrantz.com

*Attorneys for Plaintiffs*

11

REQUEST FOR PRODUCTION OF DOCUMENTS – SET NO. ONE

**PROOF OF SERVICE**

(Fed. R. Civ. P. 5(b)(2)(F); Cal. Code Civ. Proc. §§1013a (3), 2015.5)

I am employed in Newport Beach, California and New York, New York. I am over the age of 18 years and not a party to the within action; I am licensed to practice law in the State of California; My business addresses are 160 Newport Center Drive, Suite 110 Newport Beach CA 92660 and 244 Fifth Avenue, Suite C221, New York, NY 10001:

On November 12, 2025, I served the following documents:

**(1) Plaintiff's First Request for Production of Documents**

by electronic mail to the following addresses:

Riley Safer Holmes & Cancila LLP
Sondra Hemeryck (shemeryck@rshc-law.com)
Eli Litoff (elitoff@rshc-law.com)
Jeffrey Williams (jwilliams@rshc-law.com)
Steven Vogel (svogel@rshc-law.com)

In accordance with Fed. R. Civ P. 5(b)(2)(F) and the parties' written agreement to accept service via electronic mail.

Executed November 12, 2025, in New York, New York.

/s/ *Carter E. Greenbaum*

REQUEST FOR PRODUCTION OF DOCUMENTS – SET NO. ONE