**RILEY SAFER HOLMES & CANCILA LLP**
SONDRA A. HEMERYCK (*pro hac vice*)
shemeryck@rshc-law.com
ELI LITOFF (*pro hac vice*)
elitoff@rshc-law.com
STEVEN E. VOGEL (*pro hac vice*)
svogel@rshc-law.com
1 S. Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
JEFFREY R. WILLIAMS (CSB No. 084156)
jwilliams@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8550
Facsimile: (415) 275-8551

*Attorneys for Defendant*
UNITED AIRLINES, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARC BRENMAN, AVIVA COPAKEN, SEAN MINYARD, ROBERT MONROE, and CINDY PAWLOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | **Case No. 3:25-cv-06995-JD**<br><br>**DEFENDANT UNITED AIRLINES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DATE: January 22, 2026**<br>**TIME: 11:00 a.m.**<br>**COURTROOM: 11**<br><br>Complaint Filed: August 19, 2025 |

## TABLE OF CONTENTS


I. ARGUMENT ..... 1

A. Plaintiffs' Contract Claims (Counts 1 and 2) Must Be Dismissed. ..... 1

1. The ADA Preempts Plaintiffs' Contract Claims. ..... 1

2. The CoC Is the Only Contract Between Plaintiffs and United. ..... 2

3. Plaintiffs Have Not Plausibly Alleged That United Breached the CoC. ..... 4

4. Plaintiffs' Arguments Concerning Rule 24.I of the CoC Lack Merit. ..... 6

B. Plaintiffs' Implied Contract Claim (Count 3) Must Be Dismissed. ..... 8

C. Plaintiffs' Promissory Estoppel Claim (Count 4) Must Be Dismissed. ..... 9

D. The ADA Preempts Plaintiffs' Request for Attorneys' Fees and Expenses. ..... 10

II. CONCLUSION ..... 10

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*AdTrader, Inc. v. Google LLC*, Case No. 17-cv-07082-BLF, 2018 WL 3428525 (N.D. Cal. July 13, 2018) .......................... 10

*Alatortev v. JetBlue Airways, Inc.*, Case No. 3:17-cv-04859-WHO, 2018 WL 784434 (N.D. Cal. Feb. 7, 2018)........................... 2

*American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995) ........................................................................................... 1, 2

*ATA Airlines, Inc. v. Fed. Exp. Corp.*, 665 F.3d 882 (7th Cir. 2011)........................................................................................... 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................................................... 4

*Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110 (N.D. Cal. 2020) ................................................................................ 9

*Castaneres v. Deutsche Lufthansa AG*, Case No. CV 20-4261-MWF, 2020 WL 6018807 (C.D. Cal. Oct. 9, 2020)............................ 3

*Cavalieri v. Avior Airlines C.A.*, 25 F.4th 843 (11th Cir. 2022).......................................................................................... 3

*Cox v. Spirit Airlines, Inc.*, 786 Fed. App'x 283 (2d Cir. 2019).................................................................................. 3

*Day v. GEICO Cas. Co.*, 580 F. Supp. 3d 830 (N.D. Cal. 2022) ................................................................................ 9

*Doe I v. Google, LLC*, 741 F. Supp. 3d 828 (N.D. Cal. 2024) ................................................................................ 8

*Hervey v. Mercury Cas. Co.*, 185 Cal. App. 4th 954 (2010)............................................................................................ 6

*Hickox-Huffman v. US Airways, Inc.*, 855 F.3d 1057 (9th Cir. 2017)........................................................................... 1, 2, 3, 8

*Kettler v. Reach Air Med. Servs., LLC*, Case No. 20-cv-03021-JSW, 2021 WL 4499493 (N.D. Cal. Feb. 8, 2021)............................. 9

*Lam Research Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863 (N.D. Cal. 2014) .................................................................................. 7

*Lipeles v. United Airlines, Inc.*,
Case No. CV 23-7143-KK-MAAx, 2024 WL 891792 (C.D. Cal. Jan. 9, 2024) ...................... 3

