

Sondra A. Hemeryck
312-471-8700
shemeryck@rshc-law.com

April 29, 2026

**Via ECF**
Hon. James Donato
United States District Court for the Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    ***Brenman et al v. United Airlines, Inc.*, No. 3:25-cv-06995 (N.D. Cal.)**

Dear Judge Donato:

Pursuant to this Court's Order (ECF 50), Defendant United Airlines, Inc. ("United") submits the following response to Plaintiffs' April 9, 2026 Discovery Dispute Letter (ECF 49).

**I.    United is Producing Relevant and Proportional Information Regarding "Partial Window" Seats.**

This is a case about whether United contracted to provide Plaintiffs a window seat with an exterior window, and whether United breached that purported contract by allegedly providing Plaintiffs a seat that "did not have a window at all." *See, e.g.*, Compl. ¶¶ 9-11, 14-15. But Plaintiffs have sought discovery concerning any seat on any aircraft where a window was even minimally obstructed. This irrelevant and disproportional request should be rejected.

First, Plaintiffs' reference to post-litigation changes to United's website to identify "partial window" seats is a red herring. Those post-litigation measures are neither relevant nor admissible and have no bearing on Plaintiffs' claims, as Plaintiffs do not allege any promises regarding "partial windows" were made to them during the relevant time period. Moreover, the true basis of Plaintiffs' request for expansive data related to so-called "partial window" seats is their definition of "Windowless Window Seat" as including "severely misaligned windows that are not reasonably usable." *Id.* ¶ 2. United has advised Plaintiffs that it will be producing the requested data for window seats ***where the window is at least 50% obstructed***. This provides Plaintiffs all documents to which they are entitled. Putting aside the fundamental problem that Plaintiffs have identified no contract promising a window—let alone a "reasonably usable" window—a window view that is less than 50% obstructed is "reasonably usable" under any definition. Plaintiffs' position that they are entitled to vast amounts of data for all seats on all aircraft unless the window is completely unobstructed is not tethered to reality or to Plaintiffs' claims.

**II.    United is Producing Relevant and Proportional Information Regarding "Seat Fees."**

Plaintiffs claim they were damaged when they allegedly "paid extra" to purchase seats with an exterior view but did not receive a view. *See* Compl. ¶¶ 9-10, 14-15. United is producing documents regarding "seat fees," but Plaintiffs seek documents related to fare classes—

1 South Dearborn Street, Suite 2200, Chicago, IL 60603
Office: 312.471.8700 • Fax: 312.471.8701 • rshc-law.com

Business/First Class and standard Economy—that did not have "seat fees" during the relevant time period, and where no passengers "paid extra" to select a particular seat.

Beginning with Business and First Class, contrary to Plaintiffs' assertions, there are no "seat fees" associated with the purchase of these tickets, and no passengers in these fare classes "paid extra" to select a particular seat.[1] Indeed, at all relevant times, every seat in the Business and First-Class cabins was the same price, regardless of whether the seat was an aisle or a window, or was located in the front of the cabin or the back of the cabin. Thus, at all relevant times, every Business and First-Class passenger could select any available seat at no extra charge. Accordingly, producing "all documents and communications related to financial analyses" of Business and First-Class seats (RFP 18), or documents showing the "revenue and profits derived from" the sale of Business or First-Class seats (RFP 25) would not yield relevant and proportional discovery.[2]

Plaintiffs' request for data related to "seat fees" associated with upgrades from Basic Economy to standard Economy is similarly misguided. As an initial matter, it is important to correct Plaintiffs' misstatement that "a typical United passenger who wishes to attain the ability to select a window seat on a flight generally pays a fee to upgrade from Basic Economy to Economy." *See* ECF 49, at 2. That is not true. Passengers who purchase standard Economy fares have the ability to select their seats in the Economy cabin without paying any seat fee. There is no "upgrade" in this scenario. Just as with the Business and First-Class cabins, at all relevant times, all standard Economy seats were priced identically and were available to passengers without an extra fee.[3]

It is true that passengers who wish to purchase a less expensive fare can purchase a Basic Economy ticket, which comes with more restrictions than a standard Economy ticket, including the inability of the passenger to select their seat. But if a Basic Economy passenger wants the ability to select a seat while remaining on a Basic Economy fare, the passenger can pay a fee for the ability to select their seat. United has agreed to produce information related to these "seat fees." But Plaintiffs are also seeking information related to passengers who—rather than paying a fee for the ability to select a seat while remaining in the Basic Economy class—pay to upgrade their class of fare to standard Economy. These passengers are not paying a "seat fee." They are paying for a different class of fare, which provides benefits such as an overhead carry-on item, enhanced flexibility to change flights, earlier boarding, and more. And as noted above, passengers flying on a standard Economy ticket do not pay any fee for the ability to select a seat.

