GREENBAUM OLBRANTZ LLP

**Carter Greenbaum**
160 Newport Center Drive, Suite 110
Newport Beach, CA 92660
carter@greenbaumolbrantz.com
(212) 732-6837 (Direct)

June 9, 2026

**Via ECF**

Honorable James Donato
United States District Court, Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *Brenman et al. v. United Airlines, Inc.*, Case No. 3:25-cv-06995 (N.D. Cal.)**
**Motion to Compel Expedited Document Productions**

Dear Judge Donato,

I write on behalf of Plaintiffs in the above-captioned matter. Pursuant to Rule 18 of this Court's Standing Order for Discovery in Civil Cases, Plaintiffs request that Defendant United Airlines, Inc. be ordered to expeditiously complete its document productions in response to Plaintiffs' First Request for the Production of Documents, dated November 12, 2025 (**Exhibit 1**) ("**First RFPs**"), by June 23, 2026. The parties have repeatedly met and conferred on this issue in accordance with this Court's Standing Order and Local Civil Rule 37-1(a) but have been unable to resolve their disagreements.

Plaintiffs served the First RFPs on November 12, 2025. In consideration of the parties' extensive efforts to mediate this case in January 2026, Plaintiffs granted United an extension to February 9, 2026 to serve its responses to the First RFPs. United agreed to produce the discovery that underlies this motion, and repeatedly told Plaintiffs that it would engage in rolling productions. To date, however, United has produced only a modest number of responsive non-custodial documents, and has not produced *any* custodial documents—despite the fact that United has selected at least 17 document custodians, and has indicated that its forthcoming productions will be highly voluminous. Fact discovery is scheduled to close in **86 days**. Moreover, United says it will not be able to even "substantially complete" its productions in response to the First RFPs until July 15.

United's proposed production timeline stands to seriously prejudice Plaintiffs, as it would compact a voluminous document review and deposition program into a span of just seven weeks. Absent Court intervention requiring United to complete its productions more quickly, Plaintiffs will have **50 days** to: (i) review United's extensive productions and identify any deficiencies, (ii) identify 10 deponents and schedule depositions, (iii) conduct at least 10 depositions and defend at least 5 depositions of Plaintiffs, and (iv) serve and pursue any follow-up discovery. That status quo is unfair and prejudicial, and the circumstances merit Court intervention. *E.g.*, *Patagonia, Inc. et al v. Anheuser Busch, LLC*, Case 2:19-cv-02702-VAP-JEM (C.D. Cal. Feb. 19, 2020) (ECF 109) (requiring defendant to produce all responsive documents within 30 days where party was in receipt of document requests for eight months and discovery period closed in four months; noting defendant "is a large company with lots of resources and is obliged to deploy those resources to get the production done by a date certain"); *Wren v. Transamerica Life Ins. Co.*, No. 5:21-cv-00178-JGB-SPx, 2024 U.S. Dist. LEXIS

237034, at *13 (C.D. Cal. Nov. 13, 2024) (granting motion to compel that requested expedited productions within 30 days where defendant was in receipt of requests for seven months, and where fact discovery was not scheduled to close for over six more months).

For these reasons and the reasons that follow, Plaintiffs respectfully request that the Court order United to complete its productions responsive to the First RFPs by June 23, 2026.

## I. Factual Background

Plaintiffs served the First RFPs on November 12, 2025. Plaintiffs subsequently served a modest number of additional document requests on May 28, 2026, but the First RFPs target the central, essential documents to this action, and comprise most of the custodial document discovery that Plaintiffs have requested, and which United has agreed to produce.

