# EXHIBIT 1

**RILEY SAFER HOLMES & CANCILA LLP**
SONDRA A. HEMERYCK (*pro hac vice*)
shemeryck@rshc-law.com
ELI LITOFF (*pro hac vice*)
elitoff@rshc-law.com
STEVEN E. VOGEL (*pro hac vice*)
svogel@rshc-law.com
1 S. Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
JEFFREY R. WILLIAMS (CSB No. 084156)
jwilliams@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8550
Facsimile: (415) 275-8551

*Attorneys for Defendant*
UNITED AIRLINES, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARC BRENMAN, AVIVA COPAKEN, SEAN MINYARD, ROBERT MONROE, and CINDY PAWLOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | **Case No. 3:25-cv-06995-JD**<br><br>**DEFENDANT UNITED AIRLINES, INC.'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Defendant United Airlines, Inc. ("United"), by and through its counsel and pursuant to Federal Rule of Civil Procedure 34, responds and objects to Plaintiffs' First Request for Production of Documents (the "Request") as follows:

commercially sensitive business information, those documents will be produced only subject to the terms and conditions, and after entry, of an acceptable confidentiality protective order that allows United to designate such information as Attorneys' Eyes Only.

12. None of the objections or responses contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials or information, or the truth or accuracy of any statement or characterization contained in Plaintiffs' Request. United's answers and responses do not waive, and instead expressly reserve, the right to object on proper ground to the use at trial of any produced materials, the right to object to other discovery requests, and the right at any time to revise, correct, add or clarify any of the responses provided herein. United's investigation is ongoing.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

1. Documents sufficient to identify all Windowless Window Seats on all of Your aircraft that flew to, from, or within the United States, including seat number, relevant aircraft model, and unique registration number (tail number).

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that it is overbroad and not proportional to the needs of this case to the extent it requests documents for each individual aircraft, including but not limited to the "unique registration number (tail number)" of each aircraft. United further objects that this Request is overbroad, unduly burdensome and seeks documents that are not relevant to any party's claim or defense or proportional to the needs of the case in that it seeks discovery relating to Exterior Row Seats having a window that is partially obstructed, and to the extent it seeks discovery concerning Windowless Window Seats in any first class or business class cabin. United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order.

Without waiving these objections, United will produce nonprivileged documents or information sufficient to identify, by seat number and aircraft model, all Exterior Row Seats in the Economy cabin that lack or lacked any exterior window, on any United or United Express flight to, from or within the United States, for the period from January 1, 2019 to September 5, 2025, to the extent such documents or information exist and can be located by means of a reasonable search.

Such documents and information generally do not exist for the time period prior to January 1, 2019. United will not search for or produce other documents or information sought by this Request.

2. For each seat identified in Request No. 1, a picture that includes a view of the fuselage beside such seat.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that it is overbroad, unduly burdensome and seeks documents that are not relevant to any party's claim or defense or proportional to the needs of the case in that it seeks discovery relating to Exterior Row Seats having a window that is partially obstructed.

Without waiving these objections, United will produce responsive documents in its possession, custody or control relating to the seats identified in its response to Request No. 1, to the extent such documents exist and can be located by means of a reasonable search. The inclusion of any photograph in United's document production is not an admission that such seat depicted in the photograph constitutes an Exterior Row Seat that lacks an exterior window. United will not search for or produce other documents sought by this Request.

