

Sondra A. Hemeryck
312-471-8700
shemeryck@rshc-law.com

July 7, 2026

**Via ECF and Hand Delivery**
Hon. James Donato
United States District Court for the Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    *Brenman, et al. v. United Airlines, Inc.*, No. 3:25-cv-06995 (N.D. Cal.)

Dear Judge Donato:

I write on behalf of Defendant United Airlines, Inc. ("United") to summarize the discovery disputes that have arisen with the plaintiffs ("Plaintiffs") in the above-captioned matter. Pursuant to the Court's Standing Order for Discovery in Civil Cases, I certify that the parties have met and conferred via videoconference but have been unable to resolve the disputes set forth below. The disputed Requests for Production ("RFPs") and Interrogatories ("ROGs") are attached as Ex. A.

Despite filing this case on behalf of an asserted nationwide class spanning more than 10 years and seeking discovery from United over that same time period, Plaintiffs have refused to produce discovery for even two full years within that period or related to anything other than the few flights they chose to highlight in the Amended Complaint (the "Complaint"). Additionally, Plaintiffs have refused to let United evaluate the factual basis for their allegations about the physical and mental symptoms they claim to have suffered on those flights. Plaintiffs' objections should be overruled so that United has a full and fair opportunity to defend the claims in this case.

**I.      Plaintiffs should produce discovery going back to at least January 2019.**

Plaintiffs propose an inequitable discovery period. They seek more than 10 years of discovery from United while contending that they should have to produce less than two years of discovery (or for Plaintiff Pawloski, less than three). There is no basis for this disparity.

Plaintiffs present themselves as proposed class representatives for a putative class of passengers over more than a 10-year period and seek discovery from United for that entire period. Yet when United proposed a reasonable start date of January 2019 for Plaintiffs' productions (a period of less than six years), Plaintiffs refused to agree. *See* Ex. A. They also rejected United's more modest compromise start date of January 2020 offered during meet-and-confer discussions.

Plaintiffs should not be permitted to seek such broad historical discovery from United while drastically limiting the period for their own discovery, particularly because they allege recurring, habitual conduct. For example, Plaintiff Brenman alleges that he "regularly purchases" flights between Washington, D.C., and San Francisco and "routinely purchases a window seat." FAC ¶ 9. And Plaintiff Monroe suggests that he always "books a seat on the left side of the plane." *Id.* ¶ 10. Plaintiffs' proposed time period for their productions—January 1, 2024, to September 5, 2025—would prevent United from meaningfully scrutinizing these allegations through discovery.

**II.      Plaintiffs should produce discovery related to all flights they took during the relevant period, not merely the few United flights they cherry-picked for the Complaint.**

Plaintiffs have improperly limited their discovery responses to the specific flights they highlighted in the Complaint. That restriction affects RFP Nos. 4–6, 10, and 17, and ROG No. 13, among others, and it should be rejected. Plaintiffs allege more than isolated transactions here. They claim they paid for window seats because those seats and views are important to them; that they routinely purchase such seats; and that they and others suffer from various conditions (e.g., claustrophobia, complex regional pain, hypersensitivity) that necessitate sitting in seats with window views. *See* FAC ¶¶ 9–15, 33. United is entitled to discovery regarding these allegations.

This is not a request for unlimited discovery. United proposed a narrow scope for RFP Nos. 4–6 and 10 during meet-and-confer discussions, tracking language that Plaintiffs themselves have used: documents related to Plaintiffs' purchases and selections of, and travel experiences with, seats on United flights and other airline flights during the discovery period. Additionally, RFP No. 17 merely seeks Plaintiffs' photos (if any) of the interior of any United aircraft on which Plaintiffs flew. And ROG No. 13 seeks basic information about Plaintiffs' non-United flights.

This information is relevant in several respects. Most importantely, United is entitled to "defend against the plaintiff's allegations." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). If Plaintiffs' travel history shows they regularly selected non-window seats on United flights (or on other airlines), or had no consistent preferences, that would rebut their express allegations regarding the importance of window seats to them and what they "routinely" do. It would also potentially undermine their theories of injury and damages (for example, if a Plaintiff chooses an aisle seat in Business Class rather than selecting a window seat in Standard Economy).

Additionally, such information would be relevant for impeachment purposes, as it would directly go to Plaintiffs' credibility by showing their allegations were inaccurate. *See, e.g.*, *Davis v. Kelly Servs., Inc.*, No. CV 17-1699-GW (PLAX), 2017 WL 11633478, at *7 (C.D. Cal. Oct. 23, 2017) (holding that "documents that tend to implicate credibility . . . are discoverable"); Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2000 and 2015 amendments (noting that "information that could be used to impeach a likely witness" is discoverable).

