**Exhibit A**

**Disputed Discovery Requests and Responses**

**Definitions – Requests for Production:** "Relevant Period" means the period of time beginning on January 1, 2019 and continuing through September 5, 2025.

> **Response:** Plaintiffs object to the Definition of Relevant Period insofar as it includes the period of time beginning on January 1, 2019 and continuing through September 5, 2025 because the time period is overbroad and unduly burdensome and untethered to the specific allegations regarding each Plaintiff in the Amended Complaint. Given the specific allegations of Plaintiffs' flights in the Amended Complaint, Plaintiffs will construe the Relevant Period as encompassing the period between January 1, 2024 and September 5, 2025.

**Request for Production No. 4:** All Documents relating to any United or United Express flight on which You flew in the Relevant Period.

> **Answer:** Plaintiffs object to this request as overbroad, unduly burdensome, seeking irrelevant information, and being disproportionate to the needs of the case, including because it seeks "all" documents concerning any flight Plaintiffs flew over the last seven years—without any showing that such broad demands are warranted, necessary, and material to any claim or defense in this action, which concern breach of contract theories concerning specific flight itineraries alleged in the complaint. Construed literally, "all" such responsive information encompasses documents that are facially irrelevant and/or have no reasonable utility in the action in comparison to the burdens of production, and United itself maintains extensive responsive information. Subject to and without waiving the foregoing objections, plaintiffs will produce responsive documents pursuant to a reasonable search for non-privileged documents and communications related to the purchases and selections of, and travel experiences with, the Windowless Window Seats alleged in the complaint.

**Request for Production No. 5:** All Documents relating to any United or United Express flight that you booked in the Relevant Period and on which you flew after the Relevant Period.

> **Answer:** Plaintiffs object to this request as overbroad, unduly burdensome, seeking irrelevant information, and being disproportionate to the needs of the case, including because it seeks "all" documents concerning any flight Plaintiffs flew after the Relevant Period—without any showing that such broad demands are warranted, necessary, and material to any claim or defense. Construed literally, "all" such responsive information encompasses documents that are facially irrelevant and/or have no reasonable utility in this action—which concerns breach of contract theories concerning specific flight itineraries alleged in the complaint—in comparison to the burdens of production, and United itself exclusively maintains extensive responsive information. Subject to and without waiving the foregoing objections, plaintiffs are willing to produce responsive documents pursuant to a reasonable search for non-privileged documents and communications related to the purchases and selections of, and travel experiences with, the Windowless Window Seats alleged in the complaint.

**Request for Production No. 6:** All Documents relating to any flight on any airline other than United and United Express on which You flew between January 1, 2019 and the present.

    **Answer:** Plaintiffs object to this Request on the grounds that it seeks information and documents that are irrelevant to the claims and defenses in this Action and are not proportional to the needs of the case. Documents relating to flights taken on airlines other than United or United Express bear no relevance to the allegations at issue in this litigation, which concerns breach of contract theories concerning specific flight itineraries alleged in the complaint, and are not reasonably calculated to lead to the discovery of admissible evidence.

    Plaintiffs further object to this Request as overly broad and unduly burdensome insofar as it seeks "all documents" concerning every flight taken on any non-United airline over a period exceeding five years, without limitation as to subject matter, relevance, or connection to the claims asserted in this Action.

**Request for Production No. 10:** All Documents that relate to or reflect Communications that You, or anyone acting on Your behalf, had with United from January 1, 2019 to the present.

    **Answer:** Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses in this Action and not proportional to the needs of the case. The Request improperly seeks "all" communications between Plaintiffs and United over a period exceeding six years, without limitation to the specific flights or allegations at issue in the Complaint. Plaintiffs further object to this Request to the extent it seeks documents and communications already in Defendant United's possession, custody, or control, including United's own customer-service records, booking records, correspondence, chat logs, emails, call records, and internal account records. Plaintiffs object to this Request to the extent it seeks communications by "anyone acting on Your behalf," as that phrase is vague, ambiguous, and undefined and improperly expands the scope of the Request beyond Plaintiffs' own communications and possession, custody, or control.

    Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged responsive communications with United concerning the flights specifically referenced in the Complaint.

**Request for Production No. 17:** Any photos of the interior of a United or United Express aircraft on which You flew during the Relevant Period.

    **Answer:** Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks "any photos" of the interior of any United or United Express aircraft on which Plaintiffs flew during the Relevant Period, without limitation to the specific flights or allegations at issue in the Complaint. Plaintiffs further object to the Request to the extent it seeks photographs unrelated to the claims and defenses in this Action.

Exhibit A
-2-

Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged responsive photographs, if any, depicting the interior of the aircraft on the alleged windowless window seat flights referenced in the Complaint, to the extent such photographs are within Plaintiffs' possession, custody, or control.

**Request for Production No. 19:** All Documents relating to any adverse physical, mental or emotional symptoms You claim to have experienced during a United or United Express flight where You were seated in a seat next to the aircraft fuselage that did not have an exterior window view.

**Answer:** Plaintiffs object to this Request because it does not seek information that is relevant or proportional to the needs of the case because this is an action for claims sounding in contract and Plaintiffs do not seek damages for "physical, mental or emotional symptoms." Plaintiffs additionally object to the extent the Request seeks medical, psychological, or other private information protected from disclosure by applicable privacy rights or privileges.

Subject to and without waiving the foregoing objections, Plaintiffs state that they are not asserting claims for personal injury or emotional distress damages requiring medical proof.

**Interrogatory No. 9:** Identify any adverse physical, mental or emotional symptoms You claim to have experienced during a United or United Express flight where You were seated in a seat next to the aircraft fuselage that did not have an exterior window view.

**Answer:** Plaintiffs object that this Interrogatory does not seek information that is relevant or proportional to the needs of the case because this is an action for claims sounding in contract and Plaintiffs do not seek damages for "physical, mental or emotional symptoms." Plaintiffs further object to this Interrogatory as vague and ambiguous with respect to the phrase "adverse physical, mental or emotional symptoms."

**Interrogatory No. 13:** Identify all flights on airlines other than United or United Express on which You flew between January 1, 2019 and the present and were seated in a middle seat, an aisle seat, or any other seat that did not have an exterior window view, including: (a) The date of the flight; (b) The name of the airline; (c) The departure and destination airports; (d) The type of aircraft (e.g., Airbus 320, Boeing 777-300ER); and (e) The number of Your seat.

**Answer:** Plaintiffs object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of relevant information to the extent it seeks extensive information that is not relevant to Plaintiffs' claims as alleged in the complaint, nor United's defenses to those claims, which sound in breach of contract concerning specific flight itineraries alleged in the complaint. Plaintiffs further object to this Interrogatory because it seeks information that is not within Plaintiffs' reasonable possession, custody, or control and would require Plaintiffs to reconstruct over six years of unrelated travel history, including flight dates, aircraft types, seat assignments, and routing information that are not reasonably accessible to Plaintiffs and are instead maintained, if at all, by third-party airlines and travel providers.

Exhibit A

-3-
