RILEY SAFER HOLMES & CANCILA LLP
SONDRA A. HEMERYCK (*pro hac vice*)
shemeryck@rshc-law.com
ELI LITOFF (*pro hac vice*)
elitoff@rhsc-law.com
JACOB L. KAHN (*pro hac vice*)
jkahn@rshc-law.com
STEVEN E. VOGEL (*pro hac vice*)
svogel@rshc-law.com
1 S. Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone: (312) 471-8700
Facsimile: (312) 471-8701

STEPHEN M. HANKINS (CSB No. 154886)
shankins@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8550
Facsimile: (415) 275-8551

*Attorneys for Defendant*
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC BRENMAN, AVIVA COPAKEN, SEAN MINYARD, ROBERT MONROE, and CINDY PAWLOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | Case No. 3:25-cv-06995-JD<br><br>**UNITED AIRLINES, INC.'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>FAC: Oct. 15, 2025<br><br>Trial Date: Oct. 18, 2027 |

Defendant United Airlines, Inc. ("United"), by and through its undersigned counsel, submits the following Answer and Affirmative Defenses to the First Amended Class Action Complaint, Dkt. 24 ("FAC") filed by Plaintiffs Marc Brenman, Aviva Copaken, Sean Minyard, Robert Monroe and Cindy Pawlowski ("Plaintiffs"):

## INTRODUCTION

1. United admits only that Plaintiffs purport to bring this case as a class action. United denies the remaining allegations in Paragraph 1 of the FAC.

2. United admits only that its fleet includes planes that have one or more seats located next to the aircraft fuselage that lack an exterior window view or have a partially obstructed window. United denies the remaining allegations in Paragraph 2 of the FAC.

3. United admits only that it operates hundreds of aircraft that have one or more seats located next to the aircraft fuselage that lack an exterior window view or have a partially obstructed window, and that during the time period from January 1, 2019 to September 5, 2025, passengers purchased over million such seats. United denies the remaining allegations in Paragraph 3 of the FAC.

4. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 4 of the FAC. United denies the remaining allegations in Paragraph 4.

5. Upon information and belief, United admits that some passengers prefer to have a seat with an exterior window view, for a variety of reasons specific to those passengers. United lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the FAC.

6. United admits only that it receives passenger comments about a wide variety of issues, including, on occasion, comments about seats located next to the aircraft fuselage that lack an exterior window view or have a partially obstructed window. United denies the remaining allegations in Paragraph 6 of the FAC.

7. United admits only that in 2025, it updated the seat selection interfaces on both its website (www.united.com) and its mobile application to identify seats located next to the aircraft fuselage that lack an exterior window view or have a partially obstructed window. United lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the FAC concerning the “software features” used by American Airlines and Alaska Airlines. United denies the remaining allegations in Paragraph 7.

8. United admits only that Plaintiffs purport to seek compensatory damages on behalf of themselves and a purported class. United denies the remaining allegations contained in Paragraph 8.

**PARTY BACKGROUND AND EXPERIENCE**

9. United admits, on information and belief, that Plaintiff Marc Brenman ("Brenman") is a resident of San Francisco, California. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second through seventh sentences of Paragraph 9 of the FAC. United admits only that, according to United's records, on two occasions in 2024, Brenman traveled on a United flight where he sat in a seat located next to the aircraft fuselage that did not have an exterior window view. United denies that Brenman remitted any consideration to "buy a window," denies that it "refunded him 7,500 miles" for sitting in a seat located next to the aircraft fuselage that lacked an exterior window view, and denies the remaining allegations in Paragraph 9.

10. United admits, on information and belief, that Plaintiff Robert Monroe ("Monroe") is a resident of Honolulu, Hawaii. United lacks knowledge or information sufficient to form a belief as to the allegations in the second through fifth, seventh, and eighth sentences in Paragraph 10. United admits that, according to United's records, in 2025, Monroe made a round-trip reservation for Honolulu, Hawaii to Hartford, Connecticut, connecting through Washington Dulles airport, and returning from Hartford to Honolulu through Washington Dulles and San Francisco, California. United further admits that, on the flight from San Francisco to Honolulu, Monroe sat in a seat located next to the aircraft fuselage that lacked an exterior window view, that Monroe contacted United about the seat, and that United gave Monroe 5,000 "goodwill miles." United denies that Monroe paid any fees to "buy a seat with a window," denies that he "paid extra for that 'window' seat," and denies the remaining allegations in Paragraph 10.

