GREENBAUM OLBRANTZ LLP

**Carter Greenbaum**
160 Newport Center Drive, Suite 110
Newport Beach, CA 92660
carter@greenbaumolbrantz.com
(212) 732-6837 (Direct)

July 22, 2026

Via ECF

Honorable James Donato
United States District Court, Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *Brenman et al. v. United Airlines, Inc.*, Case No. 3:25-cv-06995 (N.D. Cal.)**

Dear Judge Donato,

I write on behalf of Plaintiffs in the above-captioned matter in opposition to Defendant United Airlines, Inc.'s letter motion to compel certain discovery, dated July 7, 2026 (ECF 67).

## I. United's Expansive "Travel History" Discovery Is Irrelevant and Disproportionate

United seeks to compel production of *all* documents and communications concerning every flight Plaintiffs have taken—with United and every other airline—over almost seven years. Plaintiffs have justifiably refused because such discovery is both irrelevant and highly disproportionate.

United's relevance theories are availing. *First*, United asserts that Plaintiffs' "travel history" could "rebut" allegations "regarding the importance of window seats to them." But evidence of subjective desires for windows is irrelevant to Plaintiffs' claims, which concern breaches of consumer contracts. FAC ¶¶ 79-102. It's black-letter law that subjective motives for entering such contracts are irrelevant. *E.g.*, *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, 2020 U.S. Dist. LEXIS 154266, at *35 (N.D. Cal. Aug. 25, 2020) ("undisclosed subjective intent" is "irrelevant to determining the meaning of contractual language") (collecting cases); *KJ-Park, LLC v. Match Grp., LLC*, 2024 U.S. Dist. LEXIS 70329, at *7 (N.D. Cal. Apr. 17, 2024) (denying discovery of subjective motivations as irrelevant). Motives are also "irrelevant for assessing available damages in contract cases," *New England Country Foods, LLC v. VanLaw Food Prods., Inc.*, 17 Cal. 5th 703, 717 (2025), and actual contract damages (which is all that Plaintiffs seek) are determined through objective considerations. Cal. Civ. Code § 3300. The only case United cites, *Coleman v. Quaker Oats Co.*, did not analyze discovery relevance, and held merely that a party could not pursue an unpled claim after discovery closed. 232 F.3d 1271 (9th Cir. 2000). Plaintiffs' claims are premised on discrete contracts for particular flights; whether they bought different seats on past flights has no bearing on the scope or breach of the specific contracts at issue here, or on damages. *Turf S.R.L. v. La. Jolla Sport USA, Inc.*, 2026 U.S. Dist. LEXIS 62659, at *3 (C.D. Cal. Jan. 20, 2026) (denying motion to compel; terms of contracts with third parties had "no bearing on" whether party breached instant contract).

*Second*, United wrongly claims its discovery may "be relevant for impeachment" insofar as it may show allegations to be "inaccurate." Initially, United's factual premise is contrived. No Plaintiff alleges that he or she never previously sat in middle or aisle seats. FAC ¶¶ 9-15. Minyard and Pawlowski made *no allegations* about their seat-booking histories, so there is nothing to impeach. *Id.*

¶¶ 11-14. Brenman alleges he "routinely" chooses window seats, while Monroe alleges he "books a seat on the left window-side of the plane" to alleviate an injury. *Id.* ¶¶ 9-10. Discovery revealing historical middle or aisle seats would not contradict those allegations, and is of trifling significance. Furthermore, United is wrong that it may properly seek expansive discovery merely for "pure" impeachment. Under the "plain language" of Rule 26(b), impeachment materials are not discoverable unless "the information sought is relevant to the parties' claims and defenses." *Strategic Partners, Inc. v. Figs, Inc*., 2020 U.S. Dist. LEXIS 138002, at *30-31 (C.D. Cal. May 18, 2020) (denying motion to compel impeachment discovery that was not relevant to underlying claims or defenses); *KJ-Park*, 2024 U.S. Dist. LEXIS 70329, at *10 (rejecting proposition that parties "may obtain discovery of irrelevant subject matter solely for the purposes of developing evidence relating to credibility"). Indeed, in United's cited case, *Davis v. Kelly Servs.*, the "impeachment" discovery was directly relevant to defenses. 2017 U.S. Dist. LEXIS 235066, at *23-24 (C.D. Cal. Oct. 23, 2017) (plaintiff employee's credibility was relevant to whether employer justifiably terminated plaintiff).

*Third*, United also claims that the discovery is relevant to class certification adequacy because it could show that the Complaint has "inaccurate allegations." Again, two Plaintiffs made *no allegations* about their booking histories. And United has not identified any genuine potential inconsistencies concerning the other two Plaintiffs. The central concerns of Rule 23(a)(4) are whether representatives have conflicts and will vigorously prosecute the case. Whether a Plaintiff previously chose an aisle or middle seat on an unrelated trip does not bear on those questions. United cites no authority for the proposition that Rule 23(a)(4) opens the door to exhaustive discovery to "test the accuracy" of every allegation. The one case it cites, *In re Super Micro Comput.*, suggests nothing of the sort. 788 F. Supp. 3d 1060 (N.D. Cal. 2025). United separately argues—without explanation or authority—that its discovery is relevant to typicality, but Rule 23(a)(3) turns on whether Plaintiffs' claims arise from the same alleged course of conduct and legal theory as the class. Whether Plaintiffs made identical seat choices when entering separate contracts for other flights does not alter the alleged common transactions nor create unique merits defenses.

