GREENBAUM OLBRANTZ LLP

**Carter Greenbaum**
160 Newport Center Drive, Suite 110
Newport Beach, CA 92660
carter@greenbaumolbrantz.com
(212) 732-6837 (Direct)

August 7, 2026 | Via ECF

Honorable James Donato
United States District Court, Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *Brenman et al. v. United Airlines, Inc.*, Case No. 3:25-cv-06995 (N.D. Cal.)**

Dear Judge Donato,

I write on behalf of Plaintiffs in the above-captioned matter pursuant to raise two time-sensitive discovery issues pursuant to Section 18 of the Court's Standing Order Regarding Civil Discovery that the parties have been unable to resolve following multiple telephonic conferrals.

## I. Plaintiffs' Request for Leave for an Additional Deposition and Preservation Discovery

During an August 4, 2026 meet-and-confer, United disclosed for the first time that it permanently deleted the ESI of two witnesses, Emil Iyog and Vykunthan Vishva, after this litigation began. The presently known facts are concerning. The Complaint was filed on August 19, 2025. As detailed below, both witnesses apparently maintained highly material and relevant information. Iyog even appears on several [redacted] including on communications that were "[redacted]." And both witnesses remained employed at United until at least September 2025. Yet, on some later date that United has not yet disclosed, United permanently deleted both witnesses' electronic data.

The documents United has produced from other custodians establish that Iyog and Vishva were core participants for years in United's pre- and post-litigation efforts to [redacted]. Both were members of United's [redacted]. UNITED_00003939. In 2023, for example, they and another colleague co-published an internal presentation [redacted]. *Id.* The same team apparently co-authored an internal presentation in [redacted]." UNITED_00001582. United has produced no correspondence associated with that presentation, nor any custodial information for it, but Iyog tellingly used [redacted]." UNITED_00133741 (emphasis added). After this litigation began, Iyog also [redacted]. UNITED_00134580; UNITED_00141901. Over the same periods, Vishva analyzed [redacted] UNITED_00018984; UNITED_00012437. These witnesses' custodial

data is therefore directly relevant to core fact issues. In short, the crux of United's defense to date is that United does not sell window seats, yet [redacted]

Plaintiffs have acted diligently. On November 11, 2025, United represented that it had "not identified any databases with responsive information that it is not preserving," and had "not identified any data sources that are not reasonably accessible and that will not be reviewed." ECF 33 at 6-7. During the process of negotiating custodians and an ESI stipulation (which was entered on June 4, 2026 (ECF 60)), United never disclosed the potential deletion of custodial data. Indeed, United has produced custodial ESI from other former employees who left United years ago. United did not substantially complete its productions until around July 7, after which Plaintiffs identified the materiality of Iyog and Vishva through documents collected from other custodians. Plaintiffs asked on July 20 whether United represented the two witnesses, demanded on July 23 that they be added as custodians, identified them as potential witnesses on July 29, and renewed the custodial request on July 31. United did not reveal that their data had been deleted until August 4.

Consequently, Plaintiffs respectfully request leave to: (1) serve one additional Rule 30(b)(6) deposition topic, (2) take an eleventh deposition if necessary, and (3) serve related, tailored, and expedited written discovery on discovery and preservation, with responses due within fourteen days. United refuses to consent to such discovery, which would be narrow and proportional. Specifically, the Rule 30(b)(6) topic and related written requests would be limited to: (1) the timing and circumstances of Iyog's and Vishva's [redacted]; (2) United's litigation holds and preservation efforts; (3) what relevant ESI was deleted, when, by whom, and pursuant to what policy or decision; (4) the likely contents of the deleted data; and (5) whether deleted information can be restored or obtained from other custodians or systems. This discovery is necessary to determine whether Rule 37(e) relief is warranted or whether other measures can cure the prejudice. *E.g.*, Rule 37(e); *In re Google Play Store Antitrust Litig.*, 664 F. Supp. 3d 981, 992 (N.D. Cal. 2023) (assessing preservation requirements and spoliation standards, including under this Court's standing order); *Puckett v. Cty. of Sacramento*, 2024 U.S. Dist. LEXIS 19787, at *3 (E.D. Cal. Feb. 2, 2024) (permitting 30(b)(6) deposition on preservation). Good cause also exists to permit an eleventh 30(b)(6) topic and deposition because the need arose from United's recent disclosure and could not have been anticipated when Plaintiffs selected their original deposition topics, and the topic would not duplicate prior discovery. Any burden is modest compared with the importance of determining whether United improperly destroyed relevant evidence.

