RILEY SAFER
HOLMES & CANCILA LLP

Sondra A. Hemeryck
312-471-8700
shemeryck@rshc-law.com

August 21, 2026

**Via ECF and Hand Delivery**
Hon. James Donato
United States District Court for the Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *Brenman, et al. v. United Airlines, Inc.*, No. 3:25-cv-06995 (N.D. Cal.)**

Dear Judge Donato:

I write on behalf of Defendant United Airlines, Inc. ("United") in response to Plaintiffs' letter motion seeking leave for additional discovery and a protective order. Dkts. 76-3, 77.

Since the filing of Plaintiffs' letter motion, the parties have conferred and have reached a resolution regarding Section II of the motion. Pursuant to the terms of the parties' written agreement, Plaintiffs no longer seek a protective order or any other relief from the Court with respect to Section II of their motion, and Section II of Plaintiffs' motion is accordingly withdrawn. The parties have conferred in preparing this section of United's response and jointly make these representations to the Court.

With respect to Section I of Plaintiffs' letter motion, United requests that the Court deny the relief sought therein. As explained below, Plaintiffs' request for burdensome and irrelevant "discovery on discovery" is moot because United is largely restoring the ESI Plaintiffs seek from archived backup data. In addition, to the extent Plaintiffs suggest they may seek relief under Federal Rule of Civil Procedure 37(e) in the future, they cannot meet the showing necessary for any such relief.

Shortly after being served with this lawsuit, United identified 20 current and former employees who might have relevant information and issued a litigation hold notice to them. At the time, United's legal department was not aware that Emil Iyog and Vykunthan Vishva were likely to have relevant information. Thus, they were not added to the legal hold. On September 6, 2025, both employees left United for reasons unrelated to this lawsuit. Accordingly, in the ordinary course of business and pursuant to United's standard practice, the employees' devices were recycled 30 days after they left. Had the employees been added to the legal hold in August 2025, their electronically stored information ("ESI") would have been preserved—but only going back for one year prior to the issuance of the hold, consistent with United's standard retention period.

As this case proceeded, United added individuals to the hold once it learned of their involvement. United eventually collected documents from 18 custodians, including several members of the "seats" team. Due to the large number of custodians, many of the documents United has already produced in this case—including 440 unique emails—feature Iyog or Vishva. When Plaintiffs asked that those two former employees be added as custodians in late July (more

than six weeks after United produced documents showing their involvement), United explained that their ESI had been deleted after their termination, before they had been identified as persons likely to have relevant information. United offered to meet and confer to discuss additional ways in which it could try to supplement its production of their ESI, but Plaintiffs chose to file their letter motion instead.

United has since taken significant, additional steps to recover other emails for Iyog and Vishva. The parties previously agreed that data stored in "electronic backup systems" need not be searched in view of the undue burden and cost associated with such searches. *See* Dkt. 59 at 2.2(e). Nonetheless, United in good faith has retrieved and is searching a substantial volume of data from its email archive backup system. Among other things, United has now retrieved what it reasonably believes are all of Iyog's and Vishva's emails from July 31, 2025 (the earliest date available) through the date of their departure. United is also searching its *entire* email archive backup system (which contains tens of thousands of emails from persons added to any litigation hold at United) for any other emails to or from Iyog or Vishva that exist from August 2024 to July 31, 2025. In short, United expects that many of Iyog's and Vishva's emails will be retrieved, and will produce any responsive documents. For this reason alone, Part I of Plaintiffs' motion should be denied.[1]

Section I of Plaintiffs' motion should also be denied for additional reasons. As a rule, "discovery of another party's evidence preservation and collection efforts—or 'discovery on discovery'—is disfavored, as such discovery is typically not relevant to the merits of a claim or defense, and is rarely proportional to the needs of a case," absent a specific deficiency in a party's production. *Taylor v. Google LLC*, 2024 WL 4947270, at *2 (N.D. Cal. Dec. 3, 2024). The "discovery on discovery" Plaintiffs seek is neither relevant nor proportional.[2]

Indeed, Plaintiffs admit that they seek this discovery "to determine whether Rule 37(e) relief is warranted." Dkt. 76-3. That Rule authorizes the Court to order proportional curative measures if (a) ESI is lost because a party failed to take reasonable steps to preserve it, (b) it cannot be restored or replaced through additional discovery, and (c) the Court finds prejudice. Fed. R. Civ. P. 37(e)(1).[3]

---

[1] Before filing this response, United explained its efforts and asked Plaintiffs to withdraw Part I of their motion to save the parties' and the Court's resources. Plaintiffs declined to do so. United estimates that its searches through the email archive backup will take United officials 18-20 hours to complete.

[2] That is especially true here given that this letter addresses the very topics that Plaintiffs list for the additional Rule 30(b)(6) deposition, *see* Dkt. 76-3, including when Iyog and Vishva left United, United's preservation efforts, and the policy under which the former employees' data was deleted.

[3] Rule 37(e)(2) authorizes more severe sanctions only upon a finding that the party "acted with the intent to deprive" another party of the information's use in the litigation. Fed. R. Civ. P. 37(e)(2). Plaintiffs do not suggest that United intentionally deleted data to withhold it from Plaintiffs, nor did United do so.

Plaintiffs do not—and cannot—meet the Rule 37(e) standard. As noted above, United took reasonable steps to preserve relevant evidence in issuing a litigation hold to many custodians it believed might have relevant information. *See* Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment ("This rule recognizes that 'reasonable steps' to preserve suffice; it does not call for perfection.").

Additionally, Plaintiffs fail to show that the information at issue cannot be restored or replaced through additional discovery, because United is restoring the data at issue through additional, significant efforts. Plaintiffs omit to mention that they have already received *440 unique emails* featuring Iyog or Vishva. Indeed, Plaintiffs' own letter relies on communications from those former employees that were preserved and produced (from other custodians' emails). *See, e.g.*, *Herb Hallman Chevrolet, Inc. v. Gen. Motors LLC*, 2024 WL 3160746, at *8 (D. Nev. June 24, 2024) (holding that plaintiffs failed to show spoliation from deletion of reports where, "[b]ased on the other discovery provided," plaintiff had "access to the information"). And United is taking affirmative steps to ensure that, if any other relevant data exists, it is restored and produced in short order. For the same reasons, Plaintiffs have failed to show prejudice. Nor could they do so, given that they already have access to a large volume of the deleted communications and may soon have access to many additional such communications. *See, e.g.*, *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 327 F.R.D. 96, 109–10 (E.D. Va. 2018) (finding prejudice "insignificant" where lost ESI was preserved by plaintiffs' own retention of materials deleted by defendant).

United accordingly requests that the Court deny Section I of Plaintiffs' motion in its entirety.

Sincerely,

Sondra A.

Sondra A. Hemeryck
*Attorney for Defendant United Airlines, Inc.*