RILEY SAFER HOLMES & CANCILA LLP
rshc

Sondra A. Hemeryck
312-471-8700
shemeryck@rshc-law.com

August 26, 2026

**Via ECF and Hand Delivery**
Hon. James Donato
United States District Court for the Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *Brenman, et al. v. United Airlines, Inc.*, No. 3:25-cv-06995 (N.D. Cal.)**

Dear Judge Donato:

I write on behalf of Defendant United Airlines, Inc. ("United") to address Plaintiffs' failure to comply with the Stipulated Order for Producing Documents and Electronically Stored Information (Dkt. 59, "ESI Order"). Pursuant to the Court's Standing Order for Discovery in Civil Cases, I certify that the parties have met and conferred by videoconference but have been unable to resolve the disputes set forth below. Despite repeated requests, Plaintiffs refuse to produce ESI with the metadata required by the ESI Order and have conducted inadequate document searches.

## I. Plaintiffs Must Reproduce ESI with the Metadata Required by the ESI Order.

Despite spending more than two months negotiating the terms of an ESI order and presenting the agreed order for this Court's review and approval, Plaintiffs unilaterally decided that they do not need to comply with it. Plaintiffs produced text messages, photographs, emails, and other ESI as screenshots or printouts without the metadata fields mandated by Section 3 and Appendix A of the ESI Order. Appendix A requires that specific metadata fields accompany each production—including Custodian, From, To, Date-Time Sent, Date-Time Last Modified, File Name, and Author for non-email ESI; and Subject, From, To, CC, BCC, Date-Time Sent, and Date-Time Received for emails. These are mandatory components of any compliant production, not optional enhancements.[1]

Plaintiffs' productions fall far short of these requirements. For example, for text messages, Plaintiffs largely have produced undated screenshots of messages that lack basic information (e.g., phone numbers) for the participants. As former plaintiff Sean Minyard acknowledged at his deposition, [redacted] These are precisely the types of records for which metadata—including dates, times, and participant information—is critical to evaluating relevance, authenticity, and completeness.

After United identified these deficiencies and asked whether Plaintiffs would produce a systematic export of the metadata fields required by Appendix A, Plaintiffs merely offered to

[1] Plaintiffs initially claimed Section 1.6 of the ESI Order justified their screenshot approach. But Section 1.6 is a non-waiver provision addressing privilege and work-product protections. It says nothing about production format or metadata obligations, which are set forth in Section 3 and Appendix A of the Order.

reproduce approximately ten specific documents. Plaintiffs have now made four productions over six weeks (July 15, August 11, August 17, and August 24), and their most recent production on August 24—which included re-produced screenshots of text messages from Plaintiff Robert Monroe—still does not include the metadata fields required by Appendix A. The load files accompanying Plaintiffs' productions contain no entries in the required Date-Time Created, Date-Time Last Modified, From, or To fields for text message screenshots and photographs—the only identifying information is a generic filename (e.g., "Screenshot_20260608_175727_Messages" or "IMG_4561"). This format is deficient.

Piecemeal corrections to a handful of documents do not cure a systemic failure to comply with the ESI Order—particularly because the "corrections" still lack the required metadata. Accordingly, United respectfully requests that the Court order a forensic examination of the remaining named Plaintiffs' mobile devices or, at minimum, order Plaintiffs to reproduce all text messages, photographs, emails, and other ESI with the metadata fields required by Appendix A of the ESI Order—relief that is amply supported by authority on this settled issue. *See Madrigal v. Live Nation Entertainment*, No. 2:25-cv-02375, 2026 WL 1196245, at *2–4 (C.D. Cal. Apr. 24, 2026) (granting motion to compel forensic examination of plaintiff's cell phone where text messages were produced as screenshot images that "lacked key meta data including date and time"); *Jones v. Riot Hosp. Grp. LLC*, No. 17-cv-04612, 2022 WL 3682031, at *2 (D. Ariz. Aug. 25, 2022) (ordering parties to jointly retain forensic search specialist and submit devices for imaging where plaintiff produced "PDF of undated screenshots of text messages" not compliant with ESI protocol), *aff'd*, 95 F.4th 730 (9th Cir. 2024); *Pso-Rite.com LLC v. Thrival LLC*, No. 1:21-cv-00775, 2025 WL 3899841, at *3 (D. Colo. Dec. 23, 2025) (special master finding that "screenshots of text messages without sender, recipient, or date, and time stamp information, or related metadata" is not "reasonably usable" and is an impermissible "document dump" and ordering forensic imaging of phones).

