GREENBAUM OLBRANTZ LLP

**Casey Olbrantz**
244 Fifth Avenue, Suite C221
New York, NY 10001
casey @greenbaumolbrantz.com
(646 ) 818-0913 (Direct)

August 27, 2026

Via ECF

Honorable James Donato
United States District Court, Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *Brenman et al. v. United Airlines, Inc.*, Case No. 3:25-cv-06995 (N.D. Cal.)**

Dear Judge Donato,

I write on behalf of the Plaintiffs in the above-captioned matter pursuant to Section 18 of the Court's Standing Order for Discovery in Civil Cases to raise a discovery dispute that the parties have been unable to resolve following a telephonic conferral.

United provided notice today that it is serving eleventh-hour deposition subpoenas, which unreasonably demand compliance in under a week, directed to members of one Plaintiff's extended family. The subpoenas do not appear to serve any legitimate discovery purpose. The only purposes United identified to Plaintiffs are, in the most charitable light, both cumulative and insignificant. Rather, the subpoenas appear designed to improperly impose pressure on a Plaintiff by burdening her uninvolved family members. For the reasons detailed below, Plaintiffs request the Court's intervention to prevent United from conducting these depositions.

## I. United Should be Barred from Seeking to Depose Plaintiff Pawlowski's Brother-in-Law and Sister-in-Law

On August 27, 2026, United served Plaintiffs with notice that it would be serving deposition subpoenas on Dave Pawlowski and Karin Pawlowski, who are Plaintiff Cindy Pawlowski's brother-in-law and sister-in-law. Both subpoenas demand that Dave and Karin appear for depositions in Chicago on September 3, 2026, which is the last day of fact discovery in this action. United's proffered justifications for seeking these eleventh-hour depositions are threadbare, and apparently stem solely from the fact that these two individuals were participants in various group text message exchanges with Plaintiff Pawlowski and her husband, Mark Pawlowski.

The texts are of trifling significance. United focused on two such exchanges during Plaintiff Pawlowski's deposition. In one, Mark texted the group with news of this case and commented that the same situation had happened to Plaintiff Pawlowski and to Dave's and Karin's son. Plaintiff Pawlowski responded with pictures of herself in windowless seats, and later stated that she had contacted counsel. In the other exchange, Plaintiff Pawlowski asked if Karin and Dave "recall conversation/discussion regarding no window seat last year," because she "need[ed] to provide some additional information to the lawyer for discovery material," and asked if she could share their contact information so counsel could evaluate whether they had relevant information. Dave responded with a joke—"Wait...Hold on Karin.... We get 25% of whatever you are awarded. Or no deal"—to which Plaintiff Pawlowski responded, in relevant part, that she "will treat [him] to a pumpkin pie" on future visits. In any case,

Dave's and Karin's respective commentary on such text exchanges has no plausible relevance to the salient disputed issues in this breach of contract case.

Plaintiffs seek relief in three alternative ways. *First*, under Rule 26(b)(2)(C), parties may move for an order limiting discovery where "the proposed discovery is outside the scope permitted by Rule 26(b)(1)," including for orders to limit third-party discovery. *Woodall v. Walt Disney Co.*, 2023 U.S. Dist. LEXIS 209720, at *5 (C.D. Cal. Oct. 10, 2023) (granting defendant's motion to limit discovery and prevent plaintiff from taking irrelevant and disproportionate discovery from certain third parties). *Second*, under Rule 26(c), "[a] party or any person from whom discovery is sought may move for a protective order," and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Notably, several California federal courts have found that a party has "good cause" for a protective order concerning third-party subpoenas based merely on the "lack of relevance" of the discovery sought. *E.g.*, *Woodall*, 2023 U.S. Dist. LEXIS 209720, at *5 (citing *Wheel Group Holdings, LLC v. Cub Elecparts, Inc.*, 2018 U.S. Dist. LEXIS 224482, at *3 n.3 (C.D. Cal. Sept. 4, 2018)); *Urbano v. Timberlake*, 2025 U.S. Dist. LEXIS 98125, at *3-7 (C.D. Cal. May 22, 2025); *In re REMEC, Inc. Sec. Litig.*, 2008 U.S. Dist. LEXIS 47412, at *4 (S.D. Cal. May 30, 2008). *Finally*, the Court has *sua sponte* authority to "limit subpoena-related discovery." *Woodall*, 2023 U.S. Dist. LEXIS 209720, at *5.

Relief is merited because United's subpoenas seek irrelevant information, are cumulative, and are disproportionate to the needs of the case. During the parties' meet and confer, United stated that the basis for the relevance of the depositions was the text message chains described above. United already extensively deposed Plaintiff Pawlowski concerning those text messages. United has also already served a document subpoena on, and deposed, Mark, who was also a participant in those messages. Notwithstanding, United insists that it must now be able to ask Dave and Karin for their perspectives on the text messages, and to ask them whether there are any "other" such communications.

