RILEY SAFER HOLMES & CANCILA LLP

Sondra A. Hemeryck
312-471-8700
shemeryck@rshc-law.com

August 31, 2026

**Via ECF and Hand Delivery**
Hon. James Donato
United States District Court for the Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *Brenman, et al. v. United Airlines, Inc.*, No. 3:25-cv-06995 (N.D. Cal.)**

Dear Judge Donato:

I write on behalf of Defendant United Airlines, Inc. ("United") in response to Plaintiffs' letter motion for an order barring United from taking the depositions of two non-party witnesses, Dave and Karin Pawlowski (Dkt. 89). Plaintiffs do not remotely justify the extraordinary relief they seek. Their motion should be denied.

Under Rule 30(a)(1) of the Federal Rules of Civil Procedure, a party may "depose any person" without leave of court, except for certain depositions that are not at issue here. Put differently, "[b]y default, a party taking discovery chooses who they will depose." *McGill v. Ford Motor Co.*, No. 24-CV-01084-JST (LJC), 2025 WL 3158650, at *1 (N.D. Cal. Nov. 12, 2025).

Plaintiffs rely on Rule 26(c), which authorizes an order prohibiting a deposition or limiting its scope for "good cause." Fed. R. Civ. P. 26(c)(1)(A), (B). Importantly, however, "a strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (citation omitted). The "party seeking to prevent a deposition bears a 'heavy burden'": they must show that "'*specific prejudice or harm* will result if no protective order is granted.'" *McGill*, 2025 WL 3158650, at *1 (quoting *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11–6121 CW, 2013 WL 3884254, at *1 (N.D. Cal. July 26, 2013)) (emphasis added). As a result, "it is rare for a court to disallow the taking of a deposition." *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 1518067, at *1 (N.D. Cal. Apr. 3, 2015). Such orders are reserved for "extraordinary circumstances." *Id.*

This is not an "extraordinary circumstance," nor do Plaintiffs contend that it is. Moreover, Plaintiffs do not identify *any* specific prejudice or harm that will result from United taking Dave and Karin Pawlowski's depositions. Plaintiffs' motion should be denied for this reason alone.

Rather than attempt to satisfy the applicable standard under Rule 26(c), Plaintiffs instead argue that United seeks irrelevant, cumulative, and disproportionate information from these two witnesses. Plaintiffs are wrong. In fact, the discovery taken to date shows that Dave and Karin Pawlowski possess relevant information that is not cumulative.

The documents produced in discovery show that, in January 2024, Cindy Pawlowski and her husband Mark flew from Syracuse to Phoenix, with a layover in Chicago, [redacted]

On Cindy's flights to and from Phoenix, she appeared in photos next to the wall of the plane. She later texted those photos to Karin and Dave Pawlowski. As Plaintiffs acknowledge in their letter, Plaintiffs produced multiple documents indicating that Cindy Pawlowski spoke to Dave and Karin Pawlowski about the issues in this lawsuit around the time of those flights. For example, in one text thread about the lawsuit, after a participant indicated that Cindy was talking to a lawyer, Karin wrote, "Shut up! Fr? [For real]," and Dave responded, "lol will Have to see if we have any pics." Plaintiffs 003060-62. In another text thread, [redacted]

In sum, Plaintiffs' own documents establish that Cindy had relevant conversations with Dave and Karin about her flights from Syracuse to Phoenix. Indeed, the messages contain multiple references to their exchanges [redacted]—suggesting there may have been in-person discussions as well, or perhaps further electronic discussions. Given that Dave and Karin Pawlowski saw Cindy between two of the flights at issue, and that Cindy exchanged multiple text messages with them concerning conversations they had on topics relevant to this case, United has a good-faith basis to believe Dave and Karin Pawlowski possess relevant information regarding Cindy's claims.

[redacted] Based on the discovery to date, it is therefore likely that these witnesses possess relevant, non-cumulative information.

