**RILEY SAFER HOLMES & CANCILA LLP**
SONDRA A. HEMERYCK (*pro hac vice*)
shemeryck@rshc-law.com
JACOB L KAHN (*pro hac vice*)
jkahn@rshc-law.com
STEVEN E. VOGEL (*pro hac vice*)
svogel@rshc-law.com
1 South Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone: (312) 471-8700
Facsimile: (312) 471-8701

*Attorneys for Defendant*
UNITED AIRLINES, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARC BRENMAN, ROBERT MONROE, and CINDY PAWLOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | Case No. 3:25-cv-06995-JD<br><br>**DEFENDANT UNITED AIRLINES, INC.'S ADMINISTRATIVE MOTION TO AUTHORIZE SERVICE OF SUBPOENAS** |

Defendant United Airlines, Inc. ("United"), by its undersigned counsel, respectfully moves this Court pursuant to Civil Local Rule 7-11 for an order authorizing alternative service by email of a subpoena to produce documents and a subpoena to testify at a deposition on non-party Jake Emen. This motion is supported by the accompanying Declaration of Sondra Hemeryck, which explains, among other things, why a stipulation could not be obtained.

Plaintiffs first disclosed Jake Emen as a potential witness on August 10, 2026, through a supplement to their Rule 26(a)(1) disclosures. Shortly thereafter, United issued subpoenas to Emen for documents and deposition testimony. Despite diligent efforts, however, United has been unable to personally serve Emen. His only confirmed address is his parents' home in Scottsdale, Arizona, where a process server and investigator were unable to serve him despite multiple attempts. Emen is a self-described "nomadic" journalist who has traveled full-time without a fixed home base for more than five years, making personal service at any fixed address inherently impracticable. United therefore seeks authorization to serve Emen by email at jake.emen@gmail.com, which is the email address Plaintiffs provided in their disclosures.

## I. Factual Background

### a. Emen's Relevance to the Litigation

Plaintiffs identified Emen in their Second Supplemental Initial Disclosures served on August 10, 2026, listing his anticipated testimony as covering: "Experiences with Windowless Window Seats, Disclosures concerning Windowless Window Seats, Defendant's contractual promises and obligations, communications with Defendant, and damages suffered." (Declaration of Sondra Hemeryck ("Hemeryck Decl."), ¶ 2.) Other than Sean Minyard, the former Plaintiff who has now been dismissed from the case, Emen is the only non-United witness identified by Plaintiffs with no familial relation to the other named Plaintiffs. United therefore has particular interest in discovering the substance of Emen's testimony, given Plaintiffs' belief that Emen's testimony will support their Plaintiffs' claims.

Emen is a professional journalist and the author of an April 2023 InsideHook article titled "Help, My Window Seat Doesn't Have a Window," in which he described his experiences with

windowless window seats on multiple airlines, including United. (*Id.* ¶ 7.) Plaintiffs produced this article on August 11, 2026, the day after first identifying Emen as a potential witness. (*Id.*)

**b. United's Diligent Efforts to Serve Emen**

On August 18, 2026, United served Plaintiffs' counsel with a Notice of Document Subpoena directed to Emen. (Hemeryck Decl., ¶ 3; Ex. A.) On August 21, 2026, United's counsel notified Plaintiffs' counsel that United also intended to serve Emen with a subpoena to testify at a deposition. (Hemeryck Decl., ¶ 4; Ex. B.) United's document subpoena requested compliance by September 1, and its deposition subpoena called for Emen to be deposed on September 3, 2026.

United retained an investigation firm to locate and serve Emen. The investigation firm determined that Emen's only confirmed address is his parents' residence at 13540 East Paradise Drive, Scottsdale, Arizona 85259. The investigation firm attempted to serve Emen at that address:

- **Service Attempt**: On August 19, 2026, process server Sean Conley attempted service at the Scottsdale address. Emen's father answered the door, stated that Jake was not home, and refused to communicate further. No vehicles were visible, and the garage was closed. (Hemeryck Decl., ¶ 5; Ex. C (Affidavit of Sean Conley ("Conley Aff.").)
- **Observation**: A licensed private investigator conducted surveillance at the Scottsdale address. On Saturday, August 22, 2026, the investigator was present from 12:00 p.m. to 8:00 p.m. (Hemeryck Decl., ¶ 5; Ex. D (Affidavit of Jason Lendrum ("Lendrum Aff.").) On Sunday, August 23, 2026, the investigator was present from 7:00 a.m. to 3:00 p.m. Emen was not observed during either surveillance period. (*Id.*).

**c. Personal Service Is Impracticable**

Emen's publicly available professional biography on InsideHook describes him as "a nomadic travel, food and drinks journalist" who has "traveled full-time without a home base for more than five years." (Ex. E.) Given that Emen has no known fixed residence, workplace, or other physical location at which he can be reliably located and given that the only address associated with him is his parents' home—where multiple service attempts were unsuccessful—personal service is impracticable.

**II. Argument**

Federal Rule of Civil Procedure 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person." Notably, however, Rule 45 does not use the phrase "personal service"; it requires only "delivering." As the court explained in *BBK Tobacco & Foods LLP v. Skunk Inc.*, "[n]othing about Rule 45(b)(1)'s use of the phrase 'delivering a copy to the named person' mandates personal service." 2020 WL 619675, at *1 (D. Ariz. Feb. 10, 2020). While "personal service might … have been the only way to accomplish 'delivery' in an earlier era, modern technology can often perform that task just as well in today's day and age." *Id.; see also Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (observing that reading "delivering" to require personal service would render the word "personally" in Rule 4(e)(2) "pure surplusage"); 9A Arthur R. Miller, Federal Practice and Procedure § 2454 (3d ed.) (noting that "a growing number of cases have departed from the view that personal service is required").

