GREENBAUM OLBRANTZ LLP

**Casey Olbrantz**
244 Fifth Avenue, Suite C221
New York, NY 10001
casey @greenbaumolbrantz.com
(646 ) 818-0913 (Direct)

September 2, 2026 | Via ECF

Honorable James Donato
United States District Court, Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *Brenman et al. v. United Airlines, Inc.*, Case No. 3:25-cv-06995 (N.D. Cal.)**

Dear Judge Donato,

I write on behalf of the Plaintiffs in the above-captioned matter pursuant to the Court's August 28, 2026 directive (ECF 93) to file a responsive letter brief under Section 18 of the Court's Standing Order for Discovery in Civil Cases in opposition to United's August 26, 2026 letter motion (ECF 88).

## I. United Fails its Burden to Justify Third-Party Forensic Examinations of Mobile Devices

United requests an order compelling Plaintiffs to submit their phones to a "third-party forensic specialist (paid for by Plaintiffs) for imaging and extraction." It offers no legitimate basis for that highly invasive and disproportionate measure, which "is an extraordinary remedy that requires substantial support." *United States v. Cal. Inst. of Tech.*, 2020 U.S. Dist. LEXIS 266371, at *22 (C.D. Cal. Nov. 18, 2020); *Juul Labs, Inc. v. Chou*, 2022 U.S. Dist. LEXIS 100833, at *22 (C.D. Cal. Apr. 19, 2022).

Initially, United's motion rests on the false premises that "Plaintiffs unilaterally decided that they do not need to comply with [the ESI order]" and "refused United's reasonable request that Plaintiffs' phones be forensically imaged." In fact, United *agreed* in a June 25 email that Plaintiffs could produce responsive text messages, social media, and similar ESI as screenshots. Plaintiffs have no record of United even asking Plaintiffs to forensically collect phones since June 18 (*i.e.*, before the June 25 agreement). Specifically, on June 22, United asked if Plaintiffs were "using an ESI collection method … capable of preserving native files and metadata." Plaintiffs responded that for non-email ESI like "texts and social media posts," Plaintiffs "intend to produce screenshots, from which we anticipate that any materially useful metadata will be apparent from the content." United responded on June 25 by "accept[ing]" that "collection method for other data," provided Plaintiffs could "retrieve metadata at a future date, if necessary." On August 12, United identified specific documents with missing metadata and asked that they be reproduced. After the parties conferred on August 17, Plaintiffs: (1) proposed solutions for each document United identified, (2) promised to "investigate" the remainder of their production for any other metadata or technical issues, and (3) asked United to provide any "specific examples." On August 19, United claimed it "understood" that Plaintiffs "do not intend to produce an export of the metadata fields required by" the ESI Protocol. Plaintiffs responded that this was incorrect, confirmed they would cure the identified issues and reproduce any other such documents, and asked (again) if there were "any other particular documents" United "wish[ed] for Plaintiffs to reproduce." United did not respond, and filed its motion.

On top of United's agreement that Plaintiffs could produce screenshots for non-email data and its declination to engage with Plaintiffs' efforts to remedy any concerns it had, United provides no meaningful justification for forensic examinations. Its letter cites four issues, but does not even contend United currently lacks, or needs, any significant information. *First*, it asserts certain produced texts do

not reflect participant "phone numbers." For every text thread that has been produced, the dates and times are clearly identified, as is the identity of each participant. United does not contend otherwise. If United needed phone numbers, it could have simply asked counsel, and United has already deposed each Plaintiff (and two spouses), and asked clarifying questions. *Second*, United asserts that the "load files" accompanying Plaintiff Monroe's reproduced texts do not "include the metadata fields required by Appendix A," but United agreed to accept screenshots, and Plaintiffs' reproduction provided the same key metadata produced by other Plaintiffs before Monroe's deposition. Monroe's wife also produced the same texts. *Third*, United disingenuously cites Plaintiff Brenman's testimony about how *he* searched for ESI, while omitting that United knew "counsel obtained access to his email and Google drives to perform searches and extract and review documents."[1] United's broad assertions about improper manual searches are thus unsupported. *Finally*, United states that Plaintiff Pawlowski: (1) did not search her WhatsApp (but she testified that she only uses it for work, and subsequently searched it for responsive data), (2) did not "recall" searching for photos (but she had produced multiple), and (3) produced a text chain that was "cut off" (but United received that additional, insignificant message before her deposition). In any event, Pawlowski complied with United's repeated on-the-record requests to conduct live searches of her phone, and United made no follow up requests.

At most, these "issues" reflect the routine push and pull of discovery where a receiving party raises production issues and the producing party works to correct them. *Juul Labs*, 2022 U.S. Dist. LEXIS 100833, at *20-24 (noting the Rules do not "require perfection"; rejecting request for forensic examination premised on production of weMessage chats as screenshots). Indeed, United has made *42* productions, several of which resulted from deficiencies identified in depositions. And for multiple witnesses, United has produced material custodial documents on the eve of, during, or well after such witness's deposition. Yet, United asserts that the four above issues somehow reflect a "systemic failure" necessitating forensic examinations of each Plaintiff's phone. It is wrong.

