RILEY SAFER HOLMES & CANCILA LLP

Sondra A. Hemeryck
312-471-8700
shemeryck@rshc-law.com

September 10, 2026

**Via ECF and Hand Delivery**
Hon. James Donato
United States District Court for the Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *Brenman, et al. v. United Airlines, Inc.*, No. 3:25-cv-06995 (N.D. Cal.)**

Dear Judge Donato:

I write on behalf of Defendant United Airlines, Inc. ("United") to raise several discovery issues on which the parties met and conferred by videoconference but were unable to reach an agreement. Excerpts of the relevant discovery requests and responses are enclosed as Exhibit A.

## I. Plaintiffs Must Produce Communications With Fact Witness Jake Emen.

On August 3, 2026, United served Plaintiffs with written discovery requests seeking communications between Plaintiffs or their counsel and journalist Jake Emen relating to the lawsuit, "windowless" window seats, or window seats with a partially obstructed view, as well as articles or media about those same topics shared by Emen. On August 10, 2026, Plaintiffs served supplemental disclosures adding Emen as a fact witness on multiple topics, including experiences with windowless window seats, disclosures, contracts, and damages. Despite having identified Emen as a witness, Plaintiffs subsequently objected to United's discovery requests as overbroad, disproportionate, irrelevant, and protected by the attorney work-product doctrine. Plaintiffs did not explain what they were withholding, did not log any of those materials, and refused to produce any documents. As detailed in United's separate, administrative motion to authorize alternative service, *see* Dkt. 101, United has attempted unsuccessfully to serve Emen with a document and deposition subpoena at his only known address.

Plaintiffs' objections to producing these materials are meritless. Emen is the only witness Plaintiffs disclosed who is not a named plaintiff or related to one. Plaintiffs clearly view his testimony as relevant, as evidenced by their inclusion of Emen in their disclosures.[1] Further, United's discovery requests were narrowly tailored to seek communications about this lawsuit or about seats without a window view. They were plainly proportional to the needs of the case.

Nor are Emen's communications with Plaintiffs' counsel protected by the attorney work-product doctrine, as Plaintiffs assert.[2] The work-product doctrine protects "from discovery

[1] During the meet-and-confer process, Plaintiffs offered to remove Emen from their disclosures if doing so would moot United's discovery requests and its efforts to serve Emen. But Plaintiffs' inclusion of Emen in their disclosures shows they believe he has relevant knowledge, and their offer to remove him in an effort to avoid producing their communications with him does not change that fact.

[2] Plaintiffs do not represent Emen and do not assert any attorney-client privilege.

documents and tangible things prepared by a party or his representative in anticipation of litigation." *S.E.C. v. Roberts*, 254 F.R.D. 371, 374 (N.D. Cal. 2008) (quoting *In re Grand Jury Subpoena,* 357 F.3d 900, 906 (9th Cir. 2004)). The doctrine is designed to shield an attorney's "thought processes and legal recommendations." *Id.* The party asserting work-product protection bears the burden of demonstrating that it applies. *Gonsalves v. Block, Inc.*, No. 25-CV-00642-NW (VKD), 2026 WL 2533150, at *2 (N.D. Cal. Aug. 27, 2026).

Plaintiffs have not met their burden to show that the work-product doctrine applies here. It is unclear how *Emen's* communications would reflect *counsel's* mental impressions, legal theories, or strategy. As a non-party witness, Emen's statements must be disclosed to United. *See Schipp v. Gen. Motors Corp.*, 457 F. Supp. 2d 917, 924 (E.D. Ark. 2006) ("Verbatim non-party witness statements are neither privileged nor work product and must be produced.").

