GREENBAUM OLBRANTZ LLP

**Carter Greenbaum**
160 Newport Center Drive, Suite 110
Newport Beach, CA 92660
carter@greenbaumolbrantz.com
(212) 732-6837 (Direct)

September 10, 2026 | Via ECF

Honorable James Donato
United States District Court, Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *Brenman et al. v. United Airlines, Inc.*, Case No. 3:25-cv-06995 (N.D. Cal.)**

Dear Judge Donato,

Pursuant to the Court's order dated August 24, 2026 (ECF 84), Plaintiffs write to renew their request for leave to obtain targeted discovery on discovery and preservation relating to United's post-litigation deletion of ESI for two undisputedly material witnesses, Emil Iyog and Vykunthan Vishva. The parties telephonically conferred but were unable to resolve their disagreements.

On August 4, 2026, United revealed to Plaintiffs that it deleted Iyog's and Vishva's custodial ESI after this action began. On August 7, 2026, Plaintiffs requested leave to serve written discovery on discovery and conduct a related Rule 30(b)(6) deposition. ECF 77. On August 21, United filed an opposition that never contested Plaintiffs' representations about the materiality of Iyog's or Vishva's ESI or the details of United's post-litigation deletion. ECF 82. Rather, United asserted that Plaintiffs' request was "moot" because it "retrieved what it reasonably believes are all of Iyog's and Vishva's emails from July 31, 2025" and was searching an "archive backup system" for other emails from "August 2024 to July 31, 2025," and "expect[ed] that many of Iyog's and Vishva's emails will be retrieved." *Id.* On August 24, the Court issued an order stating: "United represents that it is restoring and producing the ESI from data archives," but "[i]f plaintiff Brenman believes the ESI data is incomplete in some way, he may raise the question in a new letter." ECF 84. As detailed below, United's produced ESI remains incomplete, and United refuses to provide Plaintiffs with material information concerning its ESI preservation and deletion procedures and activities. Consequently, Plaintiffs renew their request for targeted discovery on discovery and preservation, which is necessary for Plaintiffs to ascertain whether and to what extent United may have spoliated relevant evidence.

## I. Material ESI is Missing from United's Productions, Including for Two Witnesses—Who Are Undisputedly "Highly Relevant"—Whose Data Was Deleted Post-Litigation

Although discovery on discovery is disfavored, good cause may be established where the party seeking discovery "show[s] a specific deficiency in the other party's production." *Medimpact Healthcare Sys. v. Iqvia Inc.*, 2022 U.S. Dist. LEXIS 95187, at *6-8 (S.D. Cal. May 26, 2022) (compelling Rule 30(b)(6) deposition topic to "further explore Plaintiffs' ESI policies and procedures" given the "uncertainty" surrounding the "unavailability of … six emails" and party's litigation holds). *Comair Ltd. v. Boeing Co.*, 2024 U.S. Dist. LEXIS 202368, at *7-9 (W.D. Wash. Nov. 6, 2024) (compelling Rule 30(b)(6) deposition topic because movant "pointed to specific and tangible evidence of [non-movant's] failure to retain materials that are obviously relevant"). Here, at least two sets of highly relevant ESI that ought to have been preserved are missing from United's productions.

*First*, despite United's retrieval efforts, substantial ESI for Iyog and Vishva is missing. United asserts that, before its August 21 letter, it produced [redacted]" Based on its subsequent retrieval efforts, United says [redacted] United was indisputably unable to recover a significant quantity of deleted ESI from before July 31, 2025, and the documents United produced from other custodians confirm that Iyog and Vishva were working on materially relevant issues during United's one-year ESI retention period, both individually and together. *E.g.*, UNITED_0193802 [redacted]

As explained in Plaintiffs' original letter, [redacted] ECF 77 [redacted] For instance, Iyog repeatedly emailed different [redacted] *E.g.*, UNITED_00133741. In another email from early August 2025, Vishva told Matos [redacted] UNITED_00133716 (emphasis added). United did not contest the materiality of Iyog's or Vishva's roles or ESI in relation to this action (ECF 82), and later argued that the documents Plaintiffs cited "reveal substantive, commercially sensitive information relating to United's business objectives [and] strategies…." ECF 106 at 3. Thus, even the limited ESI concerning these witnesses that has been made available has proved to be both highly relevant and contrary to United's core defenses.

*Second*, United has failed to produce facially relevant instant messages from Microsoft Teams generated during United's claimed retention periods. United produced several emails reflecting multiple Teams group chats about [redacted], but only a scattering of chats has been produced. *E.g.*, UNITED_0195595 [redacted] For example, United produced several emails notifying custodians about messages on a "[redacted]

## II. The Presently Known Facts Are Concerning, and United Refuses to Provide Information on Outstanding Material Questions About Its Preservation and Restoration Efforts

As briefly explained in Plaintiffs' original letter (ECF 77), the facts known to Plaintiffs raise serious concerns about United's preservation efforts. Iyog and Vishva were long-term managers of United's efforts, [redacted]

[redacted] UNITED_0195595. [redacted]

[redacted] It is difficult to understand how these witnesses were not identified as potential custodians during that period. United has refused to disclose whether its litigation hold required recipients to identify others with potentially relevant information. Notably, [redacted] UNITED_00141909) [redacted] UNITED_0195628. It remains unclear whether United satisfied its duty to "evaluate which employees were key players at the outset of the litigation and take reasonable steps to preserve their potentially relevant ESI." *Pac. Steel Grp. v. CMC Fabricators*, 2026 U.S. Dist. LEXIS 108333, at *13 (S.D. Cal. May 15, 2026). Compounding these concerns, at some point after October 2025, United [redacted] nly after Plaintiffs raised that issue in July did United reveal, on August 4, 2026, that it had deleted their ESI. And concerning missing Teams messages, it is not clear whether United complied with its obligations in August 2025 to suspend any deletion policies.

On September 4, 2026, to avoid the need for this renewed motion, Plaintiffs asked United to provide information on several questions raised by these preservation concerns. United responded that it "is under no obligation to answer any of [Plaintiffs'] questions," and merely provided a narrative that largely recited its August 21 letter, without responding to most of Plaintiffs' questions. Thus, in the absence of discovery, Plaintiffs have no information on several material outstanding questions, such as how United initially identified key players; when counsel first learned about Iyog and Vishva and that their ESI was deleted; when and why other witnesses like Manimaran were added as custodians while Iyog and Vishva were not; why United did not attempt to recover deleted ESI before August 2026; why Teams chats are unavailable; and whether United's retention policies were in fact complied with. Courts regularly grant discovery on discovery in such situations. *Medimpact*, 2022 U.S. Dist. LEXIS 95187, at *6-8; *Comair Ltd.*, 2024 U.S. Dist. LEXIS 202368, at *7-9; *Waste Action Project v. Girard Res. & Recycling, LLC*, 2024 U.S. Dist. LEXIS 118429, at *9 (W.D. Wash. May 1, 2024) (plaintiff was "entitled to discovery on whether spoliation of [witness's] emails occurred" notwithstanding party's "reasonable steps to recover" the witness's "deleted [email] account"). For these reasons, Plaintiffs respectfully request leave to serve an additional Rule 30(b)(6) deposition topic and serve narrow written discovery concerning United's litigation hold and custodian identification practices, its data retention policies and practices, its discovery of the fact that ESI was deleted and its efforts to restore such data, and the scope of remaining alternative sources to recover lost data.

Respectfully Submitted,

*<u>/s/ Carter E. Greenbaum</u>*
Carter E. Greenbaum
*Counsel for Plaintiffs*