**RILEY SAFER HOLMES & CANCILA LLP**
SONDRA A. HEMERYCK (*pro hac vice*)
shemeryck@rshc-law.com
ELI LITOFF (*pro hac vice*)
elitoff@rshc-law.com
JAKE KAHN (*pro hac vice*)
jkahn@rshc-law.com
1 S. Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone: (312) 471-8700

STEPHEN M. HANKINS (CSB No. 154886)
shankins@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8550

**COVINGTON AND BURLING LLP**
ANDREW J. SOUKUP (*pro hac vice*)
asoukup@cov.com
One City Center
850 Tenth Street
Washington, DC 20001
Telephone: (202) 662-5066

MEGAN L. RODGERS (CSB No. 310344)
mrodgers@cov.com
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: (650) 632-4700

*Attorneys for Defendant*
UNITED AIRLINES, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARC BRENMAN, ROBERT MONROE, and CINDY PAWLOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | Case No. 3:25-cv-06995-JD<br><br>**DEFENDANT UNITED AIRLINES, INC.'S STATEMENT IN SUPPORT OF PARTIALLY SEALING DKT. 110** |

Pursuant to Civil Local Rules 79-5(f) and 79-5(c)(1), Defendant United Airlines, Inc. ("United") files this Statement in Support of Partially Sealing the redacted portions of Plaintiffs' September 10, 2026 Discovery Letter Brief, Dkt. 110 (filed under seal as Dkt. 109-3) (the "Letter Brief").

The portions of the Letter Brief Plaintiffs filed under proposed seal divulge sensitive information regarding two former United employees who are not parties to this litigation and quote or reference the contents of documents and communications produced during discovery in this litigation that are designated as "Confidential" under the parties' Stipulated Protective Order that was entered in this case, Dkt. 46. Sealing is appropriate for the at-issue portions of the Letter Brief to protect the two former United employees from unnecessary public disclosure of private employment matters and to prevent harm to United's competitive position in the airline industry that would result from the disclosure of confidential commercial information regarding United's internal operations, objectives, projects, and communications.

**LEGAL STANDARD**

Courts recognize a presumption in favor of public access to judicial records. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). The Ninth Circuit, however, carved out an exception to the compelling reason standard "for sealed materials attached to a discovery motion unrelated to the merits of a case." *Chrysler*, 809 F.3d at 1097. Under this exception, a party need only satisfy the "less exacting" good cause standard from Federal Rule of Civil Procedure 26(c)(1). *Chrysler*, 809 F.3d at 1097; *Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *1 (N.D. Cal. June 5, 2015) (in the context of non-dispositive motions, sealing is warranted when a party makes a "particularized showing" under the "good cause" standard of Rule 26). This standard requires a showing that "specific prejudice or harm" will result if the information is disclosed. *Id.* (quoting *Kamakana*, 447 F.3d at 1180, 1186). Similarly, Local Rule 79-5(b) acknowledges that sealing is appropriate when a party establishes that the document, or portions thereof, are "privileged, protectable as a trade secret or otherwise entitled to protection

under the law." *Id.* (quoting Civil L.R. 79–5(b)). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79–5(b).

## I. GOOD CAUSE EXISTS TO SEAL PORTIONS OF THE LETTER BRIEF PERTAINING TO FORMER UNITED EMPLOYEES.

Here, good cause exists to seal discrete portions of the Letter Brief that reference the circumstances surrounding the two former United employees' departure from United. The two former employees identified in Plaintiffs' Letter Brief are not parties to this lawsuit and have not consented to the public disclosure of sensitive and private employment information. Nor is the information otherwise publicly available. Specific harm would result in the public disclosure of their information. As the Court is likely aware, this litigation has been followed and reported on by media outlets and monitored by other airlines and companies connected to the aviation industry. Public disclosure of the circumstances surrounding the two former employees' departure from United could impact their employment prospects going forward and is ultimately unnecessary. It could be prevented here by maintaining the redacted portions of the Letter Brief under seal.

The interest in keeping sensitive personal information private outweighs the public's interest in access to judicial records, particularly in the context of a discovery motion, where the circumstances of their departures from United have no bearing on the merits of the case. As such, the "legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings." *Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) (granting motion to seal). Indeed, several courts in the Ninth Circuit agree, finding good cause to seal similar employment-related information. *See Seals v. Mitchell*, No. CV 04-3764 NJV, 2011 WL 1233650, at *2–3 (N.D. Cal. Mar. 30, 2011) (sealing testimony regarding employee's conduct in his personnel records to "protect [the employee] from embarrassment"); *Garvey v. Donaldson*, No. 2:26-CV-01049-CDS-MDC, 2026 WL 1383261, at *1 (D. Nev. May 15, 2026) (finding good cause to seal an employee's performance review because "an employee's personnel records and employment information are protected by the constitutional right to privacy").

United seeks to seal the following portions of the Letter Brief on this basis:

| Document | Portion(s) to Seal | Evidence Offered in Support |
|---|---|---|
| Discovery Letter Brief (Dkt. 110) | Page 2, ¶1, line 4 (last 4 words) – line 5 (first word) | Matos Decl. ¶¶ 5-10 |
| Discovery Letter Brief (Dkt. 110) | Page 3, ¶ 2, line 1 (words 4 to 9) | Matos Decl. ¶¶ 5-10 |

## II. GOOD CAUSE EXISTS TO SEAL PORTIONS OF THE LETTER BRIEF REVEALING COMMERICALLY SENSITIVE INFORMATION.

While courts begin with a "strong presumption in favor of access to court records," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), they also "remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Juicero, Inc. v. iTaste Co*., No. 17-CV-01921-BLF, 2017 WL 8294276, at *1 (N.D. Cal. June 28, 2017). Here, the Letter Brief includes specific reference to six documents United produced in discovery and designated as "Confidential" under the parties' Stipulated Protective Order, including several direct quotes from these documents. *See* Dkt. 110 at 2–3.