*Northwest, Inc. v. Ginsberg*,
572 U.S. 273 (2014) ........................................................................................................ 7

*O'Callaghan v. AMR Corp.*,
No. 04 C 4005, 2005 WL 1498870 (N.D. Ill. June 8, 2005)................................................. 3

*Pastor v. State Farm Mut. Auto. Ins. Co.*,
487 F.3d 1042 (7th Cir. 2007)............................................................................................ 5

*Pica v. Delta Air Lines, Inc.*,
Case No. CV 18-2876-MWF, 2019 WL 1598761 (C.D. Cal. Feb. 14, 2019) .................. 2, 4, 8

*Reynolds v. Univ. of Penn.*,
483 Fed. App'x 726 (3d Cir. 2012) .................................................................................... 5

*Sanchez v. Aerovias De Mexico, S.A.*,
590 F.3d 1027 (9th Cir. 2010)........................................................................................ 1, 2

*Saroya v. Univ. of the Pac.*,
Case No. 5:20-cv-03196-EJD, 2021 WL 2400986 (N.D. Cal. June 11, 2021)...................... 10

*Schoene v. Spirit Airlines, Inc.*,
726 F. Supp. 3d 1248 (D. Or. 2024)................................................................................ 8, 9

*Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.*,
252 Fed. App'x 123 (9th Cir. 2007)................................................................................... 10

*In re United Parcel Service "Air-in-ground" Mktg. and Sales Pracs. Litig.*,
768 Fed. App'x 673 (9th Cir. 2019)................................................................................ 4, 6

*Vuong v. Lopez-Flores*,
Case No. 24-cv-03510-AMO, 2025 WL 2782585 (N.D. Cal. Sept. 30, 2025)......................... 7

*Watson v. United Airlines, Inc.*,
Civil 16-00400 LEK-KJM, 2017 WL 6060173 (D. Haw. 2017) ............................................ 2

**Rules and Statutes**

49 U.S.C. §§ 40101, *et seq.* ...........................................................................................*passim*

Fed. R. Civ. P. 12(b)(6)....................................................................................................... 4

Fed. R. Civ. P. 23(h)........................................................................................................... 10

Defendant United Airlines, Inc. ("United") respectfully submits this Reply in Support of Its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (ECF 32, "Motion"). Plaintiffs' claims are preempted by the Airline Deregulation Act of 1978, 49 U.S.C. §§ 40101, *et seq.* ("ADA"), and, wholly apart from preemption, they fail on their merits. The First Amended Class Action Complaint (ECF 24, "Complaint") should be dismissed with prejudice.

# I. <u>ARGUMENT</u>

## A. <u>Plaintiffs' Contract Claims (Counts 1 and 2) Must Be Dismissed.</u>

### 1. The ADA Preempts Plaintiffs' Contract Claims.

Although Plaintiffs do not dispute that all their claims relate to United's prices and services, they nevertheless argue that ADA preemption is irrelevant to their claims for breach of contract. Opposition (ECF 40, "Opp.") at 5–6. Plaintiffs' argument mischaracterizes the primary authority on which they rely—*Hickox-Huffman v. US Airways, Inc.*, 855 F.3d 1057 (9th Cir. 2017)—and ignores other decisions by both the Ninth Circuit and district courts that contradict their position.

As United explained in its Motion, "[m]erely styling a claim as one for breach-of-contract does not bring it within" the exception to ADA preemption set forth in *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995). Mot. at 6. Rather, a so-called breach-of-contract claim will be preempted if it "seek[s] to impose obligations that exceed the scope of the parties' bargain." Mot. at 6. *Hickox-Huffman* does not suggest otherwise; to the contrary, the court there recognized that the plaintiff could avoid preemption only if she had "adequately pleaded breach of a contract provision that US Airways voluntarily entered into." 855 F.3d at 1062–63. In *Hickox-Hoffman*, the plaintiff met this standard because—unlike Plaintiffs in this case—she "sufficiently alleged that US Airways breached an express provision of [its] terms of transportation." *Id.* at 1066.