In short, the only relevant and proportional discovery is that relating to passengers who allegedly "paid extra" to select a window seat that did not have an exterior view—*i.e.*, Basic Economy passengers who paid for the ability to select a seat, or standard Economy passengers

---

[1] Plaintiffs frame this dispute in terms of "upgrades" (*see* ECF 49, at 2), but the RFPs cited (Nos. 18 and 25) are not so limited, and United understands Plaintiffs are seeking data related to any passengers who purchased Business or First-Class airfare, not just those who purchased a lower class of fare and later upgraded to Business or First Class.

[2] Plaintiffs attempt to muddy the waters by referencing a **brand-new** initiative by United to offer lower-priced options in United's Business Class cabin that do not include the ability to select a particular seat. *See* ECF 49, at 2 n.1; *id.* at 3 n.2. As the webpages cited by Plaintiffs disclose, however, this is a new initiative beginning in the Spring of 2026 on select flights. This offering was not available at any time during the putative class period and could not have been utilized by Plaintiffs or any putative class member. Thus, this new and different offering only underscores that, during the relevant time period, there were no "seat fees" associated with Business and First-Class airfares.

[3] Within the Economy cabin, there are also "Preferred Economy" and "Economy Plus" seats that can be purchased for an extra charge. United has agreed to produce responsive data related to such seats.

who paid to select a Preferred Economy or Economy Plus seat. United is producing data relating to those passengers, but the additional information Plaintiffs seek is neither relevant nor proportional to the needs of the case.

### III.    Plaintiffs' Request For Marketing Materials is Irrelevant and Disproportionate.

Plaintiffs next seek all United marketing materials that reference windows over a 10-year period. This overbroad and extraordinarily burdensome request should be rejected. Despite Plaintiffs' best efforts to turn this case into a (preempted) consumer fraud or false advertising action, it is a breach of contract case. The relevant inquiry is whether *the applicable contract* contained a promise of a seat with an exterior view. Unlike in Plaintiffs' cited authority, Plaintiffs do not allege the offers forming the basis of their contracts were contained in marketing materials. *See O'Callaghan v. Arm Corp.*, No. 04 C 4005, 2005 WL 1498870 (N.D. Ill. June 8, 2005) ( "Defendant accepted the Plaintiffs' offer to purchase tickets on the terms stated in the advertisement."). Nor are the requested marketing materials relevant to resolving any purported ambiguity in the contract at issue; the only contract governing Plaintiffs' breach of contract claims is United's Contract of Carriage ("COC"), and it does not contain the word "window," so there is no ambiguity to resolve. *See* ECF 32, at 7-8. And while Plaintiffs allege that the seat selection screens they viewed during booking and boarding passes issued after booking included the word "window," those documents are not part of the COC. *Id.* at 8-10. For this reason, *Cox v. Spirit Airlines*, 341 F.R.D. 349, 363-65 (E.D.N.Y. 2023) is inapposite. There, the court only considered promises outside Spirit's contract of carriage because of evidence that Spirit failed to comply with federal regulations providing notice of its contract of carriage to consumers.

Plaintiffs' alternative argument that the requested marketing materials are probative of their implied contract claim is equally unpersuasive. First, that claim is preempted by federal law. *See* ECF 32, at 13. Second, Plaintiffs do not allege they saw any United marketing materials or that they were influenced by those materials when they allegedly "paid extra" to select a seat on a United flight. The requested documents therefore have no probative value in determining whether United and Plaintiffs entered into an implied contract.

Finally, even if there were some marginal relevance to these materials, which there is not, it would be outweighed by the undue burden associated with the request. RFP 10 is not targeted at specific advertisements that could help resolve any purported ambiguity that exists in the term "window." Rather, it seeks documents sufficient to show "*all of*" United's "marketing, sales, promotional, and training materials that reference a window or windows" over a 10-year period, from January 2016 to the present. United is a global corporation that disseminates countless advertisements across a range of marketing mediums daily. Any advertisement depicting an airplane arguably "references a window" and would fall within the ambit of Plaintiffs' boundless request. Plaintiffs' request for such overbroad, burdensome, and irrelevant discovery should be rejected.

Sincerely,

Sondra A. Hemeryck
*Attorney for Defendant United Airlines, Inc.*

3