Plaintiffs have repeatedly pressed United to commit to a reasonable deadline for completing these document productions. After service of its responses and objections in February, United repeatedly stated that it would begin rolling productions. On May 1, Plaintiffs emailed United to raise their concern that "United has not produced a single custodial document yet," and requested that United provide "a deadline for substantial completion of document productions." United did not respond to that request. On May 6, Plaintiffs reiterated their request, and United once again failed to respond. Accordingly, on May 13, Plaintiffs requested a meet and confer concerning United's declination to provide a reasonable date for substantial completion of its productions. In response, United stated in an email that it was "not in a position to provide a date-certain for substantial completion of United's production," but that it was "continuing to collect, process, and review documents as diligently as we can."

Plaintiffs requested a meet and confer, which was held on May 18. Plaintiffs once again demanded that United provide a date certain to complete productions, and United responded that it could not commit to a date, but hoped to substantially complete productions in the "second half of June." In subsequent correspondence on May 22, United took the position that it would be unable to substantially complete its document productions in response to the First RFPs until July 15, 2026.

Given that the deadline to complete fact discovery is September 3, 2026, Plaintiffs raised that they may be required to move to compel faster productions. However, as a compromise to try and avoid seeking Court intervention, the parties first agreed to seek a one-month extension to the fact discovery cutoff, which they submitted to the Court on May 28, 2026. ECF 57. The Court denied that request on Friday, June 5, 2026. ECF 60. Consequently, the parties held another meet and confer on Monday, June 8, and United stated that its position was unchanged, and that it would not be able to commit to substantial completion of documents responsive to the First RFPs until July 15.

To date, United's repeated explanation for its timeline has been that it is working diligently but that there is a very large volume of responsive information for it to process. But United has been on notice of that scope for over seven months. And its internal timeline for completing productions has and will unfairly prejudice Plaintiffs' ability to take depositions and complete fact discovery in a comprehensive and orderly manner.

## II. United Should be Ordered to Expeditiously Complete Its Document Productions

Court intervention is warranted and necessary. Under United's production timeline, Plaintiffs would receive the bulk of United's document production only fifty days before the September 3, 2026 fact discovery cutoff, which would materially prejudice Plaintiffs' ability to prosecute this action. The prejudice to Plaintiffs is particularly acute because the parties expect that United's forthcoming productions will be highly voluminous. The larger the production, the more time Plaintiffs will require to review the documents and use them effectively in discovery. United's schedule would therefore compress the most document-intensive portion of fact discovery into a brief period immediately preceding the discovery cutoff.

United has not identified any specific obstacle that prevents it from substantially completing its productions earlier. Instead, it has generally cited the volume of responsive information. But United has been aware of the scope of Plaintiffs' document requests since November 2025, has identified at least seventeen custodians, and has had more than seven months to collect, process, review, and produce responsive materials. Furthermore, as noted above, United itself indicated during a meet and confer on May 18 that it "hoped" to be able to complete productions in the "second half of June," which is precisely the relief that Plaintiffs request.

Courts regularly compel expedited document productions in such circumstances. *Patagonia, Inc. et al v. Anheuser Busch, LLC*, Case 2:19-cv-02702-VAP-JEM (C.D. Cal. Feb. 19, 2020) (ECF 109) (requiring defendant to produce all responsive documents within 30 days where party was in receipt of document requests for "eight months" and discovery period closed in "four months"; noting defendant "is a large company with lots of resources and is obliged to deploy those resources to get the production done by a date certain"); *Wren v. Transamerica Life Ins. Co.*, No. 5:21-cv-00178-JGB-SPx, 2024 U.S. Dist. LEXIS 237034, at *13 (C.D. Cal. Nov. 13, 2024) (granting motion to compel that requested expedited productions within 30 days where defendant was in receipt of requests for seven months). On this record, there is no apparent justification for delaying substantial completion of United's productions until approximately fifty days before the close of fact discovery.

Accordingly, Plaintiffs respectfully request that the Court order United to complete its productions responsive to the First RFPs by June 23, 2026, or such other date as the Court deems appropriate to ensure the orderly completion of fact discovery.

Respectfully Submitted,

Carter E. Greenbaum

Carter E. Greenbaum

Counsel for Plaintiffs