3. Your transaction-level ESI and data, by passenger and day (in machine-readable format such as *.csv, *.txt, or other native flat file format) during the period January 1, 2017 through the present for all flights to, from, or within the United States to passengers who sat in Windowless Window Seats. Such data shall include: (a) customer identification information, including but not limited to name, address, email address, customer number, or frequent flyer account number; (b) dates of transaction and travel; (c) itinerary number; (d) Ticket numbers; (e) base travel fare; (f) the kind and amount of each and every Seat Fee; (g) the total monetary sum of the transaction, as well as the form of payment (including, for example, the redemption of rewards, utilization of status, or benefits); (h) refunds paid or credits issued by You; (i) any discounts associated with the transaction; (j) Coupon number; (k) for conjunction tickets, a method to identify the ticket as a conjunction ticket and link with ticket numbers; (l) passenger seat number(s); (m) the relevant aircraft model and unique registration number; and (n) identification of the Passenger Booking Interface through which the passenger purchased the Ticket.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that the request for 14 categories of information for each potential nationwide class member spanning more than eight years is overbroad, unduly burdensome and not proportional to the needs of the case. United further objects that the Request is overbroad, unduly burdensome and seeks discovery that is not relevant to any party's claim or

defense or proportional to the needs of the case in that it requests information relating to Exterior Row Seats having a window that is partially obstructed, and information about "Seat Fees," which Plaintiffs have improperly defined to include not just consideration paid in the form of cash or MileagePlus miles, but also "credit card benefits, status, or the like." Responding further, United objects to this Request on the ground that it is overbroad and not proportional to the needs of this case to the extent it requests the "unique registration number" of each aircraft and to the extent it seeks data and information from as early as January 1, 2017. United further objects to Plaintiffs' request for "the total monetary sum" of each transaction, "as well as the form of payment (including, for example, the redemption of rewards, utilization of status, or benefits)," on the ground that the "redemption of rewards" and "benefits" are vague and ambiguous, and "utilization of status" is not "consideration" paid by a passenger to select a seat. United further objects that the request for "base travel fare" is unduly burdensome and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of the case because fares generally are not broken out by travel segments (meaning that, for example, a passenger could have an Exterior Row Seat without an exterior view only on one leg of a two-leg flight, but with a single "base fare" for that itinerary), and because Plaintiffs' claims concern additional fees paid beyond the base fare to select a seat. United further objects that the phrase "discounts associated with the transaction" is vague and ambiguous, and (assuming Plaintiffs intend to refer to discounted base fares that a passenger may receive), the request for such information is irrelevant for the same reason that Plaintiffs' request for "base travel fare" is irrelevant. United further objects to this Request on the ground that it requests numerous categories of customer-identifying information, which is both premature, and would invade the privacy of rights of such individuals, who are not and have not agreed to be parties to the action, until and unless a class is certified. United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that allows United to designate such information as Attorneys' Eyes Only.

Without waiving these objections, United is willing to meet and confer with Plaintiffs regarding the scope of this Request.

4. For any Documents produced in response to Request No. 3, Documents sufficient to: (a) identify the database(s) or sources of such information; (b) correctly interpret data field names and values (e.g., data dictionaries and decoding documents); and (c) enable, to the extent that codes or values have changed over time as the result of any database platform changes, mapping of data from previous periods to their equivalent current counterparts.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request as duplicative because it necessarily incorporates the information sought in Request No. 3, which is objectionable for the reasons stated in the response to that Request. United further objects to the Request that United produce documents "sufficient to . . . identify the database(s) or sources" of any documents produced by United in response to Request No. 3 on the grounds that it seeks discovery that is not relevant to any party's claim or defense, is unduly burdensome, is not proportional to the needs of the case, and constitutes improper discovery-on-discovery. United further objects to this Request to the extent it purports to require United to create and produce documents that do not currently exist. United further objects that the information sought by this Request is more appropriately obtained through an interrogatory or deposition, which would be more convenient and less burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C). United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that allows United to designate such information as Attorneys' Eyes Only. United will not search for or produce documents sought by this Request.

5. Documents sufficient to provide a detailed breakdown of the claimed benefits and costs of all components of Seat Fees You offered to passengers for flights to, from, or within the United States.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that "claimed benefits and costs of all components of Seat Fees" is vague and ambiguous. United further objects that the Request is overbroad, unduly burdensome and seeks documents that are not relevant to any party's claim or defense or proportional to the needs of the case because it requests information about "Seat Fees," which Plaintiffs have improperly defined to include not just consideration paid in the form of cash or MileagePlus miles, but also "credit card benefits, status, or the like." United further objects that the Request is nonsensical and incomprehensible because "Seat Fees" are not "offered to

passengers," they are paid by passengers. United further objects that the Request is overbroad, unduly burdensome and seeks documents that are not relevant to any party's claim or defense or proportional to the needs of the case because it is not limited to flights utilizing aircraft that included Exterior Row Seats that lack or lacked an exterior window. United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that allows United to designate such information as Attorneys' Eyes Only.