Finally, Rule 26 allows discovery relevant to a "party's claim *or defense.*" Fed. R. Civ. P. 26(b)(1) (emphasis added). United is therefore entitled to this information to prepare its defenses regarding the alleged typicality of Plaintiffs' claims and Plaintiffs' alleged adequacy as class representatives. If discovery shows the Complaint contains inaccurate allegations, for example, that could impact Plaintiffs' ability to meet the adequacy of representation requirement under Rule 23. *See Averza v. Super Micro Computer, Inc.*, 788 F. Supp. 3d 1060, 1076 (N.D. Cal. 2025) (holding that evidence of "inaccurate filings can undermine [a plaintiff's] credibility or demonstrate carelessness," which in turn can show the plaintiff is "inadequate under Rule 23(a)").

**III.     Plaintiffs should produce discovery as to their alleged physical and mental symptoms.**

Plaintiffs objected to RFP No. 19 and ROG No. 9 on the grounds that this case sounds in contract and they do not seek personal-injury or emotional-distress damages. United agrees that Plaintiffs cannot recover those damages. But that does not preclude discovery into their allegations.

Plaintiffs pleaded specific physical and emotional symptoms that they contend were exacerbated by sitting in seats without an exterior window: Plaintiff Monroe allegedly suffers from complex regional pain, hypersensitivity, and nerve damage, and allegedly experienced "significant pain and discomfort" on his flight because he could not rest his arm on a windowsill; Plaintiff Minyard allegedly selected a window seat because he suffers from claustrophobia and then "suffered from claustrophobia throughout his flight"; and Plaintiff Copaken allegedly prefers window seats because she experiences claustrophobia on flights. FAC ¶¶ 10–12, 15. Plaintiffs also alleged that windows provide comfort to passengers who experience, among other things, anxiety, motion sickness, fear of flying, seasonal affective disorder, depression, and panic attacks. *Id.* ¶ 33.

The federal rules do not permit Plaintiffs to include these specific factual allegations in the Complaint merely for narrative value and then refuse discovery into whether they are true. Rule 11 required Plaintiffs and their counsel to certify that the complaint's factual contentions had evidentiary support. Fed. R. Civ. P. 11(b)(3). United's discovery seeks the information necessary to ascertain the truthfulness, and legal ramifications, of those contentions. Moreover, Plaintiffs' damages disclaimer does not solve the problem. Even if Plaintiffs do not seek emotional-distress or personal-injury damages,[1] the allegations were clearly asserted and may bear on their credibility, as well as the alleged typicality of their claims and their alleged adequacy as class representatives. United should be permitted discovery into the factual basis for these allegations.[2]

The rule here is simple: because Plaintiffs included specific factual allegations in the Complaint, United is allowed to test their veracity through discovery. *See, e.g.*, *Morgan Hill Concerned Parents Ass'n v. Calif. Dep't of Educ.*, No. 2:11-CV-3471, 2016 WL 4375015, at *6 (E.D. Cal. Aug. 17, 2016) (rejecting plaintiffs' argument that discovery as to specific incidents alleged in complaint was not relevant because case supposedly was not about those incidents: "It is simply not reasonable for plaintiffs to argue that they can make allegations . . . in their complaint and then prevent defendant from obtaining the information it needs to challenge those allegations"); *LDGP, LLC v. Cynosure, Inc.*, No. 15 CV 50148, 2016 WL 11706712, at *3 (N.D. Ill. Aug. 15, 2016) (allowing defendant to "test the veracity" of plaintiffs' allegations because they "were relevant enough in plaintiffs' view to be mentioned in the complaint").

For all these reasons, United respectfully requests that the Court order Plaintiffs to: (1) respond to discovery for at least the period of January 1, 2019, through September 5, 2025; (2) supplement their responses to RFP Nos. 4–6, 10, and 17, ROG No. 13, and related requests, without limiting the information provided to the flights referenced in the Complaint; and (3) produce documents and information responsive to RFP No. 19 and ROG No. 9.

Sincerely,

Sondra A. Hemeryck
*Attorney for Defendant United Airlines, Inc.*

---

[1] Plaintiffs' disclaimer is inconsistent with their broad request for "all appropriate monetary relief" and "such other monetary remedies the Court deems are available and appropriate." FAC Prayer for Relief ¶ B.

[2] Based on their relevance objections regarding their other flights and alleged symptoms, Plaintiffs have rejected United's proposed search terms and plan to search using only three terms: window, windowless, or United. These terms are far too narrow to capture documents responsive to RFP Nos. 4–6, 10, and 19.