11. United admits, on information and belief, that Plaintiff Sean Minyard ("Minyard") is a resident of Marin County, California. United admits that, according to United's records, in 2025, Minyard flew on a United flight from San Francisco, California to Kona, Hawaii; that between the date the ticket was issued and the departure date of the flight Minyard or someone

acting on his behalf paid an additional $52.99 for a Preferred Zone seat in the Economy section of the aircraft for that flight; and that Minyard sat in a seat located next to the aircraft fuselage that did not have an exterior window view. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth, fifth and ninth sentences in Paragraph 11 of the FAC. United denies Minyard's allegation that the screenshot included in Paragraph 11 shows his ticket, and denies the remaining allegations in Paragraph 11.

12. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the FAC.

13. United admits only that Minyard contacted United and that United refunded his $52.99 Preferred Zone fee. United denies the remaining allegations in Paragraph 13 of the FAC.

14. United admits on information and belief that Plaintiff Cindy Pawlowski ("Pawlowski") is a resident of Bluff City, Tennessee. United admits that, according to United's records, in 2023, Pawlowski purchased tickets for round-trip travel between Syracuse, New York and Phoenix, Arizona, connecting through Chicago, Illinois, on United flights departing in January 2024, for herself and Mark Pawlowski. United admits that, according to United's records, Pawlowski selected 21A and 21B, 31A and 31B, and 29E and 29F, for those flights. United denies that Pawlowski "paid extra" for those seats and denies that Pawlowski sat in a seat next to the aircraft fuselage on any of those flights. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the FAC concerning why Pawlowski selected the seats that she did. United denies that any of the seats she selected were "labeled with the word 'window' during the seat selection process" and denies that her ticket "included the phrase 'Window Seat' to describe her or her husband's seat." United admits that, in August 2025 (two days after this lawsuit was filed), Pawlowski complained to United about her January 2024 flights, that the United representative told her "I understand how disappointing it can be to not sit in the seat you requested," and that United declined to issue her a refund. United denies the remaining allegations in Paragraph 14.

15. Former Plaintiff Aviva Copaken has dismissed her asserted claims (ECF 69), so no answer to Paragraph 15 of the FAC is required or given.

16. United admits only that it provides commercial air transportation services; that it transports millions of passengers each year to destinations across six continents; that the San Francisco International Airport is one of its hubs; that it is a wholly owned subsidiary of United Airlines Holdings, Inc., a publicly held corporation; that it is a Delaware corporation; and that its headquarters is located at 233 S. Wacker Dr., Chicago, Illinois 60606. United denies all remaining allegations in Paragraph 16 of the FAC.

**JURISDICTION AND VENUE**

17. United admits, on information and belief, that Brenman is a resident of San Francisco and that the San Francisco International Airport is one of United's hubs. United denies the remaining factual allegations in Paragraph 17 of the FAC, and states that the remainder of Paragraph 17 is a legal conclusion to which no answer is required or given.

18. Paragraph 18 is a legal conclusion to which no answer is required. To the extent an answer is required, United admits only that this Court may have subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005. United denies that any class could be certified here.

19. Paragraph 19 is a legal conclusion to which no answer is required. To the extent an answer is required, United admits only that this Court may have specific personal jurisdiction over United based on United's activities in the forum related to the claims asserted by Plaintiffs Brenman and Minyard, if they remain named plaintiffs. United denies that the Court has general personal jurisdiction over United and denies any remaining allegations in Paragraph 19 of the FAC.

20. Paragraph 20 is a legal conclusion to which no answer is required. To the extent an answer is required, United admits only that venue may be proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

21. United admits only that around 2017 it introduced a new fare class, called Basic Economy. United denies the remaining allegations in Paragraph 21 of the FAC.

22. United admits only that, most of the time, Standard Economy fares for a given flight are more expensive than Basic Economy fares for that flight. United denies the remaining

allegations in Paragraph 22 of the FAC.

23. United admits only that it offers passengers who purchase either Basic Economy or Standard Economy tickets the opportunity to select an Economy Plus seat, or a Preferred Zone seat, by paying an additional fee, which varies depending on certain factors. Further answering, United states that MileagePlus® Premier® members also have the ability, depending on their specific status and the timing of the selection, to select Economy Plus seats for themselves and one companion without paying an additional fee. United denies the remaining allegations in Paragraph 23 of the FAC.