Even if United carried its relevance burden, the discovery is highly disproportionate. It seeks "all" documents stretching back seven years concerning every flight Plaintiffs took on any airline. Compliance requires Plaintiffs to identify and reconstruct several dozen travel itineraries, search for countless receipts and boarding passes, and to identify and review immense volumes of communications relating to any flights. United's proposed narrowing to all documents concerning "purchases and selections of, and travel experiences with, seats…" does not meaningfully tailor the scope. Crucially, United is already in possession of—and has apparently already produced—data showing Plaintiffs' flight histories and seat selections with United since 2018. The burden of requiring Plaintiffs to collect and reproduce those same records, do the same for all travel with all other airlines, and locate all related communications, far exceeds the speculative benefits of production, which would merely reveal whether Plaintiffs selected other seat types. Such information has paltry utility, and may easily be probed at depositions. Plaintiffs have already agreed to produce nonprivileged materials concerning the flights alleged in the Complaint, and United offers no legitimate reason for why it needs extensive information relating to *every* other flight.

## II. United's Demands for Medical and Symptom-Related Discovery Are Improper

United seeks "[a]ll Documents relating to any adverse physical, mental or emotional symptoms" experienced with windowless seats. This should be swiftly rejected. Plaintiffs do not allege entitlement to damages for any such symptoms, which they reiterated in response to RFP 19 and ROG 9. The parties *agree* that such damages are legally unavailable. And, in response to other RFPs,

Plaintiffs already agreed to produce communications concerning their windowless flight experiences, which encompasses communications about such symptoms. Nevertheless, United insists that Plaintiffs must produce "all" related documents, which United clarified to Plaintiffs—and omitted from its letter—includes "doctors' notes/medical records" about the conditions. Two Plaintiffs did not allege any conditions (FAC ¶¶ 9 & 14), so it appears United is focused on obtaining medical records and related communications to probe: (1) whether Monroe in fact "suffered a debilitating injury to his left ulna" while serving in "multiple tours of duty in Afghanistan," and experienced "pain and discomfort" on his flight, and (2) whether Minyard in fact "suffers from claustrophobia" and suffered from it "throughout his flight." FAC ¶¶ 10-13. United fails its relevance and proportionality burdens.

United says its discovery is relevant simply because the Complaint included these allegations "for narrative value." But under Rule 26, "the issue is not whether a pleading contains an allegation to which the material sought is relevant, but rather whether the material sought is relevant to any party's claim or defense." *Tri-Star Elecs. Int'l v. Preci-Dip Durtal SA*, 2012 U.S. Dist. LEXIS 197273, at *6 (C.D. Cal. Mar. 27, 2012) (relevance could not be premised on a "stray allegation" unrelated to any claim being pursued). United's own case accords with that rule. *Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, 2016 U.S. Dist. LEXIS 109451 (E.D. Cal. Aug. 17, 2016) (allegations undergirded substance of claim). United *concedes* that the "symptom" allegations are unrelated to any substantive claim or defense, and its conclusory assertions concerning credibility, typicality, and adequacy fail for the same reasons as above. And even if United established relevance, compelling production is highly disproportionate. United's requests expansively and needlessly sweep in medical records and private communications that are far afield. Plaintiffs also have "strong privacy interest[s] in [their] medical records." *Pate v. Pac. Harbor Line, Inc.*, 2023 U.S. Dist. LEXIS 52632, at *37 (C.D. Cal. Feb. 6, 2023) (quashing subpoena; defendant did not "have a strong need" for medical records). Given the marginal utility United identifies and the scope of documents Plaintiffs have already agreed to produce, depositions provide ample and far less intrusive means for United to "test" allegations.

## III. United's Proposed Discovery Period Is Unsupported and Artificially "Symmetrical"

United's letter makes an arbitrary request (without specifying the underlying RFPs), that each Plaintiff be required to produce discovery stretching back to January 2019. United's sole argument, for which it cites no authority, is that there is an "inequitable" "disparity" between the parties' discovery periods. But Rule 26(b) doesn't require symmetrical discovery periods. It requires discovery to be "relevant" and "proportional," considering, among other things, the discovery's "importance" and parties' relative resources and access to data. The 2015 Advisory Committee Notes for Rule 26(b)(1) explain that, "often an individual plaintiff[ ] may have very little discoverable information," and the "other party may have vast amounts of information," which "often mean[s] that the burden of responding to discovery lies heavier on the party who has more information, and properly so."

Plaintiffs sought historical data from United because their claims challenge a longstanding company practice that United's Answer admits has affected over a million passengers since 2019. ECF 70 at ¶ 3. Conversely, Plaintiffs are individual consumers suing over discrete contracts for travel from 2024 and 2025. United possesses, and has produced, Plaintiffs' travel histories with United. United offers no legitimate reason to believe that Plaintiffs broadly maintain other evidence that both predates 2024 and is relevant to any claims or defenses. Plaintiffs' documents do not become discoverable merely because United is producing classwide evidence from an earlier period. Expanding discovery by five years to create superficial parity is unmerited—Plaintiffs' proposal that their generalized discovery periods begin on January 1, 2024 is reasonable, proportional, and should be sustained.

Accordingly, Plaintiffs respectfully request that the Court deny United's motion in full.

Respectfully Submitted,

*/s/ Carter E. Greenbaum*
Carter E. Greenbaum
*Counsel for Plaintiffs*

cc: All counsel of record (via ECF)