## II. Plaintiffs Seek A Protective Order Concerning A Former United Employee's Declaration

On August 3, 2026, Plaintiffs obtained an executed declaration from one of the two former United employees identified above.[1] Before contacting him, Plaintiffs' counsel confirmed with United that it did not represent the witness. Plaintiffs also disclosed the witness in supplemental initial disclosures and repeatedly indicated to United that they might contact the witness, and United did not object or indicate that the witness was subject to any restrictions that would prevent him from providing relevant information. Upon contacting the witness, Plaintiffs' counsel repeatedly stated that they did not represent him, confirmed that he was not represented by counsel, confirmed he had no issues in sharing information with counsel, and reiterated that he was under no obligation to do so. Counsel inquired about the witness's availability for a deposition, and he stated that he did not wish to sit for a deposition, but could provide a short declaration, and did so on August 3. However, later that evening,

[1] Plaintiffs are hesitant to reveal the witness's identity to United until this letter motion is resolved given the prospect that United will retaliate against him for providing testimony. However, Plaintiffs stand ready to provide the declaration and any other helpful information to the Court for its review.

the witness contacted counsel to revoke his consent for counsel to use or share the declaration due to the prospect of confidentiality provisions in his post-employment agreement with United. The witness did not identify any factual inaccuracy in the declaration or otherwise recant its substance.

In the interest of candor, and while attempting to respect the witness's request and best interests, Plaintiffs' counsel recounted the situation to United the next day, on a no-names basis, during a pre-scheduled meet-and-confer. United's counsel remarked that they were aware of a [redacted] agreement, but stated that they had not reviewed it, and were unaware of whether they could share it. On August 5, United's counsel followed up that they believed there were "relevant" provisions in the agreement, but declined to take a position as to whether it prohibited the witness's provision of testimony. United subsequently offered to share the agreement if Plaintiffs provided the declaration. Plaintiffs declined, and proposed that they could provide the declaration if United committed to release the witness from any confidentiality restrictions for purposes of the declaration. United declined on August 7.

Consequently, Plaintiffs seek a protective order limiting the scope of any post-employment confidentiality agreement between United and the witness. As a matter of public policy, Courts possess authority to limit a defendant's contractual confidentiality provisions with third parties that impede the truth-gathering process. *E.g.*, *In re JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127, 1138 (N.D. Cal. 2002) (granting motion to limit the scope of defendant's confidentiality agreements with former employees as to permit them to voluntarily participate in plaintiff's investigation of pending claims); *Chambers v. Capital Cities/ABC*, 159 F.R.D. 441, 444 (S.D.N.Y. 1995) (requiring defendant to either confirm that "no unfavorable consequences for the employees would flow from providing information to plaintiffs' counsel about specific subjects," or "accept an adverse inference"). Here, United has declined to provide any agreement, has not even taken a position as to whether such agreement prohibits the witness from providing a declaration, and has never identified any genuine confidentiality interests that are at risk. Plaintiffs will also treat the declaration as confidential under the protective order, and its contents (much like this action's subject matter generally), do not plausibly implicate trade secrets or sensitive competitive information. *FTC v. AMG Servs.*, 2013 U.S. Dist. LEXIS 206720, at *11 (D. Nev. Aug. 20, 2013) (permitting voluntary interviews of defendant employees despite confidentiality agreements; noting "FTC is not seeking information that would reveal trade secrets"). Notably, United has separately agreed to voluntarily produce a different former employee (who presumably has similar post-employment agreements) for a deposition without the need for a subpoena. United nevertheless refuses to agree that this witness will not suffer adverse consequences for providing truthful evidence. Its bare desire to leave open the prospect that it will deem the declaration to be a breach of severance obligations should not overcome the strong policy interests in permitting a material witness to consensually provide testimony in good faith.

Plaintiffs thus request an order limiting the scope of any confidentiality provision in the witness's [redacted] agreement with United to permit him to provide his declaration. Alternatively, Plaintiffs request the Court's guidance concerning Plaintiffs' obligation to produce and ability to use the executed declaration, given the utility of the testimony (especially given that United deleted his ESI), and the prospect that United may retaliate against him, which Plaintiffs wish to avoid.

Respectfully Submitted,

<u>*/s/ Carter E. Greenbaum*</u>
Carter E. Greenbaum
*Counsel for Plaintiffs*