## II. Plaintiffs' Inadequate Searches Warrant Court-Ordered Forensic Imaging.

The metadata deficiencies described above are a consequence of Plaintiffs' inadequate search methodology. Plaintiffs refused United's reasonable request that Plaintiffs' phones be forensically imaged. Rather than collecting ESI in its native format, Plaintiffs had their clients type just three search terms—"United," "window," and "windowless"—into their personal devices and take screenshots of the results. The parties remain at an impasse on search terms, with Plaintiffs refusing to use any terms beyond these three.

Marc Brenman initially testified [redacted] Shortly afterward, however, Mr. Brenman conceded [redacted]. Mr. Brenman also initially claimed [redacted]

Cindy Pawlowski testified [redacted]

[redacted]

Federal courts have consistently held that this type of superficial, self-directed collection is inadequate. *See Herman v. City of New York*, 334 F.R.D. 377, 386 (E.D.N.Y. 2020) ("It is not appropriate to take a client's self-collection of documents, assume it is complete, and not take steps to determine whether significant gaps exist."); *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, No. 3:16-MD-2734, 2017 WL 9249652, at *4 (N.D. Fla. Dec. 7, 2017) ("[S]elf collection by a layperson of information on an electronic device is highly problematic."). Courts have found that such deficiencies—internally inconsistent search testimony and failure to produce requested information—tip the scales in favor of forensic imaging. *United Artists Corp. v. United Artist Studios LLC*, No. 2:19-cv-00828, 2019 WL 9049050, at *9–10 (C.D. Cal. Oct. 7, 2019) (ordering forensic examination where witness's testimony regarding search methods was "internally inconsistent and at times contradictory" and demonstrated he "lack[ed] the sophistication to conduct a reasonable search without assistance").

After four deficient productions, Plaintiffs have proven they are either unable or unwilling to produce documents and communications with the metadata required by the ESI Order. With fact discovery closing on September 3, 2026, the Court should not afford Plaintiffs yet another opportunity to fail, and United cannot be left to rely on a fifth deficient production. Forensic imaging is the only reliable path to compliance. Therefore, United respectfully requests that the Court order Plaintiffs to: (1) disclose the scope of their ESI collection for each custodian, including all data sources, devices, and search terms used; (2) conduct comprehensive searches of all relevant platforms using search terms to be agreed upon or set by the Court; and (3) submit the mobile devices of Plaintiffs Marc Brenman, Cindy Pawlowski, and Robert Monroe to a qualified third-party forensic specialist (paid for by Plaintiffs) for imaging and extraction of text messages, photographs, communications and other ESI in a format that complies with the ESI Order. *See Pso-Rite.com LLC v. Thrival LLC*, 2025 WL 3899841, at *3 (D. Colo. Dec. 23, 2025) (ordering forensic images of phones and searches of all messaging applications after text message screenshots lacked metadata); *Jones v. Riot Hosp. Grp. LLC*, 2022 WL 3682031, at *2 (D. Ariz. Aug. 25, 2022) (same); *Madrigal v. Live Nation Entertainment*, 2026 WL 1196245, at *2 (C.D. Cal. Apr. 24, 2026) (same).

Sincerely,

Sondra A.

Sondra A. Hemeryck
*Attorney for Defendant United Airlines, Inc.*