A third party's subjective perspective on the contents of text message exchanges does not bear on any disputed issue in this breach of contract case. As this Court recognized in its July 27, 2026 Order, "[a]ll of the claims alleged by plaintiffs sound in contract." ECF 72 (denying United's motion to compel because "discovery of plaintiffs' physical and psychological states, travel history, airline seat preferences, and the like is wholly irrelevant, unduly burdensome, and invasive"). For instance, a third party's commentary about already-produced correspondence with Plaintiff Pawlowski has no possible effect on the scope of United's contractual obligations to her nor on whether United breached those obligations. And it is difficult to see how a third party's subjective views of a plaintiff's text messages bear on any element of class certification. *Accord Greenberg v. Amazon.com, Inc.*, 2026 U.S. Dist. LEXIS 890, at *4 (W.D. Wash. Jan. 5, 2026) ("non-party discovery under Rule 45 requires a somewhat stronger showing of relevance than does party discovery").

The two proposed depositions are also precisely the sort of cumulative discovery that Rule 26(b)(2)(C) is intended to prevent. The relevant text messages have been produced. United examined Ms. Pawlowski extensively about them, United subpoenaed and deposed her husband who participated in the same group chats, and United has identified no unique firsthand knowledge possessed by Dave or Karin. Their only identified connection to the case is that they received texts from Ms. Pawlowski. Whatever marginal information United hopes to obtain about the already-produced messages either has already been obtained or was available through more convenient and less burdensome means than compelling two additional nonparty family members to sit for depositions. *Kirkman v. AMC Film Holdings, LLC*, 2025 U.S. Dist. LEXIS 107992, at *16 (C.D. Cal. May 12, 2025) (finding deposition of third party would be unreasonably cumulative and duplicative under Rule 26(b)(2)(C) where party

already possessed the relevant communications and had already deposed multiple witnesses who participated in the relevant events).

Relief is also merited because the subpoenas appear intended to harass, annoy, and/or embarrass Ms. Pawlowski and her family. Not only is there a paltry basis for relevance, but these subpoenas fit an escalating pattern of United's recent efforts to seek extraneous discovery from various Plaintiffs' loved ones. For instance, on August 10, United served extensive document and deposition subpoenas on former Plaintiff Sean Minyard's wife, and on his elderly mother-in-law, whose only apparent "relevance" to this action was that she had purchased a flight for Mr. Minyard in 2021 in which he sat in an aisle seat. (Mr. Minyard voluntarily dismissed his claim on August 11. ECF 79.) As another example, last week, United served a document subpoena on Plaintiff Brenman's long-distance girlfriend, who had no involvement in any salient events or allegations, and demanded that she produce, among other things, "all" communications that she has had with any other third party relating to either this lawsuit or United's windowless seats. Now, on the eve of the close of discovery, United seeks to depose Dave and Karin although neither individual was a percipient witness (much less a witness listed on any initial disclosures), and although neither has any connection to the facts alleged by Plaintiff Pawlowski. Under the circumstances, these subpoenas appear to have been served for improper purposes. *Greenberg*, 2026 U.S. Dist. LEXIS 890, at *4 (granting plaintiff's motion for a protective order concerning a subpoena that Amazon served on her husband; noting there was "no allegation or evidence" that husband "had anything to do with" salient facts).

Finally, the subpoenas are objectionable for the additional and independent reason that they fail to provide a reasonable time to comply under Rule 45. United served notice of the subpoenas on August 27, and they command two uninvolved lay nonparties to appear for in-person depositions in Chicago on September 3, which is the last day of fact discovery. The compressed timing is particularly unjustified here because United has possessed the texts for well over a month, yet waited until the final week of discovery (and a week after the depositions of Plaintiff Pawlowski and her husband) to seek testimony from two uninvolved family members. *Arminak v. Arminak & Assocs.*, 2017 U.S. Dist. LEXIS 230113, at *7 (C.D. Cal. May 23, 2017) (collecting cases that found it was unreasonable to provide between six and ten days of notice to depose a third party; concluding that, "under the circumstances," providing "less than a week" of notice of a deposition to a third party "was plainly unreasonable," even when the fact discovery deadline was imminent).

For these reasons, Plaintiffs respectfully request that the Court enter an order preventing United from taking the depositions of Dave Pawlowski and Karin Pawlowski.

Respectfully Submitted,

*/s/ Casey J. Olbrantz*
Casey J. Olbrantz
*Counsel for Plaintiffs*