Although Plaintiffs insist that Dave and Karin can only offer their "subjective impressions" of text messages that have already been produced, that is both false given the above discussion and does not prevent United from taking their depositions. United is entitled to explore these witnesses' recollection of conversations bearing directly on Cindy's claims. United does not intend to rely on these witnesses to establish her travel preferences, as Plaintiffs suggest. *See* Dkt. 72. Rather, United seeks to explore Cindy Pawlowski's contemporaneous discussions about her flights listed in the complaint, which are relevant to: (a) how she understood any alleged contract between her and United; (b) what promises she allegedly relied on for purposes of Plaintiffs' promissory estoppel claim; (c) her credibility as a witness; (d) the alleged typicality of her claims; (e) her alleged adequacy as a class representative; (f) why she decided not to change the same seat on her return flight days later; and (g) what damages (if any) she purportedly suffered, among other things.

Moreover, it was Cindy herself who suggested Karin and Dave had relevant information to this lawsuit. [redacted] Plaintiffs cannot bar United from deposing a witness who Plaintiffs themselves believed had information relevant to their claims. Accordingly, even if lack of relevance were sufficient to bar these depositions—and it is not—

Plaintiffs fall well short on that argument, too. *See, e.g.*, *McGill*, 2025 WL 3158650, at *1 (rejecting party's effort to block deposition based on argument that it would be "duplicative").[1]

The cases Plaintiffs cite are inapposite. Many of them deal with written discovery subpoenas to third parties. *See, e.g.*, *Woodall v. Walt Disney Co.*, 2023 U.S. Dist. LEXIS 209720, at *5 (C.D. Cal. Oct. 10, 2023); *In re REMEC, Inc. Sec. Litig.*, No. CIV 04CV1948 JLS AJB, 2008 WL 2282647, at *5 (S.D. Cal. May 30, 2008). Others deal with extraordinary situations completely unlike the circumstances here. *See Kirkman v. AMC Film Holdings*, No. 2:22-CV-09101-FLA-AJR, 2025 WL 1544329, at *5 (C.D. Cal. May 12, 2025) (barring deposition of opposing counsel).

Nor did United give Plaintiffs an unreasonably short notice period, as they suggest. Under Rule 30, a party must provide the other party "reasonable" notice of any depositions. Fed. R. Civ. P. 30(b)(1). The amount of notice needed "will vary depending on circumstances." *In re SanDisk SSDs Litig.*, No. 23-CV-04152-RFL (LJC), 2025 WL 1276002, at *2 (N.D. Cal. May 2, 2025). Importantly, "a week to ten days' notice is reasonable where the party is seeking a deposition without the production of documents." *Id.* (cleaned up); *see also Reddy v. Precyse Sols. LLC*, No. 1:12-CV-02061-AWI-SA, 2015 WL 3407447, at *3 (E.D. Cal. May 26, 2015) (collecting cases).[2]

Here, United emailed Plaintiffs' Counsel notice of the depositions shortly before midnight Central Time on August 26, 2026 (just four business days after deposing Cindy Pawlowski). And the subpoenas did not request documents, so as to reduce any burden on Dave and Karin Pawlowski. Thus, Plaintiffs had either seven or eight days' notice of the planned dates for the depositions, which constitutes reasonable notice under the applicable caselaw. *See, e.g.*, *In re SanDisk SSDs Litig.*, 2025 WL 1276002, at *3 (seven days' notice was not unreasonable).[3]

Finally, although Plaintiffs make much of the fact that the subpoenas list Chicago as the location for the depositions, Plaintiffs are well aware that every deposition in this case but one (of a former United employee, which Plaintiffs requested to take in person, in Chicago) has been taken remotely. United will take these depositions remotely as well once it completes service. Plaintiffs' Motion accordingly should be denied in full.

Sincerely,

Sondra A. Hemeryck
*Attorney for Defendant United Airlines, Inc.*

---

[1] The Court should reject Plaintiffs' baseless accusation that United is "harassing" their family members. United has merely issued targeted subpoenas to individuals with relevant information, as it is entitled to do.

[2] Plaintiffs incorrectly cite Rule 45 for the proposition that United's notice was untimely. In fact, *Rule 30* governs notice of a deposition to a party. Plaintiffs have "no standing" to assert any purported deficiencies with United's subpoenas under Rule 45. *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639, 645 (N.D. Cal. 2020) (citation omitted).

[3] If the Court finds that Plaintiffs did not have sufficient notice, United respectfully requests that the Court extend the fact discovery deadline to allow United to take these depositions. Such an extension may be appropriate in any event, given that United has not yet been able to complete service.