Courts in this Circuit routinely authorize alternative service of subpoenas upon a showing that reasonable attempts at personal service have been unsuccessful (particularly when the movant is not attempting to authorize alternative service after-the-fact). *See Toni Brattin & Co. v. Mosaic Int'l, LLC*, 2015 WL 1844056, at *3 (N.D. Cal. Apr. 9, 2015) (observing that decisions requiring personal service addressed "whether to compel a witness to comply with a subpoena served by means other than personal service," which is "a slightly different situation" from a party seeking advance leave); *see also BBK Tobacco*, 2020 WL 619675, at *2 (same). "Thus, it is far from unusual for a court to authorize alternative service of a subpoena upon a party's request after that party has attempted personal service without any success." *Id.* at *3 (collecting cases).

Courts consider three factors when evaluating requests for alternative service. *See Kindermann v. Merz N. Am., Inc.*, 2026 WL 699815, at *1–2 (S.D. Cal. Mar. 12, 2026). All three weigh in United's favor.

*First*, United has diligently attempted personal service without success. Courts are "more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence." *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, at *5 (N.D. Cal. 2015).

Here, a process server or investigator was present at Emen's only confirmed address on three separate occasions—efforts comparable to those courts have found sufficient. *See Kindermann*, 2026 WL 699815, at *1 (three attempts plus surveillance); *BBK Tobacco*, 2020 WL 619675, at *1 (six attempts at two locations); *Colombia v. HSR Mgmt., Inc.*, 2025 WL 4724865, at *1 (C.D. Cal. 2025) (three attempts with access blocked); *AEG Holdco, LLC v. Vazquez*, 2022 WL 19076647, at *2 (C.D. Cal. 2022) (six attempts).

*Second*, personal service is inherently impracticable given Emen's lifestyle. Emen describes himself as a full-time traveler without a home base. His father confirmed he was not at the parents' home—the only address associated with him. Courts have authorized alternative service where a witness's circumstances render personal service "almost a practical impossibility." *Sanchez v. Am. Media, Inc.*, No. 20-cv-2924, 2022 WL 22879634, at *3 (C.D. Cal. July 14, 2022); *see also Musk v. Altman*, No. 4:24-cv-04722-YGR, Dkt. 309, at 1 (N.D. Cal. Oct. 9, 2025) (granting alternative service where "numerous good-faith attempts" at personal service were unsuccessful). That is the situation here: Emen has no known fixed residence or workplace, and repeated attempts to serve him at the only address on record have been unsuccessful. The question is not whether Emen is deliberately avoiding service—there is no evidence of that—but rather whether his itinerant lifestyle renders personal service at a fixed address impracticable. Here, it does.

*Third*, email service is reasonably calculated to ensure actual receipt. Any proposed method of service must be "reasonably calculated under all the circumstances" to provide notice and an opportunity to object. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Plaintiffs themselves identified jake.emen@gmail.com as Emen's contact email in their disclosures. Emen is a professional journalist who operates primarily online and communicates electronically as a matter of course. Email service is thus "reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *In re Delta Air Lines, Inc.*, 2023 WL 9018986, at *4 (C.D. Cal. Dec. 4, 2023); *see also BBK Tobacco*, 2020 WL 619675, at *3 (authorizing email and certified-mail service); *Kindermann*, 2026 WL 699815, at *2 (authorizing

email service); *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, 2014 WL 1877547, at *2 (N.D. Cal. May 9, 2014) (same).

**III. Proposed Method of Service**

United requests authorization to serve the subpoena to produce documents and the subpoena to testify at a deposition on Emen by: (a) emailing copies of the subpoenas, the Court's ESI Stipulated Order (Dkt. 59), and a copy of this Court's order authorizing alternative service to jake.emen@gmail.com; and (b) mailing copies of the same documents, together with the witness fees and mileage required by Rule 45(b)(1), to Emen at the Scottsdale, Arizona, address via certified mail. United requests that service be deemed complete upon transmission of the email.

This combination of email and certified mail provides multiple channels of notice and mirrors the approach courts have approved. *See BBK Tobacco*, 2020 WL 619675, at *3 (authorizing email and certified mail); *Toni Brattin*, 2015 WL 1844056, at *4 (authorizing certified mail). This determination is, of course, without prejudice to any objection or motion to quash Emen may later file.

**IV. Conclusion**

For the foregoing reasons, United respectfully requests that this Court enter the accompanying proposed order authorizing alternative service of the subpoenas on Jake Emen by email and certified mail. Additionally, in view of the upcoming fact-discovery cutoff date of September 3, 2026, United requests that the Court extend the cutoff date solely to permit United to complete service of the subpoenas, collect any documents produced by Emen, and take Emen's deposition.[1]

[1] Notwithstanding this request, United notes that its Motion is timely because Plaintiffs first disclosed Emen as a witness less than three weeks ago and because, as explained above, United's document and deposition subpoenas both called for compliance within the time period set for fact discovery in this case. *See Musk v. Altman*, No. 4:24-cv-04722-YGR, Dkt. 305, at 1 (N.D. Cal. Oct. 9, 2025) (finding motion for alternative service timely under Civil L.R. 37-3 where deposition subpoenas called for depositions before the cutoff).

Dated: August 31, 2026

Respectfully Submitted:

**RILEY SAFER HOLMES & CANCILA LLP**

By: /s/ *Sondra A. Hemeryck*

Sondra A. Hemeryck (*pro hac vice*)
Jacob L. Kahn (*pro hac vice*)
Robert P. Foley (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
shemeryck@rshc-law.com
jkahn@rshc-law.com
svogel@rshc-law.com

*Attorneys for Defendant*
UNITED AIRLINES, INC.