To obtain a forensic examination, United had to "make a showing that the responding party engaged in misconduct," *Est. of Solis v. Cty. of Riverside*, 2025 U.S. Dist. LEXIS 44261, at *6 (C.D. Cal. Mar. 11, 2025), or show that "serious questions" exist as to "both" the "reliability" and the "completeness" of productions. *Cal. Inst. of Tech.*, 2020 U.S. Dist. LEXIS 266371, at *22. Here, United identifies no misconduct, reason to believe relevant and material ESI is missing, or grounds to conclude that produced ESI is unreliable. United does not even claim prejudice. Even apart from the serious proportionality and privacy concerns in examining a person's cell phone, United fails its burden. *Cal. Inst. of Tech.*, 2020 U.S. Dist. LEXIS 266371, at *24-28 (denying examination; movant did not "present any evidence that Defendants have not cooperated in discovery" nor "direct evidence" of "foul play or spoliation"); *Citizens Bus. Bank v. Mission Bank*, 2024 U.S. Dist. LEXIS 47697, at *21 (C.D. Cal. Mar. 15, 2024) (same; "negligence and carelessness are not equivalent to misconduct and obstruction"); *Est. of Solis*, 2025 U.S. Dist. LEXIS 44261, at *6-9 ("desire to confirm the completeness of a production is insufficient"; speculation that party deleted data "cannot justify a burdensome and intrusive search"); *S/Y Paliador, LLC v. Platypus Marine, Inc.*, 344 F.R.D. 110, 120 (W.D. Wash. 2023) (examination based on "10 screenshot[s]" of "text messages" would "be grossly disproportionate").[2]

---

**1** After United filed its letter, counsel conducted further diligence and accessed Brenman's computer backup data. They located (and promptly produced) one short 2024 text chain in which he stated, while on a United flight, that he was "Sitting by [a] blank wall again" and "should tell ual."

**2** United's cases are inapposite. *Madrigal v. Live Nation Entm't*, 2026 U.S. Dist. LEXIS 97158 (C.D. Cal. Apr. 24, 2026) (consumer fraud plaintiff testified that she shared "screenshots and text messages with family members while considering purchasing tickets from Defendants" on "five occasions,"

## II. United's Other Requests for Relief Are Unsupported, Unmerited, and Unripe

*First*, United makes generalized assertions that, outside of text messages, Plaintiffs' other productions do not contain sufficient metadata. But it gives no explanation and identifies no examples. As recounted above, after the parties' August 17 conferral, Plaintiffs re-reviewed their productions for the issues identified in United's August 12 letter. Plaintiffs identified 10 documents for reproduction and asked United to identify any others. United never responded, instead filing a letter claiming, wrongly, that Plaintiffs "are either unable or unwilling to produce documents … with the metadata required by the ESI Order." As to non-text ESI, United's contentions about metadata are unripe.

*Second*, United makes an erroneous and unsupported assertion that the "parties remain at an impasse on search terms." Based on that conclusory sentence, United requests "comprehensive searches of all relevant platforms using search terms to be agreed upon or set by the Court." To the extent there is a ripe dispute (there is not), United already raised it to the Court and lost. On June 15, Plaintiffs rejected United's proposed search terms (which included many extraneous terms like "jetblue," "southwest," and "aisle"), and stated they would use "window," "windowless," and "united." United responded that "the parties clearly disagree as to the scope of relevant documents" and raised that issue to the Court. ECF 67. The Court rejected each of United's arguments. ECF 72. Plaintiffs have no subsequent record of United raising the issue of "search terms" until August 12, when it merely asked Plaintiffs to "identify the search terms used." Plaintiffs had already provided those, and United did not ask Plaintiffs to add or expand any terms during the parties' August 17 meet-and-confer, or in related correspondence. Even if this "dispute" is properly before the Court, it is unreasonable for United to wait until the close of fact discovery to file a blunderbuss motion for new and "comprehensive" ESI searches using terms it has not even proposed. And a mere disagreement about search terms is no basis to claim Plaintiffs did not adequately search for relevant ESI. United has not even asked Plaintiffs to search for any particular type of responsive document it believes remains outstanding. Nor has United identified a missing document known to exist, deletion of responsive information, or a source Plaintiffs intentionally excluded. These circumstances belie the notion that United's request for relief is merited.

*Finally*, United's letter includes a standalone request (without supporting argument) that Plaintiffs "disclose the scope of their ESI collection for each custodian, including all data sources, devices, and search terms used." Plaintiffs have already voluntarily provided extensive information and United has exhaustively deposed each Plaintiff on these subjects. And Plaintiffs are unaware of any instance where they have refused to provide more information. United did not even request such information during the parties' August 17 conferral, nor did it subsequently send correspondence suggesting there was a ripe dispute. There is none, and United offers no valid, non-conclusory grounds to compel discovery on discovery. Plaintiffs respectfully request that United's motion be denied in full.

Respectfully Submitted:

*/s/ Casey J. Olbrantz*
Casey J. Olbrantz
*Counsel for Plaintiffs*

---

which were "highly relevant" to merits, yet plaintiff produced only one screenshot without the "date and time" and defendant agreed to pay "all" forensic costs); *Jones v. Riot Hosp. Grp. LLC*, 2022 U.S. Dist. LEXIS 153270 (D. Ariz. Aug. 24, 2022) (noting prior examination was ordered after failure to comply with order to produce ESI); *Pso-Rite.Com Ltd. Liab. Co. v. Thrival Ltd. Liab. Co.*, 2025 U.S. Dist. LEXIS 269840 (D. Colo. Dec. 23, 2025) (examination of phones of two material witnesses who produced texts as screenshots without "sender, recipient, or date and time stamp information").