Moreover, even if the work-product doctrine applied to Emen's communications, documents prepared in anticipation of litigation may nevertheless be produced if they are both discoverable under Rule 26(b)(1) and the requesting party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A).[3] That exception applies here. United has substantial need for the materials to prepare its case—because Emen has avoided service and, as a result, United has no insight into the testimony of one of Plaintiffs' only witnesses. Nor can United presently obtain the substantial equivalent of the communications by other means. United diligently attempted to serve Emen but has been unable to do so, and fact discovery is now closed. United at present has no way to obtain any information about the testimony of one of Plaintiffs' witnesses unless Plaintiffs produce the responsive materials in their Counsel's possession. *Cf. Hatamian v. Advanced Micro Devices, Inc.*, No. 14-CV-00226-YGR(JSC), 2016 WL 2606830, at *6 (N.D. Cal. May 6, 2016) ("Courts often find no substantial need for otherwise protected materials where the requesting party has the opportunity to depose the witness about his earlier statements."). *See also Est. of Stephen E. Crawley v. Robinson,* No. 1:13-CV-02042-LJO, 2015 WL 3849107, at *4 (E.D. Cal. June 22, 2015) (documents in a party's possession, custody, or control under Rule 34(a) "include documents under the control of the party's attorney").

Because United has a substantial need for Emen's communications and cannot presently obtain them by other means, United requests that Plaintiffs be ordered to produce them.

## II. Plaintiff Robert Monroe Must Produce His Communications With [redacted]

On August 27, Plaintiff Monroe disclosed during his deposition [redacted]

[3] Ninth Circuit courts distinguish between "fact work product" and "opinion work product." A party seeking fact work product need only show substantial need and undue hardship; a party seeking opinion work product must also show "rare and exceptional circumstances." *Tennison v. City & Cnty. of San Francisco*, 226 F.R.D. 615, 623 (N.D. Cal. 2005). At most, Emen's communications here would be fact work product.

[redacted]. Although United sought discovery of Plaintiffs' communications with third parties about this lawsuit, Monroe did not produce these emails.

Following Monroe's disclosure, United renewed its request for these communications. Plaintiffs' counsel refused to provide them. The Court should compel Plaintiffs to produce these communications. Statements by a named plaintiff (and proposed class representative) to a third party about the lawsuit are relevant and are not protected by any privilege.

**III. Plaintiffs Must Produce Communications With TopClassActions.com.**

Two of the remaining named Plaintiffs have acknowledged that they communicated with TopClassActions.com to become members of this lawsuit. Plaintiffs have refused to provide their initial submissions to TopClassActions.com based on attorney-client privilege even though that site included the following explicit disclaimer on the page soliciting comments related to "windowless window seat[s]": "Any information you submit to Top Class Actions *does not create an attorney-client relationship and may not be protected by attorney-client privilege because Top Class Actions is not a law firm*." (emphasis added).

The attorney-client privilege "protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *California v. Meta Platforms Inc.*, No. 4:23-CV-05448-YGR, 2026 WL 2547368, at *1 (N.D. Cal. Aug. 26, 2026) (quoting *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021)). The questionnaires that Plaintiffs Brenman and Pawlowski filled out on TopClassActions.com were not confidential communications between an attorney and a client—rather, Plaintiffs input information into a third-party website. They could not have reasonably believed they were consulting a lawyer, nor did they, as Brenman himself has acknowledged, consistent with the disclaimer on the TopClassActions.com website (noted above).

For these same reasons, several courts have rejected the position Plaintiffs assert here, holding that information submitted by individuals via TopClassActions.com is not protected by the attorney-client privilege. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2018 WL 611759, at *1 (S.D.N.Y. Jan. 29, 2018); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-MD-2885, 2021 WL 952315, at *6 (N.D. Fla. Mar. 12, 2021).[4]

In sum, United respectfully asks the Court to order production of Emen's communications, Monroe's communications, and Plaintiffs' initial submissions to TopClassActions.com.

Sincerely,

Sondra A. Hemeryck
*Attorney for Defendant United Airlines, Inc.*

[4] *See also Depina v. FedEx Ground Package Sys., Inc.*, 730 F. Supp. 3d 954, 956–57 (N.D. Cal. 2024) (survey that Plaintiff's counsel sent to putative class members, and responses thereto, were "obviously not a communication between an attorney and client").