Specifically, Plaintiffs' Letter Brief directly quotes UNITED_00133741, UNITED_00133716, and UNITED_0195595, which are internal non-public documents and communications circulated within a discrete United business department that include internal assessments and analyses regarding United's business considerations and customer-facing initiatives.

Likewise, the Letter Brief's references to UNITED_0193802, UNITED_00141909, and UNITED_0195628 reveal substantive information regarding the operational details, strategies, and processes United deployed with respect to its customer-facing initiatives and products, the work product generated in relation to those initiatives and products, and the methods United uses to coordinate those efforts.

In sum, the quotes and information excerpted from United's internal documents and communications and referenced in the Letter Brief reveal substantive, commercially sensitive information relating to United's business objectives, strategies, and the personnel and departments involved in these efforts, as well as the time and resources it took to achieve such objectives. This

is the type of information that courts in this Circuit routinely find good cause to seal. *See, e.g.*, *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 54692, at *2 (N.D. Cal. Jan. 4, 2024) ("Good cause exists to seal confidential business information, including non-public information about a company's business strategy … and corporate structure."); *Blockchain Innovation, LLC v. Franklin Res., Inc.*, No. 21-CV-08787-TSH, 2024 WL 4394758, at *3 (N.D. Cal. Oct. 3, 2024) ("Courts regularly hold that good cause supports sealing such information because disclos[ure] … can impose harm by allowing competitors to capitalize on a business's internal business decisions."); *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) ("compelling reasons exist to seal information that may cause [a party] competitive harm if disclosed such as information about [a party's] business strategies and internal decisionmaking [and] product formulations").

United seeks to seal the following portions of the Letter Brief on this basis:

| **Document** | **Portion(s) to Seal** | **Evidence Offered in Support** |
|---|---|---|
| Discovery Letter Brief (Dkt. 110) | Page 2, ¶ 1, lines 10–12 (from "April" to "project") | Matos Decl. ¶¶ 5-10 |
| Discovery Letter Brief (Dkt. 110) | Page 2, ¶ 2, line 3 (from word 4 to "passengers") | Matos Decl. ¶¶ 5-10 |
| Discovery Letter Brief (Dkt. 110) | Page 2, ¶ 2, lines 3–5 (from "citing" to "information") | Matos Decl. ¶¶ 5-10 |
| Discovery Letter Brief (Dkt. 110) | Page 2, ¶ 2, lines 5–7 (from "United" to "area") | Matos Decl. ¶¶ 5-10 |
| Discovery Letter Brief (Dkt. 110) | Page 2, ¶ 2, lines 9–11 (from "that" to "seats") | Matos Decl. ¶¶ 5-10 |
| Discovery Letter Brief (Dkt. 110) | Page 2, ¶ 3, line 3 (words 6-11) | Matos Decl. ¶¶ 5-10 |
| Discovery Letter Brief (Dkt. 110) | Page 2, ¶ 3, lines 4–5 (from "(August" to "seats") | Matos Decl. ¶¶ 5-10 |
| Discovery Letter Brief (Dkt. 110) | Page 2, ¶ 3, lines 6–9 (from word 7 to "group") | Matos Decl. ¶¶ 5-10 |
| Discovery Letter Brief (Dkt. 110) | Page 2, ¶ 4, line 3 – Page 3, ¶ 1, lines 1–3 (from "dating" to "project") | Matos Decl. ¶¶ 5-10 |

| | | |
|---|---|---|
| Discovery Letter Brief (Dkt. 110) | Page 3, ¶ 1, lines 3–6 (from "All" to "not") | Matos Decl. ¶¶ 5-10 |
| Discovery Letter Brief (Dkt. 110) | Page 3, ¶ 2, lines 5–6 (from "their" to "filed") | Matos Decl. ¶¶ 5-10 |
| Discovery Letter Brief (Dkt. 110) | Page 3, ¶ 2, lines 6–8 (from "and" to "header") | Matos Decl. ¶¶ 5-10 |

## III. THE SEALING REQUEST IS NARROWLY TAILORED.

This request is narrowly tailored. United seeks to maintain under seal only the portions of the Letter Brief that identify unnecessary and sensitive details regarding former United employees and commercially sensitive information regarding United's operational details and business objectives.

For the foregoing reasons, United respectfully requests that the Court order the sealing of the specific portions of the Letter Brief identified herein.

Dated: September 17, 2026

Respectfully submitted,

/s/ *Sondra A. Hemeryck*

Sondra A. Hemeryck (*pro hac vice*)
Eli Litoff (*pro hac vice*)
Jake Kahn (*pro hac vice*)
Riley Safer Holmes & Cancila LLP
1 South Dearborn Street, Suite 2200
Chicago, IL 60603
Telephone: (312) 471-8700
shemeryck@rshc-law.com
elitoff@rshc-law.com
jkahn@rshc-law.com

*Attorneys for Defendant United Airlines, Inc.*

**PROOF OF SERVICE**

I hereby certify that I caused the above document to be electronically filed with the Clerk of Court using CM/ECF system, which will send notification of such filing to all counsel of record in the above-captioned matter.

Dated: September 17, 2026

By: /s/ *Sondra A. Hemeryck*
Sondra A. Hemeryck (*pro hac vice*)