Moreover, the Ninth Circuit has expressly found breach of contract claims preempted where, like Plaintiffs' claims here, the complaint did *not* adequately plead breach of a contractual provision to which the airline agreed. *See, e.g.*, *Sanchez v. Aerovias De Mexico, S.A.*, 590 F.3d 1027, 1028, 1031 (9th Cir. 2010) (affirming dismissal of claim for breach of contract on ADA preemption grounds because the airline had "no contractual obligation to advise passengers about Mexico's tourism tax, or not to collect it from those who are exempt, or to refund it to exempt

passengers from whom it was nevertheless collected"); *see also Hickox-Huffman*, 855 F.3d at 1065 ("*Sanchez* held that if the airline had made a contractual commitment to collect the disputed portion of the ticket price due only for those passengers subject to a tourism tax, then the contractual commitment would be enforceable under *Wolens*. But the airline in *Sanchez*, we held, made no such commitment."). District courts in this Circuit have done the same. *See, e.g.*, *Pica v. Delta Air Lines, Inc.*, Case No. CV 18-2876-MWF, 2019 WL 1598761, at *5 (C.D. Cal. Feb. 14, 2019) (contract claim preempted where plaintiffs sought "to read into the Contract of Carriage additional obligations," which "would be a direct circumvention of the broad pre-emptive sweep of the ADA"); *Alatortev v. JetBlue Airways, Inc.*, Case No. 3:17-cv-04859-WHO, 2018 WL 784434, at *6 (N.D. Cal. Feb. 7, 2018) ("Alatortev's breach of contract claim depends on an 'enlargement or enhancement' of the parties' agreement, and is therefore preempted by the ADA."); *Watson v. United Airlines, Inc.*, Civil 16-00400 LEK-KJM, 2017 WL 6060173, at *5–7 (D. Haw. 2017) (finding contract claim preempted because it sought "to enlarge Plaintiffs' contractual rights" beyond those provided in the Contract of Carriage), *aff'd*, 709 Fed. App'x 500 (9th Cir. 2018).

In short, the Ninth Circuit has made clear that where a plaintiff does not adequately plead breach of a contract provision that the airline voluntarily undertook, the claim will be preempted *and* will fail on its merits. Plaintiffs here have not plausibly alleged that United voluntarily agreed to any contractual obligation to provide them with an exterior window view. *See* Mot. at 8–13; *infra* at 4–6. As a result, Counts 1 and 2 must be dismissed.

**2. The CoC Is the Only Contract Between Plaintiffs and United.**

Despite Plaintiffs' attempt to assert otherwise (*see* Opp. at 7, 10–11), there is only one contract between United and each of the Plaintiffs: United's Contract of Carriage ("CoC"). The CoC expressly states that, "[b]y purchasing a ticket …, the Passenger agrees to be bound by ***these controlling terms*** of this Contract of Carriage." Declaration of Noemi Kelley (ECF 32-2, "Kelley Decl."), Ex. 1 at 1 (emphasis added). The CoC also states: "These rules constitute ***the*** conditions of carriage" upon which United "agrees to provide … Carriage." *Id.*, Rule 3.A (emphasis added). The CoC thus directly refutes Plaintiffs' claim that some other "agreement," separate from the CoC, was somehow "formed upon completion of the booking 'checkout' process." (Opp. at 7, 10).