Without waiving these objections, and subject to the entry of an appropriate confidentiality protective order, United will produce documents identifying the factors United considers or has considered during the period from January 1, 2019 to the present in determining the amount of the fees (in cash or MileagePlus miles) it charges for an Economy passenger to purchase an Economy Plus or Preferred Economy seat or for a Basic Economy passenger to select a seat, to the extent such documents exist and can be located by means of a reasonable search. United will not search for or produce other documents sought by this Request.

6. Documents sufficient to show all versions of Seat Maps appearing on Customer Booking Interfaces, including any associated metadata or dynamic features of such Seat Maps.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that it is vague ambiguous because the term "Customer Booking Interfaces," while capitalized in this Request, has not been defined by Plaintiffs. United further objects that the request for "all versions of Seat Maps appearing on Customer Booking Interfaces," without limiting the Request to flights operated by United or United Express utilizing aircraft that included Exterior Row Seats that lack or lacked an exterior window, is overbroad and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of the case. United further objects to this Request because "Seat Maps appearing on Customer Booking Interfaces" (whatever Plaintiffs intend by that phrase) are not relevant to Plaintiffs' claims, which are entirely governed by United's CoC. Further answering, United states that some of its customer-facing seat maps, specifically seat maps generated during

the seat selection process, are dynamically generated for each unique flight, and United maintains no historical records of such dynamically generated maps.

Without waiving these objections, United will produce nonprivileged documents in its possession, custody or control showing seat maps appearing on United's website or mobile app for flights operated by United or United Express utilizing aircraft that included Exterior Row Seats in the Economy cabin that lack or lacked an exterior window, to the extent such documents exist and can be located by means of a reasonable search, for the period from January 1, 2019 through September 5, 2025. United will not search for or produce other documents sought by this Request.

7. Documents sufficient to show how Windowless Window Seats were displayed on any Customer Booking Interfaces.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that it is vague ambiguous because the term "Customer Booking Interfaces," while capitalized in this Request, has not been defined by Plaintiffs. United further objects that the request is not limited to flights operated by United or United Express utilizing aircraft that included Exterior Row Seats that lack or lacked an exterior window, and is consequently overbroad and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of the case. United further objects to this Request because the discovery sought is not relevant to Plaintiffs' claims, which are entirely governed by United's CoC.

Without waiving these objections, United will produce nonprivileged documents in its possession, custody or control showing seat maps appearing on United's website or mobile app for flights operated by United or United Express utilizing aircraft that included Exterior Row Seats in the Economy cabin that lack or lacked an exterior window, to the extent such documents exist and can be located by means of a reasonable search, for the period from January 1, 2019 through September 5, 2025. United will not search for or produce other documents sought by this Request.

8. Documents sufficient to show all refunds, credits, or compensation (including airline miles) You provided or refused to provide to passengers who submitted complaints to You about Windowless Window Seats.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that it is not limited to flights operated by United or United Express utilizing aircraft that included Exterior Row Seats that lack or lacked an exterior window, and is consequently overbroad and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of the case. United further objects to this Request on the ground that it potentially requests customer-identifying information, which is both premature, and would invade the privacy of rights of such individuals, who are not and have not agreed to be parties to the action, until and unless a class is certified. United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that allows United to designate such information as Attorneys' Eyes Only. In addition, United objects to this Request to the extent it purports to call for the production of documents protected by the attorney-client privilege and/or the work product doctrine.