24. United denies the allegations in Paragraph 24 of the FAC.

25. United admits that only that it collects fees from some passengers for Economy Plus seating, Preferred Zone seating, and Basic Economy advance seat assignments. United lacks knowledge or information sufficient to understand what Plaintiffs intend by the use of the word "significant" in Paragraph 25 of the FAC. United admits that Paragraph 25 includes snippets apparently taken from a November 26, 2024 report of the Senate Permanent Subcommittee on Investigations ("PSI Report"), and that the last sentence of Paragraph 25 paraphrases one purported finding of the PSI Report. United denies that the allegations in Paragraph 25 fully and accurately summarize the PSI Report, denies any characterization or description that is inconsistent with that document, and denies the remaining allegations in Paragraph 25.

26. United admits that it currently offers the MileagePlus® Program, which includes but is not limited to the accrual and redemption of miles, awards and benefits and Premier® and Million Miler benefits. MileagePlus Rules are located online at https://www.united.com/en/us/fly/mileageplus/rules.html. Further answering, United admits that MileagePlus® members who have obtained Premier® status may be able to select an Economy Plus or Preferred Zone seat without an additional payment, depending on timing of the selection and seat availability. United denies the remaining allegations in Paragraph 26 of the FAC.

27. United admits only that it currently offers the United Gateway Card, the United Explorer Card, the United Quest Card, the United Club Card, the United Business Card, and the United Club Business Card. Offer details and pricing information as well as terms and conditions

for the aforementioned cards are available online at the following locations:

| | | |
|---|---|---|
| **United Gateway Card** | Offer Details | Pricing Information and Terms and Conditions |
| **United Explorer Card** | Offer Details | Pricing Information and Terms and Conditions |
| **United Quest Card** | Offer Details | Pricing Information and Terms and Conditions |
| **United Club Card** | Offer Details | Pricing Information and Terms and Conditions |
| **United Business Card** | Offer Details | Pricing Information and Terms and Conditions |
| **United Business Club Card** | Offer Details | Pricing Information and Terms and Conditions |

United denies the remaining allegations in Paragraph 27 of the FAC.

28. United denies the allegations in Paragraph 28 of the FAC.

29. United denies the allegations in Paragraph 29 of the FAC.

30. United denies the allegations in the first sentence of Paragraph 30 of the FAC and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 30.

31. United denies the allegations in the first sentence of Paragraph 31 of the FAC and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31.

32. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the FAC.

33. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the FAC.

34. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the FAC.

35. United denies that its fleet includes hundreds of Airbus A321-series planes. United otherwise admits the allegations in Paragraph 35 of the FAC.

36. United admits only that its fleet includes planes that have one or more seats located next to the aircraft fuselage that lack an exterior window view or have a partially obstructed

window. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the website of Alaska Airlines. United denies the remaining allegations in Paragraph 36 of the FAC.

37. United admits that, at the time this lawsuit was filed, the seat selection interfaces on United's website and mobile app did not specifically identify seats located next to the aircraft fuselage that either do not have an exterior window view or have a partially obstructed window, and that the seat number of such seats varies depending on the aircraft configuration. United further admits that its fleet includes planes that have one or more seats located next to the aircraft fuselage that lack an exterior window view or have a partially obstructed window. United denies the remaining allegations in Paragraph 37 FAC.

38. United admits only that Paragraph 38 of the FAC includes what appears to be a photo of a seat next to the aircraft fuselage that does not have an exterior window view. United denies the remaining allegations in Paragraph 38.

39. United denies the allegations in Paragraph 39 of the FAC.

40. United admits only that, as of the date of this filing, some Economy Plus and Preferred Zone seats next to the fuselage of certain United aircraft either do not have exterior window views or have a partially obstructed window, that some Standard Economy seats next to the fuselage of certain United aircraft either do not have exterior window views or have a partially obstructed window, and that some seats next to the fuselage in the premium cabin of certain United aircraft either do not have exterior window views or have a partially obstructed window. United denies the remaining allegations in Paragraph 40 of the FAC.