The cases cited by Plaintiffs do not support their position. In *Hickox-Huffman*, the plaintiff "alleged that US Airways breached an express provision" of the airline's "terms of transportation." 855 F.3d at 1066. Plaintiffs have made no such allegation, and they cannot do so as United did not breach any express provision of the CoC. In *Cox v. Spirit Airlines, Inc.*, a summary decision of the Second Circuit that has no precedential effect, the court held the airline could not rely on its Contract of Carriage because it failed to show it had complied with the notice requirements for incorporating the Contract of Carriage in the plaintiffs' tickets. 786 Fed. App'x 283, 285 (2d Cir. 2019). Plaintiffs here have raised no such issue (nor could they). To the contrary, Plaintiffs expressly seek to rely on the CoC. *O'Callaghan v. AMR Corp.*, No. 04 C 4005, 2005 WL 1498870 (N.D. Ill. June 8, 2005), which has never been cited by any court, fails to make clear whether the airline's conditions of carriage expressly stated, as United's CoC does, that the terms of the conditions of carriage were "controlling." Finally, in *Cavalieri v. Avior Airlines C.A.*, the plaintiffs alleged that when they purchased their tickets on the defendant's flights, they entered into contracts with the defendant consisting of the defendant's Contract of Carriage "and the material terms and conditions … expressly included within the passenger's ticket." 25 F.4th 843, 853 (11th Cir. 2022). That case is entirely consistent with United's position that the only contract between United and Plaintiffs is the CoC, which incorporates "any terms and conditions" printed on Plaintiffs' tickets or eticket receipts that do not conflict with the terms of the CoC. Kelley Decl., Ex. 1 at 1.

Because the only contract between United and Plaintiffs is the CoC, Plaintiffs must identify a provision of the CoC that United allegedly breached for their claims to proceed. *See, e.g.*, *Hickox-Huffman*, 855 F.3d at 1064 ("What matters at this stage" is whether plaintiff "has sufficiently alleged that the airline promised under the terms of transportation to deliver her bag when she landed."); *Lipeles v. United Airlines, Inc.*, Case No. CV 23-7143-KK-MAAx, 2024 WL 891792, at *4 (C.D. Cal. Jan. 9, 2024) (plaintiff failed to sufficiently plead a contract claim where he did not "identify any specific provisions" that were violated); *Castaneres v. Deutsche Lufthansa AG*, Case No. CV 20-4261-MWF (MRWx), 2020 WL 6018807, at *1 (C.D. Cal. Oct. 9, 2020) (plaintiffs had to allege facts showing they "suffered consequential damages that are recoverable under the specific terms of the Conditions of Carriage"). Plaintiffs have not done so (nor can they).

**3. Plaintiffs Have Not Plausibly Alleged That United Breached the CoC.**[1]

The CoC does not contain *any* promise that seats in the "window" position of any aircraft will have exterior window views. Indeed, the word "window" does not appear in the CoC. *See generally* Kelley Decl., Ex. 1. Plaintiffs' solution to this problem is to ask the Court to rewrite the CoC, in "direct circumvention of the broad pre-emptive sweep of the ADA." *Pica*, 2019 WL 1598761, at *5. Plaintiffs offer a convoluted argument, based on a single paragraph of the Complaint, that their "ticket[s]" "included a term requiring a window." Opp. at 8 (citing Compl. ¶ 62). What that paragraph actually alleges, however, is that, by a series of steps, a passenger can access a "Ticket" page on the United App that, in some unspecified way, "provides Windowless Window Seat passengers with express confirmation that their assigned seats have a 'window.'" Compl. ¶ 62. These vague and conclusory assertions do not plausibly allege that Plaintiffs' tickets, as that term is used in the CoC, "included a term requiring a window." Mot. at 8–11; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Plaintiffs also argue, based on dictionary definitions and "ordinary usage," that Plaintiffs' boarding passes are "tickets," and that the information printed on their boarding passes is therefore incorporated in the CoC. Opp. at 8–9. That is false. The terms "ticket" and "boarding pass" are both used *in the CoC* and are not synonymous. *See* Mot. at 8–9. Plaintiffs' subjective belief that a boarding pass is a "ticket" cannot override the clear terms of the CoC or render it ambiguous. *In re United Parcel Service "Air-in-ground" Mktg. and Sales Pracs. Litig.*, 768 Fed. App'x 673, 675 (9th Cir. 2019) (rejecting contractual interpretation that "conflate[d] UPS's 'services' with modes of 'transportation,' despite the … contract provisions distinguishing these two concepts").[2]

Moreover, Plaintiffs fail to refute United's argument that the mere labeling of a seat with the word "window" in communications beyond the CoC is not an affirmative promise that the seat will have an exterior window view. Mot. at 10–12. Plaintiffs invoke the "plain meaning" of the

[1] Plaintiffs' assertion that "United does not contest that the FAC sufficiently alleges the performance, breach, and damages elements of a breach claim" (Opp. at 7) is flatly incorrect. United's Motion plainly argues that Plaintiffs "fail to plausibly allege that United breached" the CoC—the only contract between Plaintiffs and United. Mot. at 18.