Without waiving these objections, and subject to the entry of an appropriate confidentiality protective order, United will produce nonprivileged documents in its possession, custody or control sufficient to show refunds, credits, or compensation (including MileagePlus miles) that United provided or refused to provide to passengers in response to complaints to United about Exterior Row Seats that lacked an exterior window, to the extent such documents exist and can be identified by means of a reasonable search, for passengers who paid Seat Fees in the form of cash or MileagePlus miles during the period from January 1, 2019 through September 5, 2025. To the extent such documents are identified and produced, United will redact from such documents any customer-identifying information for all customers except the named Plaintiffs. United will not search for or produce other documents sought by this Request.

9. Documents sufficient to show the standard form of all versions of Tickets generated or issued for any Class Member that paid Seat Fees to obtain a Windowless Window Seat, including, but not limited to any internal versions of such documents maintained within Your electronic reservation system.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that the request for "the standard form of all versions

of Tickets," including internal versions, "generated or issued" for "any Class Member" is vague and ambiguous (as it is unclear whether Plaintiffs are seeking the "form" of Tickets or copies of actual Tickets that were "generated or issued"), overbroad, and seeks discovery that is not relevant to any party's claim or defense (including because it is not limited to Tickets generated or issued for passengers who paid additional consideration in the form of cash or MileagePlus miles for an Exterior Row Seat that lack or lacked an exterior window) or proportional to the needs of the case. United further objects to this Request on the ground that it requests customer-identifying information, which is both premature, and would invade the privacy of rights of such individuals, who are not and have not agreed to be parties to the action, until and unless a class is certified.

Without waiving these objections, United will produce copies of actual Tickets generated or issued for each Plaintiff, for flights on which that Plaintiff (a) paid additional consideration, in cash or MileagePlus miles, to select a particular seat, and (b) sat in an Exterior Row Seat that did not have an exterior window view, to the extent such documents exist and can be located by means of a reasonable search. United will not search for or produce other documents sought by this Request.

10. Documents sufficient to show all of Your marketing, sales, promotional, and training materials that reference a window or windows.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that the request for "*all* of [United's] marketing, sales, promotional, and training materials that reference a window or windows" in any way, for the 10-year period from January 1, 2016 to the present, is overbroad, unduly burdensome and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of the case. United further objects that the term "training materials" is vague and ambiguous (for instance, do Plaintiffs intend to request materials relating to the training of pilots, or flight attendants, or customer service representatives, any or all of which may reference "windows"?). United further objects that the documents sought by this Request are not relevant to Plaintiffs' claims, which are governed entirely by the CoC. United further objects that the request for "marketing, sales, promotional and training materials" potentially seeks confidential and proprietary information of

United, which United objects to producing absent the entry of an appropriate confidentiality protective order that allows United to designate such documents as Attorneys' Eyes Only. United will not search for or produce documents sought by this Request.

11. Documents sufficient to show all terms and conditions, including any Contract of Carriage Documents, that You believe may govern any Class Member's purchase of a Windowless Window Seat.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that, among other things, it seeks the terms and conditions printed on any ticket, ticket jacket, or eticket receipt for each potential nationwide class member spanning more than eight years, thereby making it overbroad, unduly burdensome and not proportional to the needs of the case. United further objects to the Request to the extent it seeks customer-identifying information, which is both premature, and would invade the privacy of rights of such individuals, who are not and have not agreed to be parties to the action, until and unless a class is certified. Subject to and without waiving the foregoing Objections to Definitions and Instructions, United will produce all versions of the CoC that were in effect at any time between January 1, 2019 through September 5, 2025.

12. Documents sufficient to show all studies, analyses, market research, surveys, or evaluations You conducted or possess concerning passenger behavior or preferences on seat assignments, including the desirability of windows, and the desirability of other seat amenities or attributes that You market to passengers.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects that this Request potentially seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that allows United to designate such information as Attorneys' Eyes Only. United objects to the Request to the extent it seeks customer-identifying information, which would invade the privacy of rights of such individuals.