41. United admits the allegations in Paragraph 41 of the FAC.

42. United denies the allegations in Paragraph 42 of the FAC.

43. United denies the allegations in Paragraph 43 of the FAC.

44. United admits that, starting in December 2023, the seat selection interface on United's mobile app included the seat location among the identified attributes of a seat. United further admits that, at the time this lawsuit was filed, the seat selection interface on United's mobile app did not specifically identify seats next to the aircraft fuselage that either do not have an exterior

window view or have a partially obstructed window. Finally, United admits that its fleet includes planes that have one or more seats located next to the aircraft fuselage that lack an exterior window view or have a partially obstructed window. United denies the remaining allegations in Paragraph 44 of the FAC.

45. United denies the allegations in Paragraph 45 of the FAC.

46. United denies the allegations in Paragraph 46 of the FAC.

47. United admits that, at the time this lawsuit was filed, its website did not specifically identify seats next to the aircraft fuselage that either do not have an exterior window view or have a partially obstructed window and that the “Seat Options and Upgrades” pages on United’s website includes the language quoted in the third sentence of Paragraph 47 of the FAC. United admits that the last two sentences of Paragraph 47 purport to quote language from the United website or the United for Business website but denies that those allegations fully and accurately summarize the webpages from which those quotations are taken, and denies any characterization or description that is inconsistent with the complete webpages. United denies the remaining allegations in Paragraph 47.

48. United admits that, at the time this lawsuit was filed, it did not identify during the seat selection process on its website or mobile app seats next to the aircraft fuselage that either do not have an exterior window view or have a partially obstructed window. United denies the remaining allegations in Paragraph 48 of the FAC.

49. United denies the allegations in Paragraph 49 of the FAC.

50. United denies the allegations in Paragraph 50 of the FAC.

51. United admits only that Paragraph 51 of the FAC includes what appear to be screenshots of social media posts concerning seats next to the aircraft fuselage that do not have an exterior window view. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 concerning these images, or the remaining allegations in Paragraph 51.

52. United denies the allegations in Paragraph 52 of the FAC.

53. United denies the allegations in Paragraph 53 of the FAC.

54. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding American Airlines and Alaska Airlines in Paragraph 54 of the FAC. United denies the remaining allegations in Paragraph 54.

55. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the FAC.

56. United denies the allegations in Paragraph 56 of the FAC.

57. United lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 57 of the FAC concerning what passengers "understand." United denies the remaining allegations in Paragraph 57.

58. United admits that Paragraph 58 of the FAC includes what appear to be images of a paper boarding pass, and an electronic boarding pass from sometime after December 2023. United denies the remaining allegations in Paragraph 58.

59. United denies the allegations in Paragraph 59of the FAC, including those contained in footnote 1.

60. United admits that the first and third sentences in Paragraph 60 of the FAC purport to quote parts of the definition of "Ticket" in United's Contract of Carriage, and that the Contract of Carriage does not currently define "ticket jacket." United denies the remaining allegations in Paragraph 60 of the FAC.

61. United denies the allegations in Paragraph 61 of the FAC.

62. United denies the allegations in Paragraph 62 of the FAC, including those contained in footnote 2.

63. United denies the allegations in Paragraph 63 of the FAC.

64. United denies the allegations in Paragraph 64 of the FAC.

65. United denies the allegations in Paragraph 65 of the FAC.

66. United admits there has been media coverage of this lawsuit. United otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the FAC.

67. United admits that, in 2025, it updated the seat selection interfaces on both its

website (www.united.com) and its mobile application to identify seats located next to the aircraft fuselage that lack an exterior window view or have a partially obstructed window. United further admits that Paragraph 67 of the FAC includes what appears to be a screenshot of a seat selection screen on United's mobile app, which includes the phrase "No Window." United denies the remaining allegations in Paragraph 67.

68. United admits that Paragraph 68 of the FAC quotes part of a statement made by a United spokesperson after United updated the seat selection interfaces on its website and mobile app. United denies the remaining allegations in Paragraph 68.

## CLASS ALLEGATIONS

69. United repeats and incorporates its Answers to Paragraphs 1 through 68 of the FAC as if fully set forth herein.

70. United admits that Plaintiffs purport to bring this case pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(c)(4)on behalf of a proposed Nationwide Class and a proposed California Subclass as defined in Paragraph 70 of the FAC. United denies that the proposed Classes or any other class could properly be certified under Federal Rule of Civil Procedure 23.

71. United admits that Plaintiffs purport to bring this case on behalf of the proposed Classes as defined in Paragraph 70 of the FAC and that the proposed Classes exclude the entities and individuals described in Paragraph 71 of the FAC. United denies that the proposed Classes or any other class could properly be certified under Federal Rule of Civil Procedure 23.