[2] United did not "present the Court with a copy of any tickets" (Opp. at 9) due to the constraints of a Rule 12(b)(6) motion, but stands ready to provide one if the Court deems it appropriate.

word "window," based on dictionary definitions, their allegations concerning a response to a customer complaint, disclaimers that appear in the seat selection screens of certain other airlines, social media, and statements purportedly made by the anchors on a morning television show (citing to Facebook). Opp. at 11. But Plaintiffs' arguments ignore the *context* of United's seat selection process, in which the terms "window" and "window seat"—like the term "aisle" or "aisle seat"—are used to identify seat *location*, not seats having the attribute of an exterior window view. *See* Mot. at 10–12. In fact, the seat selection image Plaintiffs include in their Opposition refers to the seat's "Favorable *location* in Economy." Opp. at 1 (emphasis added). Plaintiffs also fail to address United's argument that statements on United's website concerning its boarding process and the placement of child car seats, referenced in Plaintiffs' Complaint, further confirm that "window" identifies the *position* of the seat, not the existence of an exterior window view. Mot. at 11–12. Nor does the alleged statement by a United employee responding to a customer complaint evince a contrary intent or understanding; indeed, that the employee allegedly provided a refund "as a goodwill gesture" (Compl. ¶ 52) confirms that no contractual obligation was breached.[3]

Plaintiffs make much of their allegations that United "recently changed its practices and now labels Windowless Window Seats as 'No Window' seats." Opp. at 11–12. But such post-lawsuit changes by United are not evidence of culpability and in no way "refute the idea" that "window," as used in United's pre-lawsuit seat maps and boarding passes, denoted the position of the seat, not a promise of an exterior window view. *See, e.g.*, *Reynolds v. Univ. of Penn.*, 483 Fed. App'x 726, 731–32 (3d Cir. 2012) (post-lawsuit changes to website were "subsequent remedial measures" that could not be used to establish defendant's liability); *Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1045 (7th Cir. 2007) (rejecting argument that defendant's post-filing change to its insurance policy to clarify the meaning of the word "day" was a "confession" that plaintiff's interpretation of the clause in the prior version was correct, and concluding that plaintiff could not use the policy change to establish State Farm's "culpable conduct" under the prior version).

[3] Rule 3.H of the CoC states: "[n]o employee or agent of [United] has the authority to alter, modify, or waive … any provision" of the CoC "unless authorized by a corporate officer of [United]."

Finally, Plaintiffs argue that "[c]ompeting plausible interpretations of a contract are fact issues," precluding dismissal. Opp. at 12. That principle has no application here. The CoC makes no promises about providing exterior window views—as noted, it does not even include the word "window" at all. *See In re United Parcel Service*, 768 Fed. App'x at 675 (plaintiffs cannot "inject ambiguity into … clear contract provisions"). Plaintiffs have not plausibly alleged any voluntary, contractual undertaking by United to provide Plaintiffs an exterior window view.

**4. Plaintiffs' Arguments Concerning Rule 24.I of the CoC Lack Merit.**

Plaintiffs assert that Rule 24.I of the CoC "has no application to Plaintiffs' allegations." Opp. at 12. Although United agrees Plaintiffs have not alleged, and could not allege, a breach of Rule 24.I (Mot. at 12), their Opposition mischaracterizes both the Rule and United's arguments.

First, Plaintiffs' reliance on the title of Rule 24 (Opp. at 13) is misplaced. A contract heading is not an operative term or provision, and it cannot restrict the plain meaning of an unambiguous contract provision. *Hervey v. Mercury Cas. Co.*, 185 Cal. App. 4th 954, 965 (2010). Likewise, the language of Rule 24.A—an entirely separate section from Rule 24.I—cannot limit the meaning of Rule 24.I, as Plaintiffs contend (Opp. at 13).