Without waiving these objections, United will produce nonprivileged documents responsive to this Request in its possession, custody or control, to the extent such documents can be identified by means of a reasonable search, for the period from January 1, 2019 to September

5, 2025. To the extent such documents are identified and produced, United will redact any private, customer-identifying information included within.

13. All Documents and Communications concerning complaints passengers made to You about Windowless Window Seats.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that it is duplicative of Request No. 8, is overbroad, and seeks discovery that is not relevant to any party's claim or defense (including because it is not limited to complaints by passengers who paid additional consideration in the form of cash or MileagePlus miles for an Exterior Row Seat that lack or lacked an exterior window) or proportional to the needs of the case. United further objects to the Request on the ground that it seeks customer-identifying information, which is both premature, and would invade the privacy of rights of such individuals, who are not and have not agreed to be parties to the action, until and unless a class is certified. United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that allows United to designate such information as Attorneys' Eyes Only. In addition, United objects to this Request to the extent it purports to call for the production of documents protected by the attorney-client privilege and/or the work product doctrine.

Without waiving these objections, and subject to the entry of an appropriate confidentiality protective order, United will produce nonprivileged documents in its possession, custody or control concerning complaints made to United by passengers who paid Seat Fees in the form of cash or MileagePlus miles for an Exterior Row Seat that lacked an exterior window, during the period from January 1, 2019 to September 5, 2025, to the extent such documents can be located by means of a reasonable search. To the extent such documents are identified and produced, United will redact any private, customer-identifying information for all customers except the named Plaintiffs. United will not search for or produce other documents sought by this Request.

14. All Documents and Communications concerning any changes You made or considered making to your Customer Booking Interfaces, Seat Maps, seat labeling, seat selection process, or seat selection fee structure related to Windowless Window Seats or impacting Your presentation or sale of them to passengers, including in response to the filing of this action on August 19, 2025.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that the request for "*all* Documents and Communications" related to the subject of the Request is facially overbroad and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of the case. United further objects that the Request is vague ambiguous because the term "Customer Booking Interfaces," while capitalized in the Request, has not been defined by Plaintiffs. United further objects that the phrase "impacting Your presentation or sale … to passengers" is vague and ambiguous. United further objects that the Request is overbroad, unduly burdensome and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of the case because it seeks discovery relating to Exterior Row Seats having a window that is partially obstructed, because Plaintiffs' claims are governed entirely by the CoC, and to the extent it seeks discovery relating to "any changes" that United "considered making." United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that allows United to designate such information as Attorneys' Eyes Only. United further objects to the Request to the extent it purports to call for the production of documents protected by the attorney-client privilege and/or the work product doctrine.

Without waiving these objections, and subject to the entry of an appropriate confidentiality protective order, United will produce nonprivileged documents in its possession, custody or control concerning changes United made to the booking and/or seat selection interfaces on its website or mobile app related to Exterior Row Seats that lack an exterior window, for the period from January 1, 2019 to September 5, 2025, to the extent such documents can be located by means of a reasonable search. United will not search for or produce other documents sought by this Request.

15. All Documents and Communications concerning Your policies, procedures, practices, and training materials for customer service representatives, booking agents, or other employees or agents regarding how to describe, sell, address issues and complaints, and/or issue refunds or compensation in relation to aircraft windows and/or Windowless Window Seats.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that the request for "*all* Documents and Communications" related to numerous policies, procedures, practices, and training materials related to "aircraft windows" (which could include myriad issues having nothing to do with Plaintiffs' claims) is facially overbroad and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of this case. United further objects that this Request is overbroad and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of this case because it seeks discovery relating to Exterior Row Seats having a window that is partially obstructed. United further objects to this Request because any materials concerning how to "describe" or "sell" bear no relevance to Plaintiffs' claims, which focus squarely on United's alleged digital representations online or through the United mobile app, not alleged promises made by live employees, and which are in any event governed entirely by the CoC. United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that allows United to designate such information as Attorneys' Eyes Only. In addition, United objects to this Request to the extent it purports to call for the production of documents protected by the attorney-client privilege and/or the work product doctrine.