72. United denies that the proposed Classes or any other class could properly be certified under Federal Rule of Civil Procedure 23, and denies that Plaintiffs have an unrestricted right to amend the definition of the proposed Classes at any time before the Court determines whether certification is appropriate.

73. United denies the allegations in Paragraph 73 of the FAC, and specifically denies that the proposed Classes or any other class could properly be certified under Federal Rule of Civil Procedure 23.

74. United denies the allegations in Paragraph 74 of the FAC.

75. United denies the allegations in Paragraph 75 of the FAC.

76. United denies the allegations in Paragraph 76 of the FAC.

77. Paragraph 77 is a legal conclusion to which no answer is required. To the extent an answer is required, United admits that its Contract of Carriage, which expressly states that "Transportation of Passengers and Baggage provided by United Airlines, Inc. and Carriers doing business as United Express, are subject to the following terms and conditions," and that "These rules constitute the conditions of carriage upon which UA agrees to provide Domestic and International Carriage and are expressly agreed to by the Passenger," includes a provision (Rule 3.P) that states: "By purchasing a ticket or accepting transportation under this Contract of Carriage, Passenger agrees that any lawsuit brought by Passenger against UA and Carriers doing business as United Express will be brought only in Passenger's individual capacity, and may not be brought in or asserted as part of a class action proceeding." United further admits that, in accordance with Department of Transportation regulations, the e-ticket receipt United sends to passengers notifies passengers that "Transportation is subject to the terms and conditions of United's Contract of Carriage, which are incorporated herein by reference," and that "The full text of United's Contract of Carriage is available at united.com." United denies the remaining allegation in Paragraph 77 of the FAC.

78. United denies the allegations in Paragraph 78 of the FAC.

**<u>COUNT I: BREACH OF CONTRACT ("TICKET BREACH")</u>**

79. United repeats and incorporates its Answers to Paragraphs 1 through 78 of the FAC as if fully set forth herein.

80. United denies the allegations in Paragraph 80 of the FAC.

81. United admits that Paragraph 81 of the FAC quotes parts of United's Contract of Carriage and otherwise denies the allegations in Paragraph 81.

82. United denies the allegations in Paragraph 82 of the FAC.

83. United denies the allegations in Paragraph 83 of the FAC.

84. United denies the allegations in Paragraph 84 of the FAC.

**<u>COUNT II: BREACH OF CONTRACT ("RECORD OF AGREEMENT BREACH")</u>**

85. United repeats and incorporates its Answers to Paragraphs 1 through 84 of the FAC

as if fully set forth herein.

86. United denies the allegations in Paragraph 86 of the FAC.

87. United admits that Paragraph 87 of the FAC quotes parts of United's Contract of Carriage and otherwise denies the allegations in Paragraph 87.

88. United denies the allegations in Paragraph 88 of the FAC.

89. United denies the allegations in Paragraph 89 of the FAC.

90. United denies the allegations in Paragraph 90 of the FAC.

91. United denies the allegations in Paragraph 91 of the FAC.

**COUNT III: BREACH OF IMPLIED CONTRACT**

**(ALTERNATIVE CLAIM)**

92. United repeats and incorporates its Answers to Paragraphs 1 through 91 of the FAC as if fully set forth herein.

93. United denies the allegations in Paragraph 93 of the FAC.

94. United denies the allegations in Paragraph 94 of the FAC.

95. United denies the allegations in Paragraph 95 of the FAC.

96. United denies the allegations in Paragraph 96 of the FAC.

97. United denies the allegations in Paragraph 97 of the FAC.

98. United denies the allegations in Paragraph 98 of the FAC.

**COUNT IV: PROMISSORY ESTOPPEL**

**(ALTERNATIVE CLAIM)**

99. United repeats and incorporates its Answers to Paragraphs 1 through 98 of the FAC as if fully set forth herein.

100. United denies the allegations in Paragraph 100 of the FAC.

101. United denies the allegations in Paragraph 101 of the FAC.

102. United denies the allegations in Paragraph 102 of the FAC.

**ADDITIONAL DEFENSES**

United sets forth the following Additional Defenses to Plaintiffs' claims:

**FIRST ADDITIONAL DEFENSE**

The only contract between United and Plaintiffs or putative Class Members is United's Contract of Carriage, which does not promise that any seat will have an exterior window view.