Second, United did not "misleadingly quote[]" Rule 24.I. *Id.* The full sentence at issue, as quoted in Plaintiffs' Opposition, states: "Regardless of whether there is a Schedule Change, Irregular Operations, Force Majeure Event, or other change ***or circumstance*** that results in an ancillary service or amenity not being available on any flight, UA shall have no liability for, and shall owe no refund with respect to any failure to provide that amenity or service." Kelley Decl. Ex. 1, Rule 24.I (emphasis added). Plaintiffs argue this language "further establishes that this Rule applies only upon some kind of 'change,'" but that reading simply ignores the phrase "***or circumstance***" that follows the word "change." Thus, just as United stated in its Motion, the plain language of Rule 24.I provides that United shall have no liability for any failure to provide any amenity, regardless of the "***circumstance***" that results in the amenity not being available. Mot. at 12. Plaintiffs' claim that a "change" is required misstates the plain language of the Rule.

Third, Plaintiffs' arguments that an exterior window view is not an "amenity" (Opp. at 13) are not persuasive. Plaintiffs misleadingly attempt to limit the definition of "amenity" to "'live

television, wi-fi services, priority boarding, advance seat assignments, and meal service'" (*id.*, quoting Rule 24.I), but they omit the critical words "including ***but not limited to***" that are contained in the Rule. Kelley Decl. Ex. 1, Rule 24.I (emphasis added).[4] And Plaintiffs' argument that United "allegedly markets windows as a seat 'type,' not an amenity" (Opp. at 13) misses the point entirely: "window" is indeed a seat type (or, more accurately, a seat position), while an exterior window view is (at most) an amenity. And lastly, Plaintiffs' reliance on arguments made in United's brief in support of its now withdrawn motion to dismiss Plaintiffs' original pleading is misplaced, as they are not binding statements of fact. *See Lam Research Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 870 (N.D. Cal. 2014) (distinguishing statements of fact from "statements of law or legal argument (which fall outside the concept of judicial admissions)"); *Vuong v. Lopez-Flores*, Case No. 24-cv-03510-AMO, 2025 WL 2782585, at *9 (N.D. Cal. Sept. 30, 2025) (same).

United is not attempting to "stretch" Rule 24.I, as Plaintiffs contend (Opp. at 13). Unlike the language at issue in the cases cited by Plaintiffs, Rule 24.I is clear and unambiguous: if an exterior window view is an amenity, then United can have no liability for any failure to provide an exterior window view, regardless of the circumstance, unless the exception in Rule 24.I applies, which it does not. Plaintiffs' argument about federal regulations (*see* Opp. at 14) is likewise meritless, because an exterior window view is not a "seat upgrade" that the "consumer paid for" (*id.*). *See* Mot. at 11 (discussing payment to select an Economy Plus seat or a Preferred Seat).[5]

In sum, while Counts 1 and 2 of Plaintiffs' Complaint are styled as claims for "breach of contract," they do not ask the Court to enforce a contractual obligation United actually undertook, but instead seek to "enlarge the contractual obligations" that United voluntarily adopted. *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 276 (2014). As a result, they are both preempted by the ADA and fail to state a claim on which relief can be granted. They must therefore be dismissed.

---

[4] The examples included in Rule 24.I further belie Plaintiffs' argument that the Rule requires a "change" in schedule or aircraft, as "live television" and "wi-fi services" could be unavailable due to a "circumstance," such as a technical issue, that is not the result of any "change."

[5] United also disputes Plaintiffs' suggestion that federal regulations invariably "require United to automatically provide a 'refund' where a 'seat upgrade' that the 'consumer paid for' is 'not available'" (Opp. at 14). *See* 14 CFR § 260.4(c).