Without waiving these objections, and subject to the entry of an appropriate confidentiality protective order, United will produce nonprivileged documents describing or constituting any United "policies, procedures, practices, and training materials for customer service representatives" with respect to how to address issues, complaints, or refunds related to Exterior Row Seats that lack an exterior window, for passengers who paid Seat Fees in the form of cash or MileagePlus miles during the period from January 1, 2019 through September 5, 2025, to the extent such documents exist and can be located by means of a reasonable search. United will not search for or produce other documents sought by this Request.

16. All Documents and Communications concerning Your policies, procedures, decisions, choices, considerations, and/or practices for designating, labeling, classifying, or marketing Your Exterior-Row Seats.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that the request for "*all* Documents and Communications" related to the subject matter set forth in the Request is facially overbroad and not proportional to the needs of the case. United further objects to this Request on the ground that United's policies and practices relating to "designating, labeling, classifying, or marketing" its Exterior Row Seats are not relevant to any party's claim or defense or proportional to the needs of the case because Plaintiffs' claims are governed entirely by the CoC. United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that allows United to designate such information as Attorneys' Eyes Only. In addition, United objects to this Request to the extent it purports to call for the production of documents protected by the attorney-client privilege and/or the work product doctrine. United will not search for or produce documents sought by this Request.

17. All Documents and Communications regarding Windowless Window Seats.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that the request for "*all* Documents and Communications" related to the subject matter set forth in the Request is facially overbroad and not proportional to the needs of the case. United further objects that this Request is overbroad and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of this case because it seeks discovery relating to Exterior Row Seats having a window that is partially obstructed. United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that allows United to designate such information as Attorneys' Eyes Only. United further objects to this Request to the extent it purports to call for the production of documents protected by the attorney-client privilege and/or the work product doctrine.

Without waiving these objections, and subject to the entry of an appropriate confidentiality protective order, United will produce the documents identified in its responses to Request Nos. 1, 2, 7, 8 and 13-15. United will not search for or produce other documents sought by this Request.

18. All Documents and Communications relating to financial analyses of Seat Fees (including for any Exterior-Row Seats or Windowless Window Seats), the pricing of any Seat Fees, any cost-benefit analyses of Seat Fees (including by type of Seat Fee, or type of passenger, and form of consideration for such fees), and the decision to impose or introduce or not impose or not introduce Seat Fees.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request as duplicative because it necessarily incorporates the information sought in Request No. 5, which is objectionable for the same reasons identified above. United further objects to this Request on the ground that the request for "*all* Documents and Communications" related to the subject matter set forth in the Request is facially overbroad and not proportional to the needs of the case. United further objects that the term "financial analysis" is vague and ambiguous. United further objects that this Request is overbroad and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of the case because the term "Seat Fees," as defined by Plaintiffs, is not limited to amounts paid, either in cash or MileagePlus miles, by (a) Economy passengers to select an Economy Plus or Preferred Economy seat, or (b) Basic Economy passengers to obtain the ability to select a seat without upgrading to the Economy fare class, but instead includes amounts paid by passengers for business or first class seats, and amounts paid by passengers to upgrade from Basic Economy to Economy. United further objects that this Request is overbroad and seeks discovery that is not relevant or proportional to the needs of the case because "the decision to impose or introduce or not impose or not introduce Seat Fees," however defined, is of no relevance to Plaintiffs' claims. United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that would allow United to designate the information sought by this Request as Attorneys' Eyes Only. In addition, United objects to this Request to the extent it purports to call for the production of documents protected by the attorney-client privilege and/or the work product doctrine.

Without waiving these objections, and subject to the entry of an appropriate confidentiality protective order, United will produce the documents identified in its response to Request No. 5. United will not search for or produce other documents sought by this Request.