**SECOND ADDITIONAL DEFENSE**

Because the claims of Plaintiffs and the putative Class Members are governed by the Contract of Carriage, their implied contract and promissory estoppel claims fail.

**THIRD ADDITIONAL DEFENSE**

The implied contract and promissory estoppel claims of Plaintiffs and putative Class Members are barred by the express language of the Contract of Carriage, which states: "By purchasing a ticket or accepting transportation, the passenger agrees to be bound by these controlling terms of this Contract of Carriage, and no covenants at law or in equity shall be implied or incorporated."

**FOURTH ADDITIONAL DEFENSE**

United does not owe a refund to any Plaintiff or putative Class Member who failed to request one within 90 days of the flight in which they claim they did not receive the amenity of an exterior window view.

**FIFTH ADDITIONAL DEFENSE**

The claims of Plaintiffs and any putative Class Members who previously received a refund of a seat fee they paid for a seat on a United flight next to the fuselage of the aircraft that either lacked an exterior window view or had a partially obstructed window are barred by that prior payment.

**SIXTH ADDITIONAL DEFENSE**

The claims of Plaintiffs and putative Class Members are preempted, in whole or in part, by federal law, including the Federal Aviation Act of 1958 as amended (P.L. 85-726, 72 Stat. 731, formerly codified at 49 U.S.C. §§ 1301, et seq.), and the Airline Deregulation Act of 1978 (codified as amended at 49 U.S.C. § 40101).

**SEVENTH ADDITIONAL DEFENSE**

The claims of Plaintiffs and some or all of the putative Class Members are barred by the

equitable doctrines of laches, estoppel, waiver, or ratification.

**EIGHTH ADDITIONAL DEFENSE**

The claims of some or all of the putative Class Members are barred by prior release, the doctrine of accord and satisfaction, res judicata, and/or collateral estoppel.

**NINTH ADDITIONAL DEFENSE**

The claims of Plaintiffs and some or all of the putative Class Members are barred, in whole or in part, because United complied with all provisions of its Contract of Carriage with respect to their travel with United.

**TENTH ADDITIONAL DEFENSE**

The claims of Plaintiffs and some or all of the putative Class Members are barred, in whole or in part, because they have not suffered any injury or damage as a result of any conduct by United.

**ELEVENTH ADDITIONAL DEFENSE**

Plaintiffs and some or all of the putative Class Members have failed to mitigate their damages.

**TWELFTH ADDITIONAL DEFENSE**

The putative class claims asserted by Plaintiffs are barred by the class action waiver contained in United's Contract of Carriage.

**THIRTEENTH ADDITIONAL DEFENSE**

One or more of the Plaintiffs lack Article III standing to pursue any claims based on allegations concerning the seat selection interface on United's mobile app because one or more of them did not use the mobile app to purchase a seat on a United flight next to the fuselage of an aircraft that either lacked an exterior window view or had a partially obstructed window.

**FOURTEENTH ADDITIONAL DEFENSE**

The claims of Plaintiffs and the putative Class Members are barred, in whole or in part, to the extent they failed to comply with the terms and conditions of the Contract of Carriage.

**FIFTEENTH ADDITIONAL DEFENSE**

The claims of some or all of the putative Class Members are barred by the applicable statutes of limitation.

Dated: July 20, 2026

Respectfully Submitted:

RILEY SAFER HOLMES & CANCILA LLP

By: /s/ Sondra A. Hemeryck

Sondra A. Hemeryck *(pro hac vice)*
Eli Litoff *(pro hac vice)*
Jacob L. Kahn *(pro hac vice)*
Steven E. Vogel *(pro hac vice)*
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
shemeryck@rshc-law.com
elitoff@rshc-law.com
jkahn@rshc-law.com
svogel@rshc-law.com

Stephen M. Hankins (CSB No. 154886)
RILEY SAFER HOLMES & CANCILA LLP
shankins@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8550
Facsimile: (415) 275-8551

*Attorneys for Defendant*
UNITED AIRLINES, INC

**PROOF OF SERVICE**

I hereby certify that on July 20, 2026, I served a copy of the foregoing document by e-mail to counsel of record for the Plaintiffs in the above-captioned matter.

By: /s/ Sondra A. Hemeryck
Sondra A. Hemeryck (*pro hac vice*)