**B. <u>Plaintiffs' Implied Contract Claim (Count 3) Must Be Dismissed.</u>**

Count 3 of the Complaint purports to assert a claim for "breach of implied contract." Plaintiffs allege that, if the Court finds United "did not undertake express contractual commitments to provide Plaintiffs with actual windows at the seats they purchased," then United "is alternatively liable for undertaking an implied-in-fact contractual obligation." Compl. ¶ 93. "An implied breach of contract claim has the same elements as an express breach of contract claim except its existence and terms are manifested by conduct, not words." *Doe I v. Google, LLC*, 741 F. Supp. 3d 828, 848 (N.D. Cal. 2024). In this case, Plaintiffs do not allege any specific conduct by United that purportedly created an implied contract between United and any Plaintiff, and the conduct that the Complaint generally alleges (the location of a seat on a seat map or labeling of a seat as "window") is no more sufficient to allege an implied contract than an express one. *See* Mot. at 14. Plaintiffs' Count 3 thus fails for the same reasons as their contract claims. *See Hickox-Huffman*, 855 F.3d at 1063 (explaining that plaintiff "pleaded breach of contract with three verbal formulas," including breach of implied contract, "but all amount to the same thing, that the airline made an enforceable promise to her that it did not keep"); *Pica*, 2018 WL 5861362, at *6 ("[T]o the extent Plaintiffs attempted to plead a claim arising out of an implied contract, which fails, such claim is preempted by the ADA as there was [sic] no voluntary, self-imposed undertakings by Defendant.").

Count 3 also fails, however, on additional grounds. First, because the CoC expressly states that it sets forth "***the*** controlling terms" of United's agreement to provide air transportation and that "no covenants at law or in equity shall be implied," Kelley Decl. Ex. 1, at 1, Plaintiffs' request that the Court imply certain terms (or imply a separate agreement) is preempted. Mot. at 13. Plaintiffs' Opposition cites a small number of cases in which courts have stated that a claim for breach of a contract implied-in-fact is not preempted, but none of these cases involved similar language barring implied covenants in the parties' express agreement. *See* Opp. at 6 (citing cases).

Moreover, "an implied contract cannot exist when there is an express contract between the parties governing the same subject." *Doe I*, 741 F. Supp. 3d at 848. Plaintiffs argue this rule does not apply to claims for breach of an alleged implied-in-fact contract (Opp. at 14), but their own cases state otherwise. *See Schoene v. Spirit Airlines, Inc.*, 726 F. Supp. 3d 1248, 1262–63 (D. Or.

2024) (plaintiff could proceed on theory of implied-in-fact contract only if Spirit was "unable to establish that the express terms" of its Contract of Carriage "govern the parties' agreement"); *Kettler v. Reach Air Med. Servs., LLC*, Case No. 20-cv-03021-JSW, 2021 WL 4499493, at *8 (N.D. Cal. Feb. 8, 2021) (the parties' express contract precluded plaintiffs from pursuing a claim for breach of implied-in-fact contract); *see also Day v. GEICO Cas. Co.*, 580 F. Supp. 3d 830, 841 (N.D. Cal. 2022) (an action based on an implied-in-fact contract cannot lie where there exists between the parties a valid express contract governing the same subject matter); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 133 (N.D. Cal. 2020) (same).[6] Here, there is no dispute that a valid, express contract—the CoC—provides the "conditions of carriage" upon which United agreed to provide transportation to Plaintiffs. Kelley Decl. Ex. 1, at 1 and Rule 3.A. Count 3 must therefore be dismissed.

### C. <u>Plaintiffs' Promissory Estoppel Claim (Count 4) Must Be Dismissed.</u>

Plaintiffs assert that their alternative claim for promissory estoppel (Count 4) is not preempted because "no state law forced United to make promises." Opp. at 6. But United did not argue that the ADA preempts all promissory estoppel claims. Rather, United argued that Plaintiffs' Count 4 is preempted "for reasons similar to those discussed with respect to" their contract claims—*i.e.*, "because Plaintiffs do not plausibly allege any promise by United that every window seat will have an exterior window view," and consequently the promissory estoppel claim "does not seek to enforce any obligation that United actually undertook." Mot. at 13. Plaintiffs' citation to *ATA Airlines, Inc. v. Fed. Exp. Corp.*, 665 F.3d 882 (7th Cir. 2011), is thus inapposite.