19. All Documents and Communications reflecting industry standards, practices, or customs regarding the labeling and/or marketing of Exterior-Row Seats.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that the request for "*all* Documents and Communications" related to the subject matter set forth in the Request is facially overbroad and not proportional to the needs of the case. United further objects that "industry standards, practices, or customs" regarding the labeling and/or marketing of "Exterior-Row Seats" are of no relevance to Plaintiffs' claims, which are governed entirely by the CoC. In addition, United objects to this Request to the extent it purports to call for the production of documents protected by the attorney-client privilege and/or the work product doctrine. United will not search for or produce documents sought by this Request.

20. All Documents and Communications relating to each individual Plaintiff's travel with You in which he or she sat in a Windowless Window Seat, including, but not limited to all Ticket records, all associated Seat Maps, all associated Communications, and all associated data within Your reservation system.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that many such documents are more easily accessible by Plaintiffs and already in their possession. United further objects that the Request is overbroad and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of this case because it is not limited to each individual Plaintiff's travel with United in which he or she sat in an Exterior Row Seat that lacked an exterior window. United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that allows United to designate such information as Attorneys' Eyes Only. United further objects to this Request to the extent it purports to call for the production of documents protected by the attorney-client privilege and/or the work product doctrine.

Without waiving these objections, and subject to the entry of an appropriate confidentiality protective order, United will produce nonprivileged documents in its possession, custody or control relating to each individual Plaintiff's travel with United in which he or she sat in an Exterior Row Seat that lacked an exterior window, to the extent such documents can be located by means

of a reasonable search. United will not search for or produce other documents sought by this Request.

21. All Documents and Communications produced in any prior litigation, arbitration, investigation, or administrative proceeding relating to Windowless Window Seats.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects that the word "investigation" as used in the Request is vague and ambiguous. United further objects that the Request seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of this case because it seeks discovery relating to Exterior Row Seats having a window that is partially obstructed. United further objects to this Request in that it is unclear whether it is limited to any "prior litigation, arbitration, investigation or administrative proceeding" in which United was involved and/or to documents produced by United. In responding to this Request, United construes the Request as seeking documents and communications produced by United in a prior litigation, arbitration, investigation or administrative proceeding relating to Windowless Window Seats.

Without waiving these objections, United states that no responsive documents exist.

22. All Documents and Communications between You and any federal regulatory agency regarding Seat Maps, Seat Fees, seat labeling, or customer complaints about Windowless Window Seats.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that the request for "*all* Documents and Communications" related to the subject matter set forth in the Request is facially overbroad and not proportional to the needs of the case. United further objects that this Request is overbroad and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of the case because the term "Seat Fees," as defined by Plaintiffs, is not limited to amounts paid, either in cash or MileagePlus miles, by (a) Economy passengers to select an Economy Plus or Preferred Economy seat, or (b) Basic Economy passengers to obtain the ability to select a seat without upgrading to the Economy fare class, but instead includes amounts paid by passengers for business or first class seats, and amounts paid by passengers to upgrade from Basic Economy to Economy. United further objects that this Request is overbroad and seeks discovery that is not

relevant to any party's claim or defense or proportional to the needs of this case because it seeks discovery relating to Exterior Row Seats having a window that is partially obstructed. United further objects to the Request on the ground that it seeks customer-identifying information, which is both premature, and would invade the privacy of rights of such individuals, who are not and have not agreed to be parties to the action, until and unless a class is certified.

Without waiving these objections, United states that it will produce nonprivileged, responsive documents relating to Exterior Row Seats that lack or lacked an exterior window, for the period from January 1, 2019 through September 5, 2025, to the extent such documents exist and can be located by means of a reasonable search. To the extent such documents are identified and produced, United will redact any private, customer-identifying information for all customers except the named Plaintiffs. United will not search for or produce other documents sought by this Request.