Plaintiffs also fail to refute United's argument that they have not plausibly alleged the elements of a promissory estoppel claim—in particular, a "clear and unambiguous" promise of an exterior window view. Mot. at 15. Instead, Plaintiffs simply assume, incorrectly, that the labeling of a seat with the word "window" constituted a "clear and unambiguous promise" of an exterior window view. Opp. at 15; *see* Mot. at 10–12 and *supra* at 4–6.

In any event, Count 4 fails because a valid, express contract—the CoC—governs the same subject matter—transportation of Plaintiffs by United—as the alleged promise. Mot. at 15.

[6] Both *Schoene* and *Kettler* are cited in Plaintiffs' Opposition, at 6.

Plaintiffs argue that the Court cannot determine this issue on a motion to dismiss (Opp. at 15), but courts routinely do just that. *See, e.g.*, *Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.*, 252 Fed. App'x 123, 125–26 (9th Cir. 2007) (plaintiff could not state claims for unjust enrichment or promissory estoppel because the parties' rights were set out in an express contract and, "[u]nder California law, an action in quasi-contract does not lie 'when an enforceable, binding agreement exists defining the rights of the parties.'") (citation omitted); *Saroya v. Univ. of the Pac.*, Case No. 5:20-cv-03196-EJD, 2021 WL 2400986, at *3–4 (N.D. Cal. June 11, 2021) (dismissing unjust enrichment claim where there was no dispute about the existence or validity of the parties' express contract, and rejecting plaintiff's argument that he could pursue the claim because the parties did not agree on whether the contract entitled him to in-person classes and resources); *AdTrader, Inc. v. Google LLC*, Case No. 17-cv-07082-BLF, 2018 WL 3428525, at *11 (N.D. Cal. July 13, 2018) (rejecting plaintiffs' argument that they could bring an alternative unjust enrichment claim "so long as Google's agreements do not require it to provide refunds for invalid activity. Plaintiffs' narrow view of 'subject matter' would essentially permit Plaintiffs to rewrite a contract to add a nonexistent contract term."). Count 4 must be dismissed.

### D. The ADA Preempts Plaintiffs' Request for Attorneys' Fees and Expenses.

Plaintiffs inexplicably continue to pursue their requests for attorney's fees and expenses despite the clear language of Rule 23(h) allowing such awards only where "authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h); *see* Mot. at 13. The parties' agreement here—the CoC—does not authorize any such award, so even if there were a basis for one under state law, it would constitute precisely the type of "enlargement or enhancement" of the parties' bargain that the ADA prohibits. Mot. at 13 (citing *Wolens,* 513 U.S. at 232–33). Plaintiffs cite cases in which attorney's fees were awarded pursuant to a settlement *agreement* (Opp. at 7), which obviously does not exist here. Plaintiffs' request for attorney's fees and expenses is preempted.

## II. CONCLUSION

For the foregoing reasons and those set forth in United's Motion, Plaintiffs' Complaint should be dismissed with prejudice.

Dated: December 12, 2025

Respectfully Submitted:

**RILEY SAFER HOLMES & CANCILA LLP**

By: /s/ Sondra A. Hemeryck

Sondra A. Hemeryck (*pro hac vice*)
Eli Litoff (*pro hac vice*)
Steven E. Vogel (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
shemeryck@rshc-law.com
elitoff@rshc-law.com
svogel@rshc-law.com

Jeffrey R. Williams (CSB No. 084156)
RILEY SAFER HOLMES & CANCILA LLP
jwilliams@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone:(415) 275-8550
Facsimile: (415) 275-8551

*Attorneys for Defendant*
UNITED AIRLINES, INC.

**PROOF OF SERVICE**

I hereby certify that I caused the above document to be electronically filed with the Clerk of Court using CM/ECF system, which will send notification of such filing to all counsel of record in the above-captioned matter.

Dated: December 12, 2025

By: /s/ Sondra A. Hemeryck
Sondra A. Hemeryck (*pro hac vice*)