23. All Documents and Communications referencing the following provisions (or substantially similar earlier iterations thereof) in Your Contract of Carriage: (1) the definition of ticket as defined in the Contract of Carriage; (2) Rule 6(C); (2) Rule 4(D); (3) Rule 24; and (4) the COC Class Waiver.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that that the request for "*all* Documents and Communications" related to the subject matter set forth in the Request is facially overbroad and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of the case. To take just one example, Rule 24 of the CoC contains over 40 sub-paragraphs, covering myriad subjects and circumstances, including the rights and obligations of United and passengers in the event of schedule changes, delays and cancellations. Plaintiffs' request for all documents and communications referencing any provision of that Rule (or any of the other provisions identified in this Request) would impose a burden on United that would be grossly disproportionate to any possible benefit of such discovery to this action. United further objects that the request for documents and communications referencing the terms of the CoC, which speak for themselves, seeks discovery that is not relevant to any party's claim or defense and not proportional to the needs of the case. United further objects that the request for documents and communications

referencing the class action waiver set forth in Rule 3.P of the CoC is premature and seeks discovery that is not relevant to any party's claim or defense for the additional reason that United has not relied on the class action waiver in its pending motion to dismiss and has not yet filed an answer to Plaintiffs' pleading. United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that would allow United to designate the information sought by this Request as Attorneys' Eyes Only. In addition, United objects to this Request to the extent it purports to call for the production of documents protected by the attorney-client privilege and/or the work product doctrine.

Without waiving these objections, United is willing to meet and confer with Plaintiffs regarding the scope of this Request.

24. All Documents purporting to show how You alert passengers to the COC Class Waiver.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects that this Request is premature and seeks discovery that is not relevant to any party's claim or defense, as United has not relied on the class action waiver in its pending motion to dismiss and has not yet filed an answer to Plaintiffs' pleading. United will not search for or produce documents sought by this Request.

25. Documents sufficient to show Your revenue and profits derived from all Seat Fees United charges by type of such fee, including documents sufficient to show Your revenue and profits from the sale of Exterior Row Seats and Windowless Window Seats.

**RESPONSE**: In addition to the foregoing Objections to Definitions and Instructions, United objects to this Request on the ground that it is overbroad and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of the case because the term "Seat Fees," as defined by Plaintiffs, is not limited to amounts paid, either in cash or MileagePlus miles, by (a) Economy passengers to select an Economy Plus or Preferred Economy seat, or (b) Basic Economy passengers to obtain the ability to select a seat without upgrading to the Economy fare class, but instead includes amounts paid by passengers for business or first class seats, and amounts paid by passengers to upgrade from Basic Economy to Economy. Additionally, the

Request is overbroad and seeks discovery that is not relevant to any party's claim or defense or proportional to the needs of this case because it seeks discovery relating to Exterior Row Seats having a window that is partially obstructed, and because United's "profits" are of no relevance to Plaintiffs' claims. United further objects that this Request seeks confidential and proprietary information of United, which United objects to producing absent the entry of an appropriate confidentiality protective order that would allow United to designate the information sought by this Request as Attorneys' Eyes Only.

Without waiving these objections, and subject to the entry of an appropriate confidentiality protective order, United will produce nonprivileged documents sufficient to show United's revenue derived from amounts paid, either in cash or MileagePlus miles, by (a) Economy passengers to select an Economy Plus or Preferred Economy seat, or (b) Basic Economy passengers to obtain the ability to select a seat without upgrading to the Economy fare class, for Exterior Row Seats that lacked an exterior window, for the period from January 1, 2019 to September 5, 2025, to the extent such documents exist and can be located by means of a reasonable search. United will not search for or produce other documents sought by this Request.

Dated: February 9, 2026

Respectfully Submitted:

**RILEY SAFER HOLMES & CANCILA LLP**

By: /s/ *Sondra A. Hemeryck*
Sondra A. Hemeryck (*pro hac vice*)
Eli Litoff (*pro hac vice*)
Steven E. Vogel (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone: (312) 471-8700
Facsimile: (312) 471-8701

elitoff@rshc-law.com
svogel@rshc-law.com

Jeffrey R. Williams (CSB No. 084156)
RILEY SAFER HOLMES & CANCILA LLP
jwilliams@rshc-law.com
456 